UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DONALD HESS and ELIZABETH PADILLA,      Case No: 21-cv-4099
individually and on behalf of all others similarly situated,

                                        **CLASS ACTION**
                     Plaintiffs,          **COMPLAINT**

          -against-                   **JURY TRIAL DEMANDED**

BED BATH & BEYOND INC.,

                            Defendant.
-------------------------------------------------------------------------X

        Plaintiffs DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, as class representatives, by their attorneys Moser Law Firm, P.C. allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs DONALD HESS ("Hess") and ELIZABETH PADILLA ("Padilla")(Hess and Padilla collectively "Plaintiffs"), manual workers, bring this action individually against Defendant BED BATH & BEYOND INC. ("BBB") in accordance with New York Labor Law ("NYLL") for Defendant's failure to timely pay wages under NYLL § 191(1)(a).

2. Plaintiffs also bring this action on behalf of all similarly situated manual workers who furnished labor to Defendant BBB who were not timely paid wages under NYLL § 191(1)(a).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d)(2)(a).

1

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) as Defendant BBB resides in the State of New York and in the Southern District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

5. Plaintiff Hess is an individual who resides in the State of Texas.

6. Plaintiff Padilla is an individual who resides in the State of New York.

**Defendants**

7. Defendant BBB is a domestic company incorporated in New York with a principal place of business in Union, New Jersey.

8. Defendant BBB owns a chain of domestic merchandise retail stores.

## STATEMENT OF FACTS

9. During the period of 2015-2019 Plaintiff Hess was employed by Defendant BBB for approximately 3.5 years.

10. Throughout his employment with Defendant BBB, Plaintiff Hess worked in the BBB location in West Babylon, New York.

11. During his employment with Defendant BBB, Plaintiff Hess worked as a Sales Associate and then as a Replenisher.

12. While working as a Sales Associate, Plaintiff Hess walked the sales floor, rearranged merchandise, assisted customers and retrieved items from stock.

13. While working as a Replenisher, Plaintiff Hess was responsible for restocking the sales floor.  When he was not restocking the sales floor he performed the duties of a Sales Associate.

14. Throughout his employment with Defendant BBB, Plaintiff Hess spent most of his time engaged in physical labor.

15. Throughout his employment with Defendant BBB, Plaintiff Hess spent at least 25% of his working time engaged in physical labor.

16. In fact, throughout his employment with Defendant BBB, Plaintiff Hess spent at least 80% of his working time engaged in physical labor.

17. Throughout his employment with Defendant BBB, Plaintiff Hess was a manual worker.

18. Throughout his employment with Defendant BBB, Plaintiff Hess was paid approximately $11 an hour.

19. Throughout his employment with Defendant BBB, Plaintiff Hess was paid bi-weekly in violation of NYLL § 191(1)(a).

20. Plaintiff Padilla was employed by Defendant BBB from February 2003 to August 2017.

21. Throughout her employment with Defendant BBB, Plaintiff Padilla worked in the BBB location at 410 E 61st Street, New York NY 10065.

22. During her employment with Defendant BBB, Plaintiff Padilla worked as a Floor Manager.

23. While working in that capacity, Plaintiff Padilla would load and unload bins and U-boats, assemble and install fixtures, carry items and boxes, iron and steam visuals, break open and unpack boxes, set up shelves, and place items.

24. Throughout her employment with Defendant BBB, Plaintiff Padilla spent most of her time engaged in physical labor.

25. Throughout her employment with Defendant BBB, Plaintiff Padilla spent at least 25% of her working time engaged in physical labor.

26. Throughout her employment with Defendant BBB, Plaintiff Padilla was a manual worker.

27. Throughout her employment with Defendant BBB, Plaintiff Padilla was paid bi-weekly in violation of NYLL § 191(1)(a).

## CLASS ACTION ALLEGATIONS

28. All Sales Associates employed by Defendant BBB in the State of New York performed/perform the same duties as Hess.

29. All Sales Associates employed by Defendant BBB in the State of New York performed/perform duties similar to those performed by Hess.

