

# MOSER LAW FIRM, P.C.

631-824-0200
steven.moser@moserlawfirm.com

June 18, 2021

VIA ECF AND EMAIL TO Torres_NYSDChambers@nysd.uscourts.gov.

Judge Analisa Torres, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Hess v. Bed Bath & Beyond, Inc.,* **21-cv-4099 (AT)**

Dear Judge Torres:

     The Plaintiffs have asserted CAFA jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff submits this letter as directed by II(B) of the Court's Individual Practices in Civil Cases, to explain the basis for jurisdiction.

     In 2005, Congress enacted the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified, in part, at 28 U.S.C. § 1332(d)), which conferred federal jurisdiction over any class action involving: "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2).

*Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 142 (2d Cir. 2014).  All of the prerequisites for CAFA jurisdiction are present.

     (1) **There are at least 100 class members.**  According to information received from the New York State Department of Labor, Bed Bath & Beyond, Inc. (BBB) employed 3,726 workers on November 13, 2018 in New York.   The Plaintiff Donald Hess was a Sales Associate.  Information obtained from the named plaintiffs and current and former employees of BBB suggests that at least ½ of the total New York workforce (or 1,863 individuals) were Sales Associates who were members of the Sales Associate Class.

     (2) **The aggregate amount in controversy exceeds $5,000,000.00.**  "To establish the requisite amount in controversy for CAFA jurisdiction, the party asserting jurisdiction must "show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 142 (2d Cir. 2014).  The Plaintiffs seek liquidated damages in amount equal to the wages which were not paid within 7 days after the end of the workweek in which they were earned, as required by



NYLL § 191[1].  Since the Defendant BBB implemented a bi-weekly pay period, the first week of each pay-period was not paid in a timely fashion, and class members seek liquidated damages equal to the amount of wages earned in the first week of each bi-weekly pay period. The period covered by the complaint is from May 7, 2015 (six years prior to the date of filing) until the date on which BBB obtained permission from the New York State Department of Labor to pay less frequently than bi-weekly (November 13, 2018).

Information obtained from the named plaintiffs and current and former employees of BBB suggests that Sales Associates generally worked at least 20 hours a week.  If BBB paid these workers only the minimum wage, the total projected damages are approximately $33 million for the Sales Associate Class only as indicated by the following table.

| Year | Approx. # of Sales Associates | NYS Min. Wage[2] | Hrs Worked /Week | Weekly Wages | # Weeks Delayed | Liquidated Dgs Per Class Member | Class-Wide Liquidated Damages |
|---|---|---|---|---|---|---|---|
| 2015 | 1,863 | $ 8.75 | 20 | $175 | 17[3] | $ 2,975.00 | $ 5,542,425.00 |
| 2016 | 1,863 | $ 9.00 | 20 | $180 | 26 | $ 4,680.00 | $ 8,718,840.00 |
| 2017 | 1,863 | $ 10.00 | 20 | $200 | 26 | $ 5,200.00 | $ 9,687,600.00 |
| 2018 | 1,863 | $ 11.00 | 20 | $220 | 22[4] | $ 4,840.00 | $ 9,016,920.00 |
|  |  |  |  |  |  | TOTAL | $32,965,785.00 |

The above calculations do not include the Replenisher Class or the Store Manager Class, and therefore damages could be far in excess of the amount projected.

(3) **There is minimal diversity.**  BBB is a domestic corporation formed under the laws of the State of New York.  The headquarters of BBB are located at 650 Liberty Avenue in Union, New Jersey.  The Plaintiff Donald Hess is a citizen of the State of Texas.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

---

[1] *See Vega v. CM & Assocs. Constr. Mgmt, LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019); NYLL § 198.
[2] Minimum wage used was the minimum wage in Nassau County, although actual minimum wage could be slightly higher or lower based upon the location of employment. *See* 12 NYCRR § 142-2.1.
[3] Weeks delayed for 2015 were calculated at ½ of the bi-weekly pay periods from 5/7/2015 to 12/31/2015.
[4] Weeks delayed for 2018 were calculated at ½ of the bi-weekly pay periods from 1/1/2018 until 11/13/2018.