

**MOSER LAW FIRM, P.C.**

917-589-1479
paul.pagano@moserlawfirm.com

June 30, 2021

VIA ECF

Judge Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   ***Hess v. Bed Bath & Beyond, Inc.*, 21-cv-4099 (AT)**

Dear Judge Torres:

    This office represents the Plaintiffs in the above referenced matter.  There is an initial conference scheduled for July 7, 2021 at 10:00 a.m.  This joint letter is submitted by the parties in response to the Court's May 25, 2021 Initial Pretrial Conference Order.

**(1)   Brief statement of the case, including the factual and legal bases for the claim(s) and defense(s).**

    <u>Plaintiffs' Position</u>:

    Bed Bath & Beyond, Inc. ("BBB") operates a "chain of domestic merchandise retail stores."  Compl. (ECF No. 1), at ¶ 8.  Donald Hess and Elizabeth Padilla bring this case individually and on behalf of classes of individuals employed by BBB in the State of New York pursuant to New York Labor Law ("NYLL") §§ 191(1)(a) and 198.  Plaintiffs allege that they and others similarly situated were "manual workers" who were entitled to be paid all wages on a weekly basis and within 7 days after the end of the workweek in which such wages were earned under NYLL § 191(1)(a).  Plaintiffs allege that they were not paid weekly and were not paid all wages within 7 days after the end of the workweek in which such wages were earned as required by NYLL § 191.  According to documents obtained from the Department of Labor, BBB employed at least 3,726 individuals in the State of New York during the relevant time period.

    *Vega v. CM & Assoc. Constr. Mgt., L.L.C.*, 175 A.D.3d 1144 (1st Dep't Sept. 10, 2019), held that a private right of action exists for violations of the timely wage payment provisions of NYLL § 191, the remedies for which, including liquidated damages, are provided by NYLL § 198(1-a).  *Vega*, 175 A.D.3d at 1146-47.  Post *Vega,* District Courts within the Second Circuit have uniformly agreed that an employee who is not paid wages in the time required by NYLL § 191 may sue for liquidated damages under NYLL § 198.  *Sorto v. Diversified Maint. Sys.*, No. 20-cv-1302 (JS)(SIL), 2020 U.S. Dist. LEXIS 216328, at *7 (E.D.N.Y. Nov. 15, 2020) (Locke, M.J.) report and recommendation adopted by 20-cv1302 (Dec. 28, 2020)(DE 30)(Seybert, J.);



MOSER LAW FIRM, P.C.

_____
June 30, 2021
Page 2 of 4

Quintanilla v. Kabco Pharmaceuticals Inc., 19-CV-06752 (June 30, 2020)(DE 27)(Chen, J.); *Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2020 U.S. Dist. LEXIS 67074, at *15 (S.D.N.Y. Apr. 16, 2020) (Abrams, J.) (denying motion to dismiss claims for delayed wages under § 191); *Perez v. Comhar Grp. L.L.C.*, No. 19-CV-0964 (FB) (JO), 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020) (Orenstein, M.J.) ("Courts in this district have found that there is an implied right of action for a violation of NYLL § 191(1) utilizing the damages provision at NYLL § 198.") report and recommendation adopted by No. 19-CV-964, 2020 U.S. Dist. LEXIS 49986, at *1 (E.D.N.Y. Mar. 23, 2020)(Block, J.); *Duverny v. Hercules Med. P.C.*, No. 18cv07652, 2020 U.S. Dist. LEXIS 37547, at *13 (S.D.N.Y. Mar. 3, 2020)(Cote, J.)(citing *Vega* for the proposition that "[t]he remedies available through § 198(1-a) apply to employees bringing claims under § 191.").

An employer may apply for a waiver from the weekly payment provisions of NYLL § 191(1)(a).  Records obtained from the New York State Department of Labor show that BBB did not obtain permission to pay manual workers every other week until November 13, 2018.

Defendant's Position:

Defendant disagrees with Plaintiff's characterization of both the facts and law.  Putative class representative Padilla held a managerial position at Bed Bath & Beyond as an Overnight Department Manager who was not a "manual worker" pursuant to NYLL § 191.

