USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONALD HESS and ELIZABETH PADILLA,
individually and on behalf of all others similarly situated,

                              Plaintiffs,

          -against-

BED BATH & BEYOND INC,

                              Defendant.
-----------------------------------------------------------------------X

Case No: 21-cv-4099 (AT)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

ANALISA TORRES, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is to be tried to a jury.

3. Defendant has advised that Plaintiff Padilla's job title in the complaint is incorrect and that she was an "Overnight Department Manager" (as opposed to a "Floor Manager") and that Defendant will be confirming Plaintiff Hess' job titles. Once Defendant furnishes Plaintiffs with what Defendant believes to be Plaintiff Hess' job titles, Plaintiffs' counsel will confer with Plaintiffs and determine if the complaint needs to be amended. If so, Plaintiffs will attempt to stipulate with Defendant to amend the complaint to reflect different job title(s). If Defendant refuses to consent, Plaintiffs will have to move to amend. Further, the instant action has been pled as a class action. Plaintiffs will seek to move to amend the pleadings/add additional parties/for class certification at the appropriate times.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order.

5. All fact discovery shall be completed no later than November 4, 2021.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by July 28, 2021;

    b. Interrogatories to be served by July 28, 2021;

    c. Depositions to be completed by October 31, 2021; and

    d. Requests to Admit to be served no later than October 1, 2021.

    7.   a. All _expert_ discovery shall be completed no later than December 19, 2021.
        b.   No later than thirty (30) days prior to the date in paragraph 5, _i.e._ the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

    8.   All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions _in limine_ may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 7, i.e., the close of expert discovery.

    9.   All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

    10.  a.  Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

Plaintiffs are willing to engage in an informal exchange of information in aid of an early settlement.

Defendant is willing to engage in alternative dispute resolution after the close of fact discovery.

    b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

Plaintiffs are willing to utilize any of the proposed methodologies once it has sufficient information to evaluate the strengths of the merits of the class claims and ascertain class damages.

Defendant is willing to participate in a conference before a magistrate judge or the District's Mediation Program to the extent there is an appropriate time upon the agreement of both parties, but not before the end of discovery.

c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

Plaintiffs are willing to utilize any of the proposed methodologies once it has sufficient information to evaluate the strengths of the merits of the class claims and ascertain class damages. Plaintiffs are willing to utilize the methodologies anytime after it receives the necessary information whether that be through an informal exchange of information or formal discovery.

Defendant proposes that ADR be conducted after the close of fact discovery.

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later, unless the Court grants either Party the right to file a dispositive motion, in which case the pretrial submission date will occur 30 days following the decision on any dispositive motion). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 10 days.

13. Other items, including those in Rule 26(f)(3)

Plaintiffs propose that there be immediate class wide discovery.

Defendant proposes a phased discovery schedule, commencing with discovery for the named Plaintiffs, followed-by limited discovery for purposes of class certification motion practice, and thereafter, if a class is certified, class-wide discovery.

The parties are willing to work together to negotiate a confidentiality agreement and ESI protocol. However, to the extent the parties cannot agree, Plaintiffs reserve their right to dictate the method of production and Defendant reserves its right to object to same.

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. **The initial pretrial conference scheduled for July 7, 2021, is ADJOURNED** *sine die.*

15. The next Case Management Conference is scheduled for **November 22, 2021**, at **10:20 a.m.**

16. The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of expert discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: July 6, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge