UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONALD HESS and ELIZABETH PADILLA,     Case No: 21-cv-4099
individually and on behalf of all others similarly situated,

                                                                     **FIRST AMENDED CLASS
                                                                     ACTION COMPLAINT**

                                 Plaintiffs,
           -against-                                    **JURY TRIAL DEMANDED**

BED BATH & BEYOND INC.,

                                 Defendant.
------------------------------------------------------------------------X

         Plaintiffs DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, as class representatives, by their attorneys Moser Law Firm, P.C. allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

         1. Plaintiffs DONALD HESS ("Hess") and ELIZABETH PADILLA ("Padilla")(Hess and Padilla collectively "Plaintiffs"), bring this action individually against Defendant BED BATH & BEYOND INC. ("BBB") in accordance with New York Labor Law ("NYLL") for Defendant's failure to timely pay wages under NYLL § 191(1)(a).

         2. Plaintiffs also bring this action on behalf of all similarly situated manual workers who furnished labor to Defendant BBB who were not timely paid wages under NYLL § 191(1)(a).

         3. The "relevant time period" is the six-year period preceding the filing of the initial complaint (May 7, 2021) until November 12, 2018.

## JURISDICTION AND VENUE

         4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d)(2)(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) as Defendant BBB resides in the State of New York and in the Southern District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

6. Plaintiff Hess is an individual who resides in the State of Texas.

7. Plaintiff Padilla is an individual who resides in the State of New York.

**Defendants**

8. Defendant BBB is a domestic company incorporated in New York with a principal place of business in Union, New Jersey.

9. Defendant BBB owns a chain of domestic merchandise retail stores.

## STATEMENT OF FACTS

10. During the period of 2015-2019 Defendant BBB employed Plaintiff Hess for approximately 3.5 years.

11. Throughout his employment with Defendant BBB, Plaintiff Hess worked in the BBB location in West Babylon, New York.

12. During his employment with Defendant BBB, Plaintiff Hess worked as a "Stock Associate" also known as a "Retail Stock Associate" (hereinafter "Retail Stock Associate") and a "Sales Associate" also known as a "Retail Sales Associate" (hereinafter "Retail Sales Associate").[1]

---

[1] Defendant, through counsel, has represented that Plaintiff Hess' official job titles were "Stock Associate" (which later became "Retail Stock Associate") and "Sales Associate" (which later became "Retail Sales Associate"). To the extent discovery reveals that Hess held job titles other

13. While working as a Retail Stock Associate, Plaintiff Hess walked the sales floor, rearranged merchandise, assisted customers and/or retrieved items from stock.

14. While working as a Retail Sales Associate, Plaintiff Hess walked the sales floor, rearranged merchandise, assisted customers and/or retrieved items from stock.

15. Throughout his employment with Defendant BBB, Plaintiff Hess spent most of his time engaged in physical labor.

16. Throughout his employment with Defendant BBB, Plaintiff Hess spent at least 25% of his working time engaged in physical labor.

17. In fact, throughout his employment with Defendant BBB, Plaintiff Hess spent at least 80% of his working time engaged in physical labor.

18. Throughout his employment with Defendant BBB, Plaintiff Hess was a manual worker.

19. Throughout his employment with Defendant BBB, Plaintiff Hess was paid approximately $11 an hour.

20. Throughout Hess' employment with BBB, BBB did not pay Plaintiff Hess weekly.

21. Throughout Hess' employment with BBB, BBB paid Plaintiff Hess bi-weekly (every two weeks).

22. Throughout Hess' employment, BBB paid Hess the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

---

than "Stock Associate," "Sales Associate," "Retail Stock Associate," or "Retail Sales Associate," during the relevant time period, all references to the foregoing titles in this complaint are deemed to include all job titles held by Hess at any time during the relevant time period.

23. BBB was not authorized by the commissioner of the New York State Department of Labor to pay Hess less frequently than weekly prior to November 13, 2018.

24. Plaintiff Padilla was employed by Defendant BBB from February 2003 to August 2017.

25. Throughout her employment with Defendant BBB, Plaintiff Padilla worked in the BBB location at 410 E 61st Street, New York NY 10065.

