

EPSTEIN
BECKER
GREEN

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

September 22, 2021

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007

      Re:    *Hess and Padilla v. Bed Bath & Beyond. Inc.*
                Index No. 1:21-cv-4099-AT

Dear Judge Torres:

      We represent Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond" or "Defendant") in this matter.  We write pursuant to your Honor's Individual Practices III(A) for permission to file a Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs on September 9, 2021 (ECF#19).  Pursuant to your Honor's Individual Practices III(B), Defendant sent a pre-motion letter to Plaintiffs on September 13, 2021 regarding deficiencies with the FAC.  Plaintiffs responded on September 16, 2021, which did not adequately address the fatal deficiencies in the FAC.

      By way of background, Plaintiffs filed their initial Complaint on or around May 7, 2021. Early in the litigation, Defendant informed Plaintiffs that the job titles pleaded in the original Complaint were not accurate. On July 19, 2021, Defendant sent Plaintiffs a pre-motion letter pursuant to Your Honor's Individual Practices III(B).  On July 23, 2021, Plaintiffs responded by letter, signaling their intention to amend the Complaint to address the inaccuracies with respect to the alleged job titles, and to address certain other issues that Defendant raised in its July 19 letter, which we describe below. Plaintiffs filed their Amended Complaint; however, the amendments fall short of fully addressing the deficiencies raised in Defendant's July 19 and September 13 letters.  As such, Defendant respectfully requests that the Court permit it to move to dismiss the FAC on two separate grounds: (1) Plaintiffs have failed to sufficiently allege Article III standing of an injury in fact; and, (2) Plaintiffs may not pursue a private right of action pursuant to the New York Labor Law ("NYLL") § 191.

### Failure to Sufficiently Plead Article III Standing

      Plaintiffs have not sufficiently pleaded in the FAC that they maintain Article III standing, which requires Plaintiffs to demonstrate: (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a likelihood that the injury 'will be

redressed by a favorable decision.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs have not satisfied the first element of this test because they have not alleged any "injury in fact." *See Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 434 (S.D.N.Y. 2015) ("the Court is not aware of (and Plaintiffs do not cite) any authority suggesting that a state legislature can confer Article III standing upon a plaintiff who suffers no concrete harm merely by authorizing a private right of action based on a bare violation of a state statute.").

The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* "[U]nder Article III, an injury in law is not an injury in fact." *Id.*

The FAC does not allege any such injury in fact, i.e. a non-payment or underpayment of wages, or any other wage-related violation. Rather, Plaintiffs allege only that they were paid a week late for a portion of their bi-weekly paychecks. *See* FAC ¶¶ 21, 32 (ECF #19). Indeed, the only purported "harm" or "injury" as alleged in the FAC is that Plaintiffs "were [] deprived of the timely receipt and ability to use their money." *See* FAC ¶ 78. This allegation, however, is merely parroting the same alleged statutory violation, not a factual injury-in-fact. Thus, Plaintiffs have not adequately pleaded standing for purposes of pursuing a claim in federal court. While Defendant again offered to meet and confer with Plaintiffs over this deficiency, Plaintiffs continue to contend (in their September 16) that their Amended Complaint is sufficient, as it has already been "implicitly recognized" by other Courts such that it is a settled issue. None of the cases Plaintiffs cite to, however, have *explicitly* (or implicitly) ruled on this issue.

Further, to the extent Plaintiffs insist on bringing this claim on a class-wide basis, they are attempting an end run around what is otherwise an impermissible action in state court as their NYLL 191 claim for solely liquidated damages is barred (as there has been no alleged under- or non-payment of wages). Under the New York Civil Practices and Rules, Section 901(b), Plaintiffs cannot maintain a class action for a penalty, as is alleged here in the FAC, which seeks "liquidated damages" (¶¶ 78, 89). ("Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."). Federal district court is not, however, available to them either, as they are unable to plead any factual injury, other than a pro forma technical violation of the NYLL, which, as explained above, is not sufficient to confer Article III standing.

### NYLL § 191 Does Not Confer Upon Plaintiffs A Private Right of Action

Defendant intends to move to dismiss the FAC because NYLL § 191 does not provide a private right of action to Plaintiffs, which is clear from the text of the statute and its legislative history. Prior to the decision from the First Department in *Vega v. CM & Assoc. Constr. Mgt., L.L.C.*, 175 A.D.3d 1144 (1st Dep't Sept. 10, 2019), the majority of courts to have considered the issue found there was not a private right of action. *See Coley v. Vannguard Urban Improvement Ass'n*, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (denying liquidated damages for late wages under § 191 because § 198 does not provide remedy); *Belizaire v. RAV Investigative and*

The Honorable Analisa Torres
Page 3

*Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014) (noting that § 198's liquidated damages provision "is geared to afford relief for unpaid wages, not for late-paid wages"); *Hussain v. Pakistan Int'l Airlines Corp.*, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (§ 198 provides liquidated damages for "underpayment of wages" but not for "private recovery" for "technical violations" of pay frequency requirements).

While Plaintiffs cite to recent federal case law finding a private right of action post-*Vega*, the courts that rendered decisions in such cases failed to provide any analysis of the issue that would persuasively call into doubt the clear text and legislative history that makes clear that employees cannot pursue a claim for liquidated damages on account of alleged late (but ultimately fully paid) wages.

Further, the *Vega* decision is not binding on this court, and the more persuasive analysis of the statute, as well as the statutory history, leads to the result that there is no private right of action.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

/s/ *Jeffrey H. Ruzal*

Jeffrey H. Ruzal

cc:   Paul Pagano, Esq. and Steven Moser, Esq.  (<u>via</u> ECF)

Firm:53335890