

MOSER LAW FIRM, P.C.

Steven J. Moser
631-824-0200
steven.moser@moserlawfirm.com

October 11, 2021

<u>VIA ECF</u>

The Honorable Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007

Re:     ***Hess, et. al. v. Bed Bath & Beyond, Inc.,* 21-cv-4099 (AT)**

Dear Judge Torres:

Plaintiffs hereby submit this letter pursuant to Your Honor's Individual Practices II(C) regarding Discovery Disputes.  Defendant Bed Bath & Beyond, Inc. has objected to this letter as "premature" and declined to set forth its position herein.

This case was commenced on May 7, 2021 on an individual and class basis for violations of the timely payment provisions of NYLL § 191.

## PROCEDURAL HISTORY

The Plaintiffs served Interrogatories (totaling 19), Requests for Admission ("RFAs")(15), and Requests for Production ("RFPs")(84) on Bed Bath & Beyond, Inc. ("BBB") on July 28, 2021 as per the Court's Civil Case Management Plan.  On September 24, 2021, BBB furnished responses and objections to Plaintiffs' discovery requests.  BBB's Responses to the Interrogatories, RFAs and RFPs are annexed hereto as Exhibits 1-3, respectively.

Under the Court's Civil Case Management Plan, the current deadline for completion of all fact discovery is <u>November 4, 2021</u>.

Plaintiffs sent a letter to BBB on Thursday, September 30, 2021[1], which noted Plaintiffs' concerns with BBBs responses, including the following:

- BBB has not identified or produced a single responsive document in response to Plaintiffs' discovery requests.

---

[1] A copy of the Deficiencies letter is annexed hereto as Exhibit 4.



MOSER LAW FIRM, P.C.

_____
October 11, 2021
Page 2 of 4

- Rule 34, as amended in 2015, states: "An objection <u>must state</u> whether any responsive materials are being withheld on the basis of that objection."[2] (emphasis supplied).  BBB objected to all 84 RFPs without stating whether responsive materials were withheld.

- Rule 34 requires a party to respond to an RFP by either producing documents or specifying that production will be permitted, and specifying a "reasonable time" for production.[3]  BBB's response to Plaintiffs' RFPs does not state whether responsive documents even exist, much less when they will be produced.[4]

- Plaintiffs have identified at least 423 instances in which BBB's responses to Plaintiffs' First RFP may not align with the FRCP.

- Post *Wal-Mart v. Dukes*, a defendant's blanket refusal to furnish class discovery is "meritless." *See Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 U.S. Dist. LEXIS 57589, at *2 (E.D.N.Y. Feb. 16, 2021). BBB has asserted a blanket objection to all interrogatories and document requests "to the extent [they] seek class-wide discovery."

- A defendant's opinion as to the merits of the plaintiff's claims "are not grounds for objections to discovery under Rule 26." *Anvik Corp. v. Samsung Elecs,* 2009 U.S. Dist. LEXIS 147192, at *25 (S.D.N.Y. Sep. 16, 2009).  BBB objects to all but one interrogatory because, in the opinion of BBB, "the allegations in the Complaint do not relate to a cognizable legal claim."

- Local Rule 33.3, explicitly permits interrogatories "seeking…the existence, custodian, location and general description of relevant documents."  BBB has not identified documents in response to interrogatories including, one, for example asking BBB to identify documents "concerning the duties, qualifications, skills, and physical requirements of the [] Class Members."

- Rule 36 permits a responding party four options in responding to a Request for Admission ("RFA"): "[1] admit, [2] deny, [3] object to [a] request with the reasons therefor, or [4] set out in detail the reasons why he or she cannot respond." *City of Hartford v. Monsanto Co.*, No. 3:15cv1544(RNC), 2017 U.S. Dist. LEXIS 115596, at *5 (D. Conn. July 20, 2017)(citing FRCP 36).  BBB combines these options into a single response by (1) objecting, (2) stating it has made a "reasonable inquiry", (3) appearing to explain why it cannot neither admit nor deny the request, and (4) either admitting or denying the request, but only "subject to" the objections.

---

[2] Rule 34(b)(2)(C).
[3] Rule 34(b)(2)(B).
[4] BBB states only that "responsive documents, *if any"* will be produced on an unspecified date.



