**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> BED BATH & BEYOND INC, <br><br> Defendants. | Case No. 21-cv-04099(AT) <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO BED BATH & BEYOND, INC.** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Rules") and Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), defendant Bed Bath & Beyond Inc., ("Defendant" or "Bed Bath & Beyond"), by its attorneys, Epstein Becker & Green, P.C., hereby serves the following objections and responses to plaintiffs Donald Hess and Elizabeth Padilla's ("Plaintiffs" or "Hess and Padilla") First Set of Interrogatories ("Interrogatories").

## RESERVATION OF RIGHTS

The objections and responses herein are provided subject to and with the reservation of Defendant's rights to object to the admission into evidence of the documents and/or information produced in response to the Interrogatories on the grounds that they are irrelevant to the issues in this action or are otherwise inadmissible. By its responses to the Interrogatories, Defendant does not intend to, and does not, waive, but expressly preserves, the attorney-client privilege and all other privileges and protections from disclosure, including protections afforded by the work product doctrine.

By responding to these Interrogatories, Defendant does not concede, admit or deny the facts assumed by the Interrogatories, or the relevance or materiality of any specific interrogatory, or any information provided.

The objections and responses herein are based upon Defendant's present knowledge, information, and belief.  Defendant reserves the right to rely in these proceedings on any facts, documents, or other evidence that may hereafter develop or come to its attention.  Defendant also reserves the right to amend or supplement its response to these Interrogatories as may be necessary or appropriate in the future.

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated in each individual response herein.

1.      Defendant objects to the Interrogatories to the extent their definitions and instructions purport to require a response or impose any requirements not mandated by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, including Local Rule 33.3.  Defendant will respond to each interrogatory in accordance with those Rules and will not provide responses to the extent that any interrogatory seeks information or imposes obligations that exceed the requirements of those Rules or any applicable Court Order.

2.      Defendant object to the Interrogatories to the extent they call for a legal conclusion, seek to intrude upon Defendant's litigation or trial strategy, or seek information and/or documents covered by the attorney-client privilege, work product doctrine, privilege applicable to remedial actions, or any other applicable privilege or protection.  The inadvertent

disclosure of any documents subject to such privilege or protection is not and shall not be deemed to be a waiver of the same.

3.     Defendant objects to the Interrogatories to the extent they seek information and/or documents that are confidential and/or proprietary in nature.

4.     Defendant objects to the Interrogatories to the extent they seek information that is not relevant to the subject matter of this action or to the claims or defenses asserted therein, or are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to the Interrogatories to the extent they are not proportional to the needs of the case.

6.     Defendant objects to the Interrogatories to the extent they are overly broad and unduly burdensome.

7.     Defendant objects to the Interrogatories to the extent they are vague and ambiguous.

8.     Defendant objects to the Interrogatories to the extent they seek documents and information not limited to the temporal scope of discovery appropriate in this matter.

9.     Defendant objects to the Interrogatories to the extent they purport to require Defendant to produce information or documents that are not in their possession, custody, or control.

10.     Defendant objects to the Interrogatories to the extent they seek production of ESI that is not readily accessible.  The responses made herein are based on Defendants' reasonable investigation and search for responsive documents from sources of potentially relevant documents that are reasonably accessible.

11.     Defendant objects to the Interrogatories to the extent they prematurely seek class-wide discovery, which is inconsistent with Defendant's proposal for staged discovery.

Notwithstanding the foregoing Reservation of Rights and General Objections, and without waiving any of them as to any interrogatory, Defendant responds to the Interrogatories as follows.

## RESPONSES TO REQUESTS

Interrogatory No. 1:

Identify each individual likely to have discoverable information—along with the subjects of that information—that you believe has knowledge concerning the claims made or your affirmative defenses.

Response to Interrogatory No. 1:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and is not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.   Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Subject to and without waiver of the foregoing objections, Defendant states that named plaintiffs Donald Hess and Elizabeth Padilla likely have discoverable information, along with Roy Polayes, Brian Snell and Lauren Alvarez.

