

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

October 18, 2021

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      Re:   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
              <u>Index No. 1:21-cv-4099-AT-RL</u>

Dear Judge Lehrburger:

      We represent Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond") in this matter. We write pursuant to your Honor's Individual Practices II(D) to submit Defendant's position with respect to the purported discovery disputes between the parties as raised in Plaintiffs' October 11, 2021 letter to the Court (DE# 24). Defendant has made multiple attempts to meet and confer with Plaintiffs in good faith to resolve any actual discovery disputes; however, Plaintiffs rejected such attempts, and instead prematurely sought the Court's intervention.

## HISTORY OF THE CASE

      Plaintiffs' filed their original Complaint on May 7, 2021; however, Plaintiffs' October 11 letter to the Court fails to explain that, soon after filing, Defendant informed Plaintiffs of certain factual inaccuracies in the Complaint, specifically pertaining to the job titles of the class at issue, whom Plaintiffs purport to represent. The parties worked cooperatively and Defendant furnished information to Plaintiffs to assist them in amending the Complaint. Plaintiffs subsequently amended the Complaint on September 8, 2021, which reflected amendments to the job titles for the putative class of employees.

      It is Defendant's position that, despite Plaintiffs' amendment, Plaintiffs' claim pursuant to NYLL § 191 should be dismissed because (1) the statute at issue does not confer a private right of action upon Plaintiffs to pursue a claim, and (2) Plaintiffs lack Article III standing. On September 30, 2021, the District Court granted Defendants with leave to file a Motion to Dismiss the Complaint for the reasons set forth above. Defendant's opening brief is due on November 4; Plaintiffs' brief in opposition is due on November 29; and. Defendant's reply brief, if any, is due on December 13.

The Honorable Robert Lehrburger
October 18, 2021
Page 2

## DISCOVERY HISTORY

At Plaintiffs' request, the parties agreed to an extension of time to respond to discovery requests until September 10, 2021. Defendant thereafter requested of Plaintiffs their consent for an extension of an additional two weeks until September 24, 2021, which is when the Parties exchanged responses and objections. Plaintiffs served Defendant with a deficiency letter on September 30, 2021. Two business days later, on October 4, the parties engaged in their first meet and confer, followed-up by a subsequent meet and confer the following day on October 5. During those meet and confer discussions, Plaintiffs demanded Defendant furnish amended responses and documents with a date certain for production. Defendant complied with that request, promising to produce its responses and document production by October 15. Accordingly, Plaintiffs' submission of its October 11, 2021 letter to the Court was premature, as it raised issues with the Court that Defendant agreed to resolve, and have since resolved. To be sure, the majority of Plaintiffs' individual discovery demands were redundant, and objectionable, such that most of Plaintiffs' 85 requests for documents, 19 interrogatories, and 15 requests for admission requires extensive meet and confer conferencing, which Counsel for Plaintiffs has thus far declined. Indeed, despite Defendant's repeated requests for a comprehensive meet and confer with respect to each of Plaintiffs' discovery requests, Counsel for Plaintiffs refused to engage in any specific discussion – on a request by request basis – as to why the documents or information were relevant or proportional to the case. When pressed to address individualized concerns, in one such example, Plaintiffs' counsel could not define or elucidate the difference between a "custodial" and a "non-custodial data source," and, at least in this one singular instance, thereafter offered to withdraw the interrogatory (No. 9).

Since its preliminary meet and confer discussions with Plaintiffs, Defendant has amended its discovery responses and produced a voluminous amount of documents, including: handbooks, safety policies and procedures during the entirety of the relevant time period, and prior correspondence with the New York Department of Labor regarding Defendant's variance application. At this point, it is not clear what actual disputes remain in discovery, as Plaintiffs have not elucidated any such alleged deficiencies with respect to their individual discovery requests.

## CLASS DISCOVERY

The parties similarly disagree on class discovery issues. First, Defendant has already informed Plaintiff that the purported "overnight manager class" (that is purportedly represented by Plaintiff Padilla) is comprised of only approximately 15 putative class members during the relevant period of the instant lawsuit; and, as such, Plaintiff Padilla will fail to meet Rule 23 requirements because, among other reasons, she cannot satisfy numerosity. Counsel for Plaintiffs have not acknowledged this point, nor have they agreed to any modifications of their discovery requests with respect to this putative class of employees and former employees.

Regarding the "stock/sales" associate class (that is purportedly represented by Plaintiff Hess), Defendant proposed a preliminary sampling approach aimed at providing relevant discovery pertaining to issues of certification briefing, and then, if a class is certified, providing

The Honorable Robert Lehrburger
October 18, 2021
Page 3

additional discovery regarding the entire class and damages. The "use of sampling in connection with discovery in class actions as a practical and cost-effective means by which to obtain relevant discovery is well-recognized." *Hallmark v. Cohen & Slamowitz*, 304 F.R.D. 165, 168 (W.D.N.Y. 2015) (granting sampling of 10 percent as a reasonable approach).

Defendant's sampling approach allows for a common-sense method of conducting class discovery and moving the case forward while acknowledging the concern of proportionality as articulated in FRCP 26(b)(1).  More specifically, class-wide discovery at this time is not necessary for class certification briefing, and, thus, is not proportional to the needs of the case at present. Plaintiffs' counsel stated they could not agree to that proposal without first having the total number of putative class members and relevant stores, respectively, during the applicable period. Defendant promised to furnish that information to Plaintiffs' counsel by October 15 (11 days after the initial meet and confer) and have since done so, as well as provide a proposed solution for sampling, i.e., there are approximately 907 stock/sales associates across 65 stores during the relevant period.  Defendant proposes to select one stock and one sales associate at random from each of the 65 stores for a total sample of 130 stock or sales employees, which represents approximately 14 percent of the putative class of sales and stock associates.

## CONCLUSION

Defendant respectfully requests that the parties be ordered to continue to meet and confer with respect to Plaintiffs' purported discovery disputes , including Defendant's sampling proposal on class discovery, whereupon the Parties would respectfully present that approach and amended case management order to the Court, which would reflect updated discovery deadlines.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

/s/ *Jeffrey H. Ruzal*

Jeffrey H. Ruzal

cc:    Paul Pagano, Esq. and Steven Moser, Esq.  (<u>via</u> ECF)

Firm:53335890