

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 20, 2021

**Via Email to JRuzal@ebglaw.com**

Jeffrey H. Ruzal, Esq.
Epstein, Becker & Green
875 Third Avenue
New York, NY 10022

      Re:    *Hess, et al. v. Bed Bath & Beyond, Inc.*
               21-cv-04099 (AT) (S.D.N.Y.)

Dear Jeff:

     We have reviewed Defendant's amended discovery responses. The following issues were raised in Plaintiffs' good faith letter dated September 30, 2021, and further discussed on October 4, 2021, and October 5, 2021, but persist in the amended discovery responses.

## INTRODUCTION

     **Stating whether responsive documents have been withheld.** Under FRCP 34(b)(2)(C), as amended in 2015, "<u>An objection must state whether any responsive materials are being withheld on the basis of that objection</u>. An objection to part of a request must specify the part and permit inspection of the rest." (emphasis supplied).

     **Producing Documents or Specifying a Reasonable time for Production.** Under FRCP 34, a party must either produce the documents requested or specify a time for production. FRCP 34(b)(2)(B)("The production must then be completed no later than the time for inspection specified in the request <u>or another reasonable time specified in the response</u>.")(emphasis supplied).

     **Boilerplate Objections.** Boilerplate objections are inappropriate. *Certain Underwriters at Lloyd's v. Amtrak,* No. 16-MC-2778 (FB), 2016 U.S. Dist. LEXIS 162783, at *19-20 (E.D.N.Y. Nov. 23, 2016). As pointed out in the paragraph 1 of Plaintiffs'' Interrogatories, boilerplate objections are impermissible. *See Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893 (JS) (AKT), 2013 U.S. Dist. LEXIS 47031, at *17 (E.D.N.Y. Mar. 29, 2013)("Defendants' litany of non-specific, boilerplate objections to this straight forward request are inappropriate"); *Anderson v. Sposato,* No. CV 11-5663 (SJF) (WDW), 2014 U.S. Dist. LEXIS 25383, at *7 (E.D.N.Y. Feb. 26, 2014)("[R]outine recitation of boilerplate objections violates the spirit of the Federal Rules"); *In re Priceline.com Inc. Sec. Litig.,* 233 F.R.D. 83, 85 (D. Conn. 2005) ("[G]eneric, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure."); *Freydl*

*v. Meringolo,* 09-CV-7196, 2011 U.S. Dist. LEXIS 67742, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents . . . are a paradigm of discovery abuse.").

> Stated another way,
>
> conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information. Rather, a party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded by the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive [by] submitting affidavits or offering evidence revealing the nature of the burden.

*Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2016 U.S. Dist. LEXIS 121215, at *40-41 (E.D.N.Y. Sep. 7, 2016).

**Class Discovery.** Post *Wal-Mart v. Dukes,* at least one court has described a defendants' blanket objection class discovery prior to certification as "mertiless." *See Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 U.S. Dist. LEXIS 57589, at *2 (E.D.N.Y. Feb. 16, 2021).

**Refusal to furnish discovery based upon Defendant's position on the merits.** A party is not permitted withhold discovery based upon its opinion on the merits of the claims asserted. "[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory." 8 Wright, Miller, & Marcus, Federal Practice and Procedure, § 2011 at p. 274 (2010); accord *in re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009).

**Conditional Responses.** When a party responds to a discovery request with the phrase "subject to" and "without waiving these objections," the objection and answer leave the requesting party uncertain whether the question has actually been fully answered or only a portion of the question has been answered. *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.,* 2008 U.S. Dist. LEXIS 80465, at *7 (S.D. Fla. Sept. 18, 2008). Responding to a document request "subject to, and without waiving" objections also "leaves the requesting party uncertain as to whether documents have been withheld. *Heller v. City of Dall.*, 303 F.R.D. 466, 487 (N.D. Tex. 2014).

**Compliance with Local Rule 33.3.** Local Rule 33.3 permits the service of interrogatories in order to determine "the existence, custodian, location and general description of relevant documents."

**Definitional Objections.** Local Rule 26.4(b) states that "Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information

or can obtain it from the client." "Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hyper technical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)." Fed. R. Civ. P. 37 advisory committee's notes (1993 amendment); *see also Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Acura Auto. Div.,* 148 F.R.D. 25, 36 (D.N.H. 1993) (chastising attorney for employing "strained, hyper-technical interpretations of common English words and phrases, in an apparent effort to slow or thwart the discovery process."); *United States ex rel. Englund v. Los Angeles,* 235 F.R.D. 675, 690 (E.D. Cal. 2006) (granting motion to compel over defendant's "hyper technical" objections to words such as "conditions" and cautioning the defendant that failure to respond may result in the imposition of sanctions.).