30. All Sales Associates employed by Defendant BBB in the State of New York had/have the same job description.

31. All Sales Associates employed by Defendant BBB in the State of New York spent/spend most of their time engaged in physical labor.

32. All Sales Associates employed by Defendant BBB in the State of New York spent/spend at least 25% of their time engaged in physical labor.

33. All Sales Associates employed by Defendant BBB in the State of New York were/are manual workers.

34. All Sales Associates employed by Defendant BBB in the State of New York were/are paid on a bi-weekly basis.

35. All Replenishers employed by Defendant BBB in the State of New York performed/perform the same duties as Hess.

36. All Replenishers employed by Defendant BBB in the State of New York performed/perform duties similar to those performed by Hess.

37. All Replenishers employed by Defendant BBB in the State of New York had/have the same job description.

38. All Replenishers employed by Defendant BBB in the State of New York spent/spend most of their time engaged in physical labor.

39. All Replenishers employed by Defendant BBB in the State of New York spent/spend at least 25% of their time engaged in physical labor.

40. All Replenishers employed by Defendant BBB in the State of New York were/are manual workers.

41. All Replenishers employed by Defendant BBB in the State of New York were/are paid on a bi-weekly basis.

42. All Store Managers employed by Defendant BBB in the State of New York performed/perform the same duties as Padilla.

43. All Store Managers employed by Defendant BBB in the State of New York performed/perform duties similar to those performed by Padilla.

44. All Store Managers employed by Defendant BBB in the State of New York had/have the same job description.

45. All Store Managers employed by Defendant BBB in the State of New York spent/spend most of their time engaged in physical labor.

46. All Store Managers employed by Defendant BBB in the State of New York spent/spend at least 25% of their time engaged in physical labor.

47. All Store Managers employed by Defendant BBB in the State of New York were/are manual workers.

48. All Store Managers employed by Defendant BBB in the State of New York were/are paid on a bi-weekly basis.

49. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following class:

> (a) All Sales Associates who were/are employed by Defendant BBB in the State of New York at any time from six years prior to the filing of this complaint to the present (the "Sales Associate Class");
>
> (b) All Replenishers who were/are employed by Defendant BBB in the State of New York at any time from six years prior to the filing of this complaint to the present (the "Replenisher Class"); and
>
> (c) All Store Managers who were/are employed by Defendant BBB in the State of New York at any time from six years prior to the filing of this complaint to the present (the "Store Manager Class")(with the Sales Associate Class and the Replenisher Class, the "Classes");

50. There is diversity of citizenship between at least one class member and Defendant BBB.

51. The members of the Classes are so numerous that joinder of all members is impracticable. The members of the Classes are believed to be in excess of 2,000 individuals. The precise number of members of the Classes is known to Defendant BBB.

52. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting members of the Classes individually, namely: (1) whether the Sales Associate, Replenisher, and/or Store Manager jobs are "manual worker" positions; (2) whether the Sales Associate, Replenisher, and/or Store Manager jobs were paid on a bi-weekly basis; and (3) the damages to which members of the Classes are entitled due to Defendant BBB's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

53. The Plaintiffs' claims are typical of the claims of the Classes they seek to represent. Plaintiffs and the members of the Classes work, or have worked, in the State of New York for Defendant BBB. Plaintiffs and the members of the Classes have performed similar job duties and have spent more than 25% of their time engaged in physical labor. The Plaintiffs and the members of the Classes all enjoy the same statutory rights under NYLL § 191(1)(a) and NYLL § 198 (1-b).

54. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Classes to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Classes just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Classes. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Classes. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

55. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

56. There is no conflict between Plaintiffs and the members of the Classes.

57. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Classes have been damaged and are entitled to recovery as a result of Defendant BBB's violations of NYLL § 191(1)(a) and NYLL § 198 (1-b). Although the relative damages suffered by the individual members of the Classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Classes lack the financial resources to vigorously prosecute individual lawsuits against Defendant BBB to recover, *inter alia*, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant BBB's practices.

58. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

59. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Classes would create a risk of adjudications with respect to the individual members of the Classes that may establish incompatible standards of conduct for the parties opposing the Classes and/or that, as a practical matter, would be dispositive of the interests of the

other members of the Classes not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
### Plaintiff Hess and members of the Sales Associate Class against Defendant BBB for violations of NYLL §§ 191 and 198

60. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

61. Plaintiff Hess and the members of the Sales Associate Class were/are employed by Defendant BBB.

62. Plaintiff Hess and the members of the Sales Associate Class spent/spend most of their time engaged in physical labor.

63. Plaintiff Hess and the members of the Sales Associate Class spent/spend at least 25% of their time engaged in physical labor.

64. Plaintiff Hess and the members of the Sales Associate Class were/are manual workers as defined by the NYLL.

65. Plaintiff Hess and the members of the Sales Associate Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

66. Defendant BBB willfully failed to pay Plaintiff Hess and the members of the Sales Associate Class as frequently as required by NYLL § 191.

67. Defendant BBB willfully failed to pay wages to Plaintiff Hess and the members of the Sales Associate Class within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

68. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Sales Associate Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

69. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Classes have been damaged in an amount in excess of $5,000,000.

**SECOND CAUSE OF ACTION**
**Plaintiff Hess and members of the Replenisher Class against Defendant BBB for violations of NYLL §§ 191 and 198**

70. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

71. Plaintiff Hess and the members of the Replenisher Class were/are employed by Defendant BBB.

72. Plaintiff Hess and the members of the Replenisher Class spent/spend most of their time engaged in physical labor.

73. Plaintiff Hess and the members of the Replenisher Class spent/spend at least 25% of their time engaged in physical labor.

74. Plaintiff Hess and the members of the Replenisher Class were/are manual workers as defined by the NYLL.

75. Plaintiff Hess and the members of the Replenisher Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

76. Defendant BBB willfully failed to pay Plaintiff Hess and the members of the Replenisher Class as frequently as required by NYLL § 191.

77.     Defendant BBB willfully failed to pay wages to Plaintiff Hess and the members of the Replenisher Class within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

78.     Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Replenisher Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

79.     Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Classes have been damaged in an amount in excess of $5,000,000.

### THIRD CAUSE OF ACTION
**Plaintiff Padilla and members of the Store Manager Class against Defendant BBB for violations of NYLL §§ 191 and 198**

80.     Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

81.     Plaintiff Padilla and the members of the Store Manager Class were/are employed by Defendant BBB.

82.     Plaintiff Padilla and the members of the Store Manager Class spent/spend most of their time engaged in physical labor.

83.     Plaintiff Padilla and the members of the Store Manager Class spent/spend at least 25% of their time engaged in physical labor.

84.     Plaintiff Padilla and the members of the Store Manager Class were/are manual workers as defined by the NYLL.

85.     Plaintiff Padilla and the members of the Store Manager Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

86. Defendant BBB willfully failed to pay Plaintiff Padilla and the members of the Store Manager Class as frequently as required by NYLL § 191.

87. Defendant BBB willfully failed to pay wages to Plaintiff Padilla and the members of the Store Manager Class within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

88. Due to Defendant BBB's violations of the NYLL, Plaintiff Padilla and the members of the Store Manager Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

89. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Classes have been damaged in an amount in excess of $5,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff(s) as representatives of the Classes and counsel of record as class counsel;

c) On the first cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

d) On the second cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

e) On the third cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

f) Liquidated damages permitted pursuant to the NYLL;

g) Statutory damages permitted pursuant to NYLL;

h) Prejudgment interest;

i) Post-Judgment interest;

j) Reasonable attorneys' fees and costs of the action; and

k) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
       May 7, 2021

                                                 Respectfully Submitted,

                                                 MOSER LAW FIRM, P.C.

                                                 By: *Paul Pagano*
                                                 Steven J. Moser, Esq.
                                                 Paul A. Pagano, Esq.
                                                 *Attorneys for Plaintiffs*
                                                 5 East Main Street
                                                 Huntington, NY 11743
                                                 (516) 671-1150
                                                 paul.pagano@moserlawfirm.com