In addition, Plaintiffs have not adequately pleaded in the Complaint that they have Article III standing.  Ultimately, Plaintiffs allege they were paid a week late for about half of their paychecks, but do not contend they were ever denied their earned wages as a result.  The Complaint does not allege any other wage violation or underpayment.  Plaintiffs have not alleged any "injury in fact," which is the first and most necessary component to have standing to bring claims in Federal Court.  *See Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 434 (S.D.N.Y. 2015) ("the Court is not aware of (and Plaintiffs do not cite) any authority suggesting that a state legislature can confer Article III standing upon a plaintiff who suffers no concrete harm merely by authorizing a private right of action based on a bare violation of a state statute.").

The *Vega* decision referenced by Plaintiffs above was wrongly decided, and is not binding on this Court. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (federal courts are "not strictly bound by state intermediate appellate courts") (internal quotation marks and citations omitted); *Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co.*, 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020) ("Decisions of a state's intermediate and lower courts are not binding on the federal courts.").  Instead, federal courts can "look to" the decisions of the intermediate appellate courts "**unless** convinced by other persuasive data that the highest court of the state would decide otherwise." Licci, 739 F.3d at 48 (internal quotation marks and citation omitted) (emphasis added)



MOSER LAW FIRM, P.C.

_____
June 30, 2021
Page 3 of 4

  Other courts in the Second Circuit have not, as Plaintiffs suggest "uniformly agreed" that *Vega* was properly decided or that it should control.  *See Mabe v. Wal-Mart Assocs.*, No. 1:20-cv-00591, 2021 U.S. Dist. LEXIS 50954, at *9 (N.D.N.Y. Mar. 18, 2021) (McAvoy, J.) (allowing defendant to renew motion to dismiss after it raised new arguments in a reply brief).

  More generally, other courts in New York State have specifically declined to follow the *Vega* decision.  *See* <u>Phillips v. Max Finkelstein, Inc.</u>, 115 N.Y.S.3d 866, 867 (N.Y. Co. Ct. 2019).  In addition, the Second Department has heard the appeal of the *Max Finkelstein* case, which may well indeed create a Departmental split (though, in reality, the Second Department has already opined on this issue in <u>IKEA U.S. Inc. v. Industrial Board of Appeals</u>, 660 N.Y.S.2d 585 (2d Dep't 1997)).

  Lastly, any application to the Department of Labor for a pay frequency waiver has no bearing on whether it had an obligation to pay its employees weekly.  And, as the Court is well aware, subsequent remedial measures are not an admission of liability.

(2)  **Any contemplated motions.**

  Plaintiffs' Position:

  Defendant has advised that Plaintiff Padilla's job title in the complaint is incorrect and that she was an "Overnight Department Manager" (as opposed to a "Floor Manager") and that Defendant will be confirming Plaintiff Hess' job titles.  Once Defendant furnishes Plaintiffs with what Defendant believes to be Plaintiff Hess' job titles, Plaintiffs' counsel will confer with Plaintiffs and determine if the complaint needs to be amended.  If so, Plaintiffs will attempt to stipulate with Defendant to amend the complaint to reflect different job title(s).  If Defendant refuses to consent, Plaintiffs will have to move to amend.

  Plaintiffs also anticipate making motions for class certification and summary judgment.

  Defendant's Position:

  Pursuant to the Court's Individual Practices IIIA.i., Defendant intends to seek permission to file a Motion to Dismiss under FRCP 12(b)(1) and 12(b)(6).  Likewise, were the case to progress to such a stage, Defendant would anticipate seeking permission to make a motion for summary judgment at the appropriate time.



MOSER LAW FIRM, P.C.

_____
June 30, 2021
Page 4 of 4

(3)  **Prospect for settlement.**

<u>Plaintiffs' Position:</u>

Plaintiffs are open to having a settlement discussion and/or mediation after receiving targeted discovery, either formally or informally, sufficient to evaluate the strengths of the merits of the class claims and ascertain class damages.

<u>Defendant's Position:</u>

Defendant is open to having a settlement discussion and/or mediation on the Plaintiffs' proposed timeline, but believe that should not occur until after the close of discovery.

Respectfully submitted,

*Paul Pagano*

`          Paul A. Pagano