26. During her employment with Defendant BBB, Plaintiff Padilla worked as an Overnight Department Manager.[2]

27. While working in that capacity, Plaintiff Padilla would load and unload bins and U-boats, assemble and install fixtures, carry items and boxes, iron and steam visuals, break open and unpack boxes, set up shelves, and place items.

28. Throughout her employment with Defendant BBB, Plaintiff Padilla spent most of her time engaged in physical labor.

29. Throughout her employment with Defendant BBB, Plaintiff Padilla spent at least 25% of her working time engaged in physical labor.

30. Throughout her employment with Defendant BBB, Plaintiff Padilla was a manual worker.

31. Throughout Padilla's employment with BBB, BBB did not pay Plaintiff Padilla weekly.

---

[2] Defendant, through counsel, has represented that Plaintiff Padilla's official job title was "Overnight Department Manager." To the extent discovery reveals that Padilla held job titles other than "Overnight Department Manager", all references to "Overnight Department Manager(s)" in this complaint are deemed to include all job titles held by Padilla at any time during the relevant time period.

32. Throughout Padilla's employment with BBB, BBB paid Plaintiff Padilla bi-weekly (every two weeks).

33. Throughout Padilla's employment, BBB paid Padilla the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

34. BBB was not authorized by the commissioner of the New York State Department of Labor to pay Padilla less frequently than weekly prior to November 13, 2018.

## CLASS ACTION ALLEGATIONS

35. During the period beginning six years prior to the filing of the initial complaint (May 7, 2021) until November 12, 2018 (the "relevant time period"), BBB employed Retail Stock Associates and Retail Sales Associates other than Plaintiff Hess.

36. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the period beginning six years prior to the filing of the initial complaint (May 7, 2021) until November 12, 2018 (the "relevant time period") performed the same duties as Hess.

37. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period performed duties similar to those performed by Hess.

38. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period had the same job description.

39. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period spent most of their time engaged in physical labor.

40. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period spent at least 25% of their time engaged in physical labor.

41. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period were manual workers.

42. All Retail Sales Associates and Retail Stock Associates employed by Defendant BBB in the State of New York during the relevant time period were not paid weekly.

43. During the relevant time period, BBB paid all Retail Sales Associates and Retail Stock Associates bi-weekly (every two weeks).

44. During the relevant time period, BBB paid all Retail Sales Associates and Retail Stock Associates the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

45. During the relevant time period, BBB employed Overnight Department Managers other than Plaintiff Padilla.

46. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period performed the same duties as Padilla.

47. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period performed duties similar to those performed by Padilla.

48. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period had the same job description.

49. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period spent most of their time engaged in physical labor.

50. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period spent at least 25% of their time engaged in physical labor.

51. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period were manual workers.

52. All Overnight Department Managers employed by Defendant BBB in the State of New York during the relevant time period were not paid weekly.

53. During the relevant time period, BBB paid all Overnight Department Managers bi-weekly (every two weeks).

54. During the relevant time period, BBB paid all Overnight Department Managers the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

55. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following classes:

(a) All Retail Stock Associates who were employed by Defendant BBB in the State of New York at any time during the relevant time period (the "Retail Stock Associate Class");

(b) All Retail Sales Associates who were employed by Defendant BBB in the State of New York at any time during the relevant time period (the "Retail Sales Associate Class");

(c) All Overnight Department Managers who were employed by Defendant BBB in the State of New York at any time during the relevant time period (the "Overnight Department Manager Class")(with the Retail Stock Associate Class and the Retail Sales Associate Class, the "Classes");

56. There is diversity of citizenship between at least one class member and Defendant BBB.

57. The members of the Retail Stock Associate Class and Retail Sales Associate Class are so numerous that joinder of all members is impracticable. The members of the Retail Stock Associate Class and Retail Sales Associate Class are believed to be in excess of 1,000 individuals. The precise number of members of the Retail Stock Associate Class and Retail Sales Associate Class are known to Defendant BBB.