**MEET AND CONFER ON OCTOBER 4, 2021**

On October 4, 2021, at 12:00 PM counsel for the parties participated in a Zoom conference. Attending were, for BBB, Jeffrey Ruzal, Esq. and Matthew Savage Aibel, Esq., and for Plaintiffs, Steven J. Moser, Esq. and Paul Pagano, Esq. During this meet and confer ("M&C") one month before the close of fact discovery, Counsel for BBB suggested for the first time that a random sampling would be more appropriate than full class discovery, and suggested that we agree on a number of employees in the sample, perhaps 50. Without agreeing to same, Plaintiffs' counsel asked how many class members there were to determine what a statistically significant sampling might be. Counsel for BBB did not know how many class members there are, or whether the class size is closer to 1,000 or 10,000. Plaintiffs also asked if the burden of producing information for a random sample as compared to the entire class was significantly different. BBB was unable to state the specific burden associated with class discovery as compared to discovery of a representative sample. Plaintiffs asked whether BBB would waive its right to object to class certification on the basis that the sampling was not sufficiently large enough to establish commonality or predominance for the entire class. BBB would not agree to waive any objections to class certification based upon the size of the sample. Plaintiffs' counsel also asked whether BBB would supplement its responses with regard to any of the hundreds of issues raised by Plaintiffs and, if so, how the responses would be amended. BBB did not commit to any specific amendment. We adjourned the M&C confer after approximately ½ hour and agreed to resume on October 5, 2021. We asked that in the next meet and confer BBB be prepared to specify when and in what way the responses would be amended and to address class discovery.

**MEET AND CONFER ON OCTOBER 5, 2021**

On October 5, 2021 counsel participated in another Zoom conference, this time for approximately 1 hour (from 3:30 PM to approximately 4:30 PM). Attending were, for BBB, Jeffrey Ruzal, Esq. and Matthew Savage Aibel, Esq., and for Plaintiffs, Steven J. Moser, Esq. Counsel for BBB indicated that on October 4, 2021 they asked BBB to determine the approximate number of class members and stores involved, but did not have an answer yet. Counsel was still not able to approximate the number of class members, or say whether the number was closer to 1,000 or 10,000. During the M&C, BBB did not commit to (1) any specific amendment of any discovery response, (2) any specific date on which the responses would be amended, or (3) any specific date for furnishing documents.

**POST MEET AND CONFER EMAILS**

On October 6, 2021, October 7, 2021, and October 8, 2021 the parties exchanged emails, in which:

1. BBB did not object to the substance of this letter, but objected to this letter as premature.



MOSER LAW FIRM, P.C.

_____
October 11, 2021
Page 4 of 4

    2.  BBB stated that it "is currently working to ascertain the approximate class size and number of stores within the relevant time period, which [BBB] *expect['s] to produce* by October 15, if not sooner[.]" (emphasis supplied).

    3.  BBB agreed to amend its responses to interrogatories in some way by October 15, 2021, and will provided an updated verification, but has not specified how the interrogatories will be amended.

    4.  BBB has agreed to state whether it is withholding documents, and will make some form of unspecified document production by October 15, 2021.

<div align="center"><b>CONCLUSION</b></div>

The close of fact discovery is November 4, 2021.

As of today, BBB has neither identified nor produced a single document in its responses to Plaintiffs' discovery requests.  BBB has loosely agreed to some form of document production and amendment to interrogatory responses by October 15, 2021.  BBB has not stated whether it will withdraw its numerous objections stated in its original responses to interrogatories and document requests.  BBB has not agreed to amend its responses to Plaintiffs' Requests for Admission. BBB has not agreed to furnish class discovery.[5]  BBB has not indicated what documents will be produced.

BBB believes this letter is premature.  Plaintiffs believe this letter is not premature, and suggest that BBB should not have waited until (1) September 24, 2021 to state blanket objections to all class discovery, (2) October 4, 2021 to propose, for the first time, random sampling of the class, without any understanding as to the number of class members, and (3) less than one month before the close of fact discovery to make an inquiry as to the scope of the class.  If the Court believes this letter is premature, we apologize to the Court.  If the Court believes this letter is not premature, we respectfully request leave to file a motion to compel discovery, including class discovery by a date certain and/or for a referral to a Magistrate Judge.

                    Respectfully submitted,

                    /s *Steven J. Moser*_____
                    Steven J. Moser

TO: All counsel of Record (VIA ECF)

---

[5] Although BBB asserts a blanket objection, it does not yet know how many class members there are, and may not be in a position to evaluate the burden of producing class discovery.