Interrogatory No. 2:

Identify each Department Manager Class Member by name, employee number, ADP employee number (if applicable), telephone number, address, titles held during the relevant time period, dates on which each such title was held, all store locations where the individual worked during the relevant time period, and dates worked at each store location.

4

Response to Interrogatory No. 2:

Defendant objects to this interrogatory on the grounds that it is overly broad, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim. Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3. Defendant objects to this request to the extent it seeks class-wide discovery, and seeks information regarding employees who are not proper class members because they are managers who are not subject to 191.

Interrogatory No. 3:

Identify each Associate Class Member by name, employee number, ADP employee number (if applicable), telephone number, address, titles held during the relevant time period, dates on which each such title was held, all store locations where the individual worked during the relevant time period, and dates worked at each store location.

Response to Interrogatory No. 3:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim. Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3. Defendant objects to this request to the extent it seeks class-wide discovery.

Interrogatory No. 4:

Identify each document that describes the duties of Associate Class Members.

Response to Interrogatory No. 4:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery.  Subject to and without waiving the foregoing and its General Objections, Defendant will provide documents sufficient to provide responsive information to this request.

Interrogatory No. 5:

Identify each document that describes the duties of Department Manager Class Members.

Response to Interrogatory No. 5:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery, and seeks information regarding employees who are not proper class members because they are managers.  Subject to and without waiving the foregoing and its General Objections, Defendant will provide documents sufficient to provide responsive information to this request.

Interrogatory No. 6:

Identify each document that concerns the duties, qualifications, skills, and physical requirements of the Associate Class Members.

Response to Interrogatory No. 6:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery.  Subject to and without waiving the foregoing and its General Objections, Defendant will provide documents sufficient to provide responsive information to this request.

Interrogatory No. 7:

Identify each document that concerns the duties, qualifications, skills, and physical requirements of the Department Manager Class Members.

Response to Interrogatory No. 7:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery, and seeks information regarding employees who are not proper class members because they are managers.

Interrogatory No. 8:

Identify each custodian likely to have discoverable ESI in their possession, custody or control, and the type of information under his/her control.

Response to Interrogatory No. 8:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery.  Defendant objects to this request as vague and ambiguous as it defines the types of document through a legal conclusion of "discoverable ESI."

Interrogatory No. 9:

Identify all non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

Response to Interrogatory No. 9:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery.  Defendant objects to this request as vague and ambiguous as it defines the types of document through a legal conclusion of "discoverable ESI." Subject to and without waiving the foregoing and its General Objections, Defendant states it maintains an HRIS system.

Interrogatory No. 10:

Identify all third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email, payroll processing, "cloud" storage, etc.).

Response to Interrogatory No. 10:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to

the extent it seeks class-wide discovery.   Defendant objects to this request as vague and

ambiguous as it defines the types of document through a legal conclusion of "discoverable ESI."

Subject to and without waiving the foregoing and its General Objections, Defendant states it uses

ADP as a payroll provider.

Interrogatory No. 11:

Identify all employees of BBB who were involved in processing of payroll information
for class members during the relevant time period. In so identifying, state the employee's name,
job position, job description, telephone number, last known address, and briefly describe the
individual's role in the processing of payroll information.

Response to Interrogatory No. 11:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and

ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.   Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.   Subject to and without waiving the

foregoing and its General Objections, Defendant states Paula Barone, Vice President of Payroll.

Interrogatory No. 12:

State the total combined number of Associate Class Members.

Response to Interrogatory No. 12:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and

ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.   Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.   Defendant objects to this request to

the extent it seeks class-wide discovery.

Interrogatory No. 13:

State the total combined number of Department Manager Class Members.

Response to Interrogatory No. 13:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request to the extent it seeks class-wide discovery, and seeks information regarding employees who are not proper class members because they are managers.