### DEFENDANT'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

The following issues raised in Plaintiffs' good faith letter dated September 30, 2021, persist:

**Boilerplate Objections.** In response to all interrogatories (with the exception of interrogatory 14), the Defendant begins with the same objection:

> Defendant objects to this interrogatory on the grounds that it is overly broad, and seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case because all of the allegations in the Complaint do not relate to a cognizable legal claim.

**Objections based on Merits.** The reason given for the boilerplate objections in all responses with the exception of response 14, is that "the allegations in the Complaint do not relate to a cognizable legal claim." This objection is based upon the Defendant's opinion as to the merits of the claim. Defendant also objects to interrogatories 2, 5, 7 and 13 because they "seek[] information regarding employees who are not proper class members because they are managers" not protected by NYLL § 191. The objection is based upon the Defendant's opinion that certain employees are not entitled to recovery.

**Identification of Documents (Local Rule 33.3).** Bed Bath & Beyond, Inc. ("BBB") has not identified responsive documents and has instead stated in response to Interrogatories 4, 5 and 6 that it will furnish documents.

**Objections to Class Discovery.** BBB objects to class-wide discovery in responses to interrogatories 2, 3, 4, 5, 10 and 13.

**Conditional Responses.** BBB answers responses to interrogatories 1, 2, 4, 5, 6, 9, 10, 11, 18 "subject to and without waiving" a litany of objections.

**Definitional Objections.** BBB Objects to numerous terms used in Plaintiffs' Interrogatories, including "discoverable ESI" (Interrogatories 8, 9, 10), "the requirements of NYLL 191" (14), "Software Publisher" and "Software Name" (15). These objections are without merit. Rule 26(1)(A)(i) explicitly requires the disclosure of individuals likely to have "discoverable information."  To the extent that BBB claims it does not understand the meaning of "discoverable ESI" it would logically follow that BBB does not understand the requirements of Rule 26 either. The "requirements of NYLL § 191" are neither vague nor ambiguous and can be found by reading the statute. To the extent that BBB does not understand the "requirements of NYLL § 191" it follows that BBB does not understand the language of the referenced statute.

## BBB'S AMENDED RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION[1]

"An objection must state whether any responsive materials are being withheld on the basis of that objection."  FRCP 34(b)(2)(C). The following issues relating to FRCP 34(b)(2)(C) are presented by the:

- **Amended Response to 69 and 70.**  BBB simultaneously states that it will produce and withhold documents.[2]

- **Amended Responses to 2, 22, 56, 57** (seeking job descriptions), first state numerous objections and then represent that BBB is "not withholding any documents."  Yet no job descriptions have been produced.

- **Amended Responses to 1 and 17**.  BBB states that if it believes a document is irrelevant or cumulative, it will withhold such document, but has not conclusively stated whether it has withheld any documents on the basis of relevancy or cumulativeness.

The following issues have not been addressed by the Amended Responses, which are summarized in the annexed table.

**Column A: Vagueness.** BBB asserts boilerplate objections that requests are "vague, ambiguous, and overly broad" and then simply repeats the language of the request.

**Column B: Proportionality.** BBB objects to numerous requests based upon proportionality and undue burden, but again, recites only boilerplate , and does not furnish evidence, by affidavit or otherwise, of the undue burden that responding would impose.

---

[1] The Cells highlighted in red indicate issues with the response.
[2] BBB states, "Defendant will produce documents responsive to this request, if any. To the extent any documents responsive to this request exist, they will be withheld."

**Column C: Relevancy.** BBB has continued to object on relevancy, even where documents are clearly discoverable. For example, BBB asserts that documents concerning the reporting capabilities" of its payroll software is "irrelevant." *See* Response to Request 15.

**Column D: Class Discovery.** BBB continues to assert blanket objections to all pre-certification class discovery.

**Column I: Merits.** BBB continues to assert merits based objections to discovery.

The following issues relating to FRCP 34 have not been addressed fully by the Amended Responses:

**Column E1:** 25 of the Amended Responses still answer "subject to, and without waiving" a list of objections and do not state whether responsive documents have been withheld.

**Column E2.** BBB states 52 times that documents will be withheld "to the extent [they] exist." However, BBB has not indicated whether it is actually withholding any documents.