58. There are at least 40 members of the Retail Stock Associate Class and Retail Sales Associate Class.

59. Common questions of law and fact exist as to the Retail Stock Associate Class and Retail Sales Associate Class that predominate over any questions only affecting members of the Classes individually, namely: (1) whether the Retail Stock Associate class members and Retail Sales Associate class members were "manual workers"; (2) whether the Retail Stock Associate Class and Retail Sales Associate Class were paid on a weekly basis, (3) whether BBB paid the Retail Stock Associate Class and Retail Sales Associate Class the wages earned in the first week of each bi-weekly pay period later than seven days after the end of the week in which such wages were earned; and (4) the damages to which members of the Retail Stock Associate Class and Retail Sales Associate Class are entitled due to Defendant BBB's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

60. The members of the Overnight Department Manager Class are so numerous that joinder of all members is impracticable. The members of the Overnight Department Manager Class are believed to be in excess of 500 individuals. The precise number of members of the Overnight Department Manager Class is known to Defendant BBB.

61. There are at least 40 members of the Overnight Department Manager Class.

62. Common questions of law and fact exist as to the Overnight Department Manager Class that predominate over any questions only affecting members of the Class individually, namely: (1) whether the Overnight Department Manager class members were "manual workers"; (2) whether the Overnight Department Manager Class was paid on a weekly basis, (3) whether BBB paid the Overnight Department Manager Class the wages earned in the first week of each bi-weekly pay period later than seven days after the end of the week in which such wages were earned; and (4) the damages to which members of the Overnight Department Manager Class are entitled due to Defendant BBB's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

63. The Plaintiffs' claims are typical of the claims of the Classes they seek to represent. Plaintiffs and the members of the Classes work, or have worked, in the State of New York for Defendant BBB. Plaintiffs and the members of the Classes have performed similar job duties and have spent more than 25% of their time engaged in physical labor. The Plaintiffs and the members of the Classes all enjoy the same statutory rights under NYLL § 191(1)(a) and NYLL § 198 (1-b).

64. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Classes to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Classes just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Classes. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Classes. Plaintiffs understand that in order to provide adequate

representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

65. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

66. There is no conflict between Plaintiffs and the members of the Classes.

67. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Classes have been damaged and are entitled to recovery as a result of Defendant BBB's violations of NYLL § 191(1)(a) and NYLL § 198 (1-b). Although the relative damages suffered by the individual members of the Classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Classes lack the financial resources to vigorously prosecute individual lawsuits against Defendant BBB to recover, *inter alia*, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant BBB's practices.

68. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

69. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Classes would create a risk of adjudications with respect to the individual members of the Classes that may establish incompatible standards of conduct for the parties

10

7074733.1

opposing the Classes and/or that, as a practical matter, would be dispositive of the interests of the other members of the Classes not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

### FIRST CAUSE OF ACTION
### Plaintiff Hess and members of the Retail Stock Associate Class against Defendant BBB for violations of NYLL §§ 191 and 198

70. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

71. Plaintiff Hess and the members of the Retail Stock Associate Class were/are employed by Defendant BBB.

72. Plaintiff Hess and the members of the Retail Stock Associate Class spent/spend most of their time engaged in physical labor.

73. Plaintiff Hess and the members of the Retail Stock Associate Class spent/spend at least 25% of their time engaged in physical labor.

74. Plaintiff Hess and the members of the Retail Stock Associate Class were/are manual workers as defined by the NYLL.

75. Plaintiff Hess and the members of the Retail Stock Associate Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

76. Defendant BBB failed to pay Plaintiff Hess and the members of the Retail Stock Associate Class weekly as required by NYLL § 191.

77. Defendant BBB failed to pay wages earned by Plaintiff Hess and the members of the Retail Stock Associate Class for the first workweek of each bi-weekly pay period within

seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

78. Plaintiff Hess and the members of the Retail Stock Associate Class were injured and harmed by Defendant BBB's violation of NYLL § 191 as, inter alia, they were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money. In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiffs and the members of the Retail Stock Associate Class are entitled to liquidated damages in the amount of the late paid wages.

79. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Retail Stock Associate Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

80. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Classes have been damaged in an amount in excess of $5,000,000.

**SECOND CAUSE OF ACTION**
**Plaintiff Hess and members of the Retail Sales Associate Class against Defendant BBB for violations of NYLL §§ 191 and 198**

81. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

82. Plaintiff Hess and the members of the Retail Sales Associate Class were/are employed by Defendant BBB.

83. Plaintiff Hess and the members of the Retail Sales Associate Class spent/spend most of their time engaged in physical labor.

84. Plaintiff Hess and the members of the Retail Sales Associate Class spent/spend at least 25% of their time engaged in physical labor.

85. Plaintiff Hess and the members of the Retail Sales Associate Class were/are manual workers as defined by the NYLL.

86. Plaintiff Hess and the members of the Retail Sales Associate Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

87. Defendant BBB failed to pay Plaintiff Hess and the members of the Retail Sales Associate Class weekly as required by NYLL § 191.

88. Defendant BBB failed to pay wages earned by Plaintiff Hess and the members of the Retail Sales Associate Class for the first workweek of each bi-weekly pay period within seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

89. Plaintiff Hess and the members of the Retail Sales Associate Class were injured and harmed by Defendant BBB's violation of NYLL § 191 as, inter alia, they were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money.  In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiffs and the members of the Retail Sales Associate Class are entitled to liquidated damages in the amount of the late paid wages.

90. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Retail Sales Associate Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

91. Due to Defendant BBB's violations of the NYLL, Plaintiff Hess and the members of the Classes have been damaged in an amount in excess of $5,000,000.

**THIRD CAUSE OF ACTION**
**Plaintiff Padilla and members of the Overnight Department Manager Class against Defendant BBB for violations of NYLL §§ 191 and 198**

92. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

93. Plaintiff Padilla and the members of the Overnight Department Manager Class were/are employed by Defendant BBB.

94. Plaintiff Padilla and the members of the Overnight Department Manager Class spent/spend most of their time engaged in physical labor.

95. Plaintiff Padilla and the members of the Overnight Department Manager Class spent/spend at least 25% of their time engaged in physical labor.

96. Plaintiff Padilla and the members of the Overnight Department Manager Class were/are manual workers as defined by the NYLL.

97. Plaintiff Padilla and the members of the Overnight Department Manager Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

98. Defendant BBB failed to pay Plaintiff Padilla and the members of the Overnight Department Manager Class weekly as required by NYLL § 191.

99. Defendant BBB failed to pay wages earned by Plaintiff Padilla and the members of the Overnight Department Manager Class for the first workweek of each bi-weekly pay period within seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

100. Plaintiff Padilla and the members of the Overnight Department Manager Class were injured and harmed by Defendant BBB's violation of NYLL § 191 as, inter alia, they

were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money. In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiffs and the members of the Overnight Department Manager Class are entitled to liquidated damages in the amount of the late paid wages.

101. Due to Defendant BBB's violations of the NYLL, Plaintiff Padilla and the members of the Overnight Department Manager Class are entitled to recover from Defendant BBB liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

102. Due to Defendant BBB's violations of the NYLL, Plaintiff Padilla and the members of the Classes have been damaged in an amount in excess of $5,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff(s) as representatives of the Classes and counsel of record as class counsel;

c) On the first cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

d) On the second cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

e)  On the third cause of action, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

f)  Liquidated damages permitted pursuant to the NYLL;

g)  Statutory damages permitted pursuant to NYLL;

h)  Prejudgment interest;

i)  Post-Judgment interest;

j)  Reasonable attorneys' fees and costs of the action; and

k)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
       September 8, 2021

                                                    Respectfully Submitted,

                                                    MOSER LAW FIRM, P.C.

By: *Paul Pagano*
                                                    Steven J. Moser, Esq.
                                                    Paul A. Pagano, Esq.
                                                    *Attorneys for Plaintiffs*
                                                    5 East Main Street
                                                    Huntington, NY 11743
                                                    (516) 671-1150
                                                    paul.pagano@moserlawfirm.com