Interrogatory No. 14:

State the date on which you first became aware of the requirements of NYLL 191.

Response to Interrogatory No. 14:

Defendant objects to this interrogatory to the extent it calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request as vague and ambiguous to the extent it seeks information regarding "the requirements of NYLL 191."

Interrogatory No. 15:

Please identify by Software Publisher, Software Name, and Software version all software used by BBB during the relevant time period to process payroll information. For each software program so identified, please state the dates when the software was used and briefly describe its function.

Response to Interrogatory No. 15:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.  Defendant objects to this request as it

uses defined terms of "Software Publisher," and "Software Name," without defining them.

Interrogatory No. 16:

To the extent not already furnished in response to a prior interrogatory, please identify each individual or company who furnished "Software as a service" to BBB during the relevant time period to process payroll information. State the address and telephone number of each individual or company so identified, and the dates on which the individual or company furnished the software as a service to BBB.

Response to Interrogatory No. 16:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and

ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.

Interrogatory No. 17:

Identify each electronic database, data table or data file that you now maintain or have maintained during the relevant time period in the ordinary course of business which contains payroll information (hereinafter "payroll database"). For each payroll database, identify the following: (1) the name or title of each payroll database; (2) the native software used to access and utilize the database; (3) the structure of each payroll database; (4) all files or tables in each such database; (5) all fields and for each field describe its contents, format and location within each file or table record or row (6) the current or former employee(s) with the most knowledge of the operation or use of each database identified; and (7) the custodian(s) of such data entity.

Response to Interrogatory No. 17:

Defendant objects to this interrogatory on the grounds that it is overly broad, vague and

ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.

Interrogatory No. 18:

     Please identify your ADP representative, the Region of ADP serving you, and your
company code(s).

Response to Interrogatory No. 18:

     Defendant objects to this interrogatory on the grounds that it is overly broad, and seeks

information that is not relevant to the claims or defenses in this action and not proportional to the

needs of the case because all of the allegations in the Complaint do not relate to a cognizable

legal claim.  Defendant further objects to this interrogatory to the extent it calls for information

beyond the scope of Local Rule 33.3.  Subject to and without waiving the foregoing and its

General Objections, Defendant states it uses ADP as a payroll provider.

Interrogatory No. 19:

     Please describe all measures that were used to validate ESI collected or exported from
databases that was produced in response to Plaintiffs' First Request for Production of Documents
to ensure completeness and accuracy of the data acquisition.

Response to Interrogatory No. 19:

     Defendant objects to this interrogatory on the grounds that it is overly broad, vague and

ambiguous, and seeks information that is not relevant to the claims or defenses in this action and

not proportional to the needs of the case because all of the allegations in the Complaint do not

relate to a cognizable legal claim.  Defendant further objects to this interrogatory to the extent it

calls for information beyond the scope of Local Rule 33.3.

New York, New York
September 24, 2021                              EPSTEIN BECKER & GREEN, P.C.


                                       By: /s/ *Jeffrey H. Ruzal*
                                       _____
                                       Jeffrey H. Ruzal
                                       Matthew S. Aibel
                                       875 Third Avenue
                                       New York, New York  10022
                                       Tel: 212.351.4500
                                       Fax: 212.878.8600
                                       Jruzal@ebglaw.com
                                       Maibel@ebglaw.com
                                       *Attorneys for Defendant Bed Bath & Beyond*

Verification of Bed Bath & Beyond Inc.

I have review the foregoing Objections and Responses to Plaintiff's First Set of Interrogatories. I am informed and believe that the answers to these Interrogatories are true and correct to the best of my knowledge and information, based on review of company records and documents. I understand that I am subject to punishment if any of the foregoing answer are willfully false.

_Jon Ella Joke_ 24 Sept 2021

Sworn to before me this day of September 2021

_Peggy Daffin_

Notary Public

Peggy W. Daffin
NOTARY PUBLIC
Wicomico County
State of Maryland
My Commission Expires
March 11, 2023