**Column G1.** As pointed out in our September 30, 2021, letter, "the rules permit a responding party to either (1) permit production, or (2) object." Yet, to numerous requests BBB continues to state that it "will produce documents responsive to this request, if any." There has been no indication as to whether responsive documents exist, and a promise to furnish documents which may not exist is not meaningful.

**Column A: "[I]f any".** The rules permit a responding party to either (1) permit production, or (2) object. Yet, to numerous requests BBB states that "Defendant will produce documents responsive to this request, if any." (emphasis supplied). There has been no indication as to whether responsive documents exist, and a promise to furnish documents which may not exist is not meaningful.

**Column H: No Production.** BBB neither produces responsive documents nor specifies a date when documents will be produced, in direct contravention of Rule 34.

## DEFENDANT'S PRODUCTION

BBB represented to the Court that it has exchanged "voluminous" records. The only records furnished to date are Bates stamped BBB-HP000001-BBB-HP000336. It is unclear whether these documents are furnished as part of BBB's Initial Disclosures or Amended Responses to Plaintiff's RFPs. There is no index, and they are not organized or labeled to correspond to any of the RFPs.

## RESPONSES TO REQUEST FOR ADMISSIONS

We note Defendants' position that its responses to Plaintiff's First Request for Admissions are proper and will not be amended.

## BBB'S PROPOSAL FOR DISCOVERY CONCERNING A RANDOM SAMPLING OF EMPLOYEES

In our email of October 19, 2021, we noted in part that in order to consider BBB's proposal for discovery of a random sample we would first need:

1. A detailed statement from BBB setting forth of the time, cost and burden associated with limited vs class-wide discovery;
2. The number of Retail Sales Associate Class Members;
3. The number of Retail Sales Associate Class Members in BBB's proposed sample;
4. The number of Retail Stock Associate Class Members;
5. The number of Retail Stock Associate Class Members in BBB's proposed sample;
6. The number of Overnight Department Manager Class Members;
7. The number of Overnight Department Manager Class Members in BBB's proposed sample;

## CONCLUSION

Please notify us of your availability to discuss the novel issues highlighted herein. We request a meet and confer on or before Monday, October 28, 2021. We ask that counsel be prepared to state BBBs final position with regard to each of the highlighted issues at said meet and confer. If Defendant has reconsidered its position regarding the discovery issues previously raised, please advise.

Very truly yours,

*Steven J. Moser*
Steven J. Moser


CC: Paul A. Pagano (paul.pagano@moserlawfirm.com)
    Matthew Savage Aibel (maibel@ebglaw.com)

# TABLE OF DEFICIENCIES IN BBB AMENDED RESPONSE TO PLAINTIFFS' 1ST RFP

| Combined Deficiencies in Response to RFP | 423 |
|---|---|
| **Combined Deficiencies in Amen. Response to RFP** | **378** |

**NOT CHANGED BY AMENDMENT**
**CHANGED OR MODIFIED BY AMENDMENT, BUT NOT REMEDIED**

| | IMPROPER OBJECTIONS | | | | | COMPLIANCE WITH RULE 34 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | I | E | E1 | E2 | G | G1 |
| RFP | Vague-ness | Propor-tionality | Rele-vance | Class | Merits | 34(b)(2)(C) | 34(b)(2)(C) | Will be withheld if they "exist" | "[I]f any" | If any, or Any |
| 1 | x | | | | | x | | | | |
| 2 | x | x | | | | x | | | | |
| 3 | x | x | | | | x | | x | | |
| 4 | x | x | x | | | x | | x | | |
| 5 | x | x | x | | | x | | x | | |
| 6 | x | | | | | x | x | | x | x |
| 7 | x | x | x | | | x | | x | | |
| 8 | x | x | x | | | x | | x | | |
| 9 | x | | | | | x | x | | x | x |
| 10 | x | | | | | x | x | | | x |
| 11 | x | x | x | | | x | | x | | |
| 12 | x | | | | | x | | x | | |
| 13 | x | | | | | x | x | | x | x |
| 14 | x | x | | | | x | | x | | |
| 15 | x | x | x | | | x | | x | | |
| 16 | x | x | | x | x | x | | x | | |
| 17 | x | | x | | | x | | | | |
| 18 | x | x | x | | | x | x | | x | x |
| 19 | x | x | x | | | x | x | | x | |
| 20 | x | x | x | x | | x | x | | | |
| 21 | x | x | | | | x | x | | x | x |
| 22 | x | x | | x | | x | | | | |
| 23 | x | x | | x | | x | | | x | |
| 24 | x | x | x | x | | x | | x | | |
| 25 | x | x | x | x | | x | | x | | |
| 26 | x | x | x | | | x | x | | | |
| 27 | x | x | x | x | | x | x | | | |
| 28 | x | x | | | | x | x | | | |
| 29 | x | x | x | x | | x | x | | | |

| | IMPROPER OBJECTIONS | | | | | COMPLIANCE WITH RULE 34 | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | A | B | C | D | I | E | E1 | E2 | G | G1 |
| RFP | Vague-ness | Propor-tionality | Rele-vance | Class | Merits | 34(b)(2)(C) | 34(b)(2)(C) | Will be withheld if they "exist" | "[I]f any" | If any, or Any |
| 30 | x | x | x | | | x | x | | | |
| 31 | x | x | x | x | | x | x | | | |
| 32 | x | x | x | x | | x | x | | | |
| 33 | x | x | x | x | | x | | x | | |
| 34 | x | x | x | | | x | | x | | |
| 35 | x | x | x | x | | x | | x | | |
| 36 | x | x | x | x | | x | | x | | |
| 37 | x | x | x | x | | x | | x | | |
| 38 | x | x | x | x | | x | | x | | |
| 39 | x | x | x | x | | x | | x | | |
| 40 | x | x | x | x | | x | | x | | |
| 41 | x | x | x | | | x | | x | | |
| 42 | x | x | | x | | x | | x | | |
| 43 | x | x | x | | | x | | x | | |
| 44 | x | x | x | x | | x | | x | | |
| 45 | x | x | | x | | x | | x | | |
| 46 | x | x | x | x | | x | | x | | |
| 47 | x | x | x | x | | x | | x | | |
| 48 | x | x | | x | | x | | x | | |
| 49 | x | x | | x | | x | | x | | |
| 50 | x | x | | x | | x | | x | | |
| 51 | x | x | | x | | x | | x | | |
| 52 | x | x | x | | | x | | | x | |
| 53 | x | x | x | | | x | x | | x | x |
| 54 | x | x | x | | | x | x | | x | x |
| 55 | x | x | x | x | x | x | x | | | x |
| 56 | x | | | | | x | | | x | |
| 57 | x | | | x | x | x | | | x | |
| 58 | x | x | | x | x | x | | x | x | |
| 59 | x | x | | x | x | x | | x | | |
| 60 | x | x | x | x | x | x | | x | | |
| 61 | x | x | x | | | x | x | | | |
| 62 | x | x | x | x | x | x | x | | | |
| 63 | x | x | x | | | x | x | | x | x |
| 64 | x | x | x | x | x | x | x | | | |
| 65 | x | x | x | | | x | x | | x | x |
| 66 | x | x | x | x | x | x | x | | | |

| | IMPROPER OBJECTIONS | | | | | COMPLIANCE WITH RULE 34 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | I | E | E1 | E2 | G | G1 |
| RFP | Vague-ness | Propor-tionality | Rele-vance | Class | Merits | 34(b)(2)(C) | 34(b)(2)(C) | Will be withheld if they "exist" | "[I]f any" | If any, or Any |
| 67 | x | x | x | x | x | x | x | | | x |
| 68 | x | x | x | | | x | | x | | |
| 69 | x | x | x | | | x | | x | x | x |
| 70 | x | x | x | x | x | x | | x | x | x |
| 71 | x | x | x | x | x | x | | x | | |
| 72 | x | x | x | x | x | x | | x | | |
| 73 | x | x | x | x | x | x | | x | | |
| 74 | x | x | x | x | x | x | | x | | |
| 75 | x | x | x | x | x | x | | x | | |
| 76 | x | x | | | | x | | x | | |
| 77 | x | x | | x | x | x | | x | | |
| 78 | x | x | | | | x | | x | | |
| 79 | x | x | x | x | x | x | | x | | |
| 80 | x | x | | x | x | x | | x | | |
| 81 | x | x | x | x | x | x | | x | | |
| 82 | x | x | x | | | x | | x | | |
| 83 | x | x | | x | x | x | | x | | |
| 84 | x | x | | x | x | x | | x | | |
| 85 | x | x | | x | x | x | | x | | |
| | | | | | | | | | | |
| Total | 85 | 76 | 55 | 48 | 23 | 85 | 25 | 52 | 17 | 14 |