# EXHIBIT J

LAWS OF NEW YORK, 2010

CHAPTER 564

AN ACT to amend the labor law, in relation to establishing the wage theft prevention act

Became a law December 10, 2010, with the approval of the Governor. Passed by a majority vote, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. This act shall be known and may be cited as the "wage theft prevention act".
§ 2. Section 2 of the labor law is amended by adding a new subdivision 16 to read as follows:
*16. All references to labor law, chapter, article or section shall be deemed to include any rule, regulation or order promulgated thereunder or related thereto.*
§ 3. Subdivisions 1, 2, 3 and 4 of section 195 of the labor law, as added by chapter 548 of the laws of 1966 and subdivision 1 as amended by chapter 270 of the laws of 2009, are amended to read as follows:
1. *(a)* [notify] *provide* his or her employees, in writing *in English and in the language identified by each employee as the primary language of such employee*, at the time of hiring [of]*, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information:* the rate *or rates* of pay and [of] *basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;* the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article[, and]*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall* obtain *from the employee* a *signed and dated* written acknowledgement [from each employee]*, in English and in the primary language of the employee,* of receipt of this notice*, which the employer shall preserve and maintain for six years*. Such acknowledgement shall *include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall* conform to any *additional* requirements established by the commissioner with regard to content and form. For all employees who are [eligible for] *not exempt from* overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by *New York state* law or regulation, the notice must state the regular hourly rate and overtime rate of pay;

EXPLANATION--Matter in *italics* is new; matter in brackets [-] is old law to be omitted.

  (b) The commissioner shall prepare templates that comply with the requirements of paragraph (a) of this subdivision. Each such template shall be dual-language, including English and one additional language. The commissioner shall determine, in his or her discretion, which languages to provide in addition to English, based on the size of the New York state population that speaks each language and any other factor that the commissioner shall deem relevant. All such templates shall be made available to employers in such manner as determined by the commissioner;
  (c) When an employee identifies as his or her primary language a language for which a template is not available from the commissioner, the employer shall comply with this subdivision by providing that employee an English-language notice or acknowledgment;
  (d) An employer shall not be penalized for errors or omissions in the non-English portions of any notice provided by the commissioner;
  (e) The commissioner shall have discretion to waive or alter requirements of paragraph (a) of this subdivision for temporary help firms as defined in section nine hundred sixteen of this chapter.
  2. notify his or her employees in writing of any changes to the information set forth in [the pay] subdivision one of this section, at least seven calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with subdivision three of this section;
  3. furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages[,]; deductions; allowances, if any, claimed as part of the minimum wage; and net wages[, and upon]. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed;
  4. establish, maintain and preserve for not less than [three] six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked[,]; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages[,]; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the payroll records shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate;
  § 4. Section 196 of the labor law, as added by chapter 548 of the laws of 1966, paragraph b of subdivision 1 as amended by chapter 328 of the

laws of 1972 and paragraph e of subdivision 1 as added by chapter 336 of the laws of 1985, is amended to read as follows:

§ 196. Powers of commissioner. 1. In addition to the powers of the commissioner specified in other sections of this chapter, the commissioner shall have the following duties, powers and authority:

a. He **or she** shall investigate and attempt to adjust equitably controversies between employers and employees relating to **this article, or article five, seven, nineteen or nineteen-A of** this [~~article~~] **chapter**.

b. He **or she** may take assignments of claims for wages [~~as defined in~~] **under** this [~~article~~] **chapter** from employees or third parties in trust for such employees or for the benefit of various funds for such employees. All such assignments shall run to the commissioner and his **or her** successor in office. The commissioner may sue employers on wage claims thus assigned, with the benefits and subject to the provisions of existing law applying to actions by employees for collection of wages. He **or she** may join in a single action any number of wage claims against the same employer.

c. He **or she** may institute proceedings on account of any criminal violation of any provision of **this article, or article five, seven, nineteen or nineteen-A of** this [~~article~~] **chapter**.

d. If it shall appear to him **or her** that any employer has been convicted of a violation of any provision of this article **or article nineteen or nineteen-A of this chapter** or that any [~~judgement~~] **order to comply issued** against an employer [~~for non-payment of wages~~] **under this chapter** remains unsatisfied for a period of ten days after the time to appeal therefrom has expired, and that no appeal therefrom is then pending, the commissioner may require such employer to deposit with him **or her** a bond in such sum as he **or she** may deem sufficient and adequate in the circumstances, together with two or more sureties or a duly authorized surety company, to be approved by the commissioner. The bond shall be payable to the commissioner and shall be conditioned that the employer will, for a definite future period, not exceeding two years, pay his **or her** employees in accordance with the provisions of this article **or article nineteen or nineteen-A of this chapter**, and shall be further conditioned upon the payment by the employer of any **amounts due pursuant to an order to comply or** judgment [~~which may be recovered~~] against such employer pursuant to the provisions of this article **or article nineteen or nineteen-A of this chapter**.

If within ten days after demand for such bond, which demand may be made by certified or registered mail, such employer shall fail to deposit the same, the commissioner may bring an action in the name and on behalf of the people of the state of New York against such employer in the supreme court to compel such employer to furnish such a bond or to cease doing business until he **or she** has done so. The employer shall have the burden of proving that either such a bond is unnecessary or that the amount demanded is excessive. If the court finds that there is just cause for requiring the bond and that same is reasonably necessary or proper to secure prompt payment of the wages of the employees of such employer and his **or her** compliance with the provisions of this article **or article nineteen or nineteen-A of this chapter**, the court may enjoin such employer and such other person or persons as may have been or may be concerned with or in any way participating in the failure to pay the wages resulting in the conviction [~~or in the judgment~~] **or order to comply** as aforesaid, from doing business until the requirement is met and make other and further orders appropriate to compel compliance with the requirement.

  If any order to comply issued against an employer under this article or article nineteen or nineteen-A of this chapter remains unsatisfied for a period of ten days after the time to appeal therefrom has expired, and that no appeal therefrom is then pending, the commissioner may require the employer to provide an accounting of assets of the employer, including but not limited to, a list of all bank accounts, accounts receivable, personal property, real property, automobiles or other vehicles, and any other assets, in a form and manner as prescribed by the commissioner. An employer shall provide such amended accountings of assets as the commissioner shall order. If within ten days after demand for such an accounting of assets, which demand may be made by certified or registered mail, such employer shall fail to provide same, or if the employer fails to provide an amended accounting as required under this section, the commissioner may bring an action in the name and on behalf of the people of the state of New York against such employer in the supreme court to compel such employer to furnish the accounting and pay a civil penalty of no more than ten thousand dollars.
  e. He or she is hereby authorized and empowered to enter into reciprocal agreements with the labor department or corresponding agency of any other state or with the person, board, officer, or commission authorized to act on behalf of such department or agency, for the collection in such other states of claims and judgments for wages based upon claims assigned to the commissioner.
  The commissioner may, to the extent provided for by any reciprocal agreement entered into by law or with any agency of another state as herein provided, maintain actions in the courts of such other state for the collection of claims and judgments for wages and may assign such claims and judgments to the labor department or agency of such other state for collection to the extent that such an assignment may be permitted or provided for by the law of such state or by reciprocal agreement.
  The commissioner may, upon the written consent of the labor department or other corresponding agency of any other state or of any person, board, officer or commission of such state authorized to act on behalf of such labor department or corresponding agency, maintain actions in the courts of this state upon assigned claims and judgments for wages arising in such other state in the same manner and to the same extent that such actions by the commissioner are authorized when arising in this state. However, such actions may be maintained only in cases where such other state by law or reciprocal agreement extends a like comity to cases arising in this state.
  2. Nothing in this section shall be construed as requiring the commissioner in every instance to investigate and attempt to adjust controversies, or to take assignments of wage claims, or to institute criminal prosecutions for any violation under this article or article five, seven, nineteen or nineteen-A of this chapter, but he or she shall be deemed vested with discretion in such matters.
  § 5. Section 196-a of the labor law, as amended by chapter 417 of the laws of 2009, is amended to read as follows:
  § 196-a. Complaints by employees to commissioner. (a) Any employee[,]; person or organization acting on the employee's behalf; or the recognized and certified collective bargaining agent acting on the employee's behalf, may file with the commissioner a complaint regarding a violation of this article, article five, seven, nineteen, or [article] nineteen-A of this chapter for an investigation of such complaint and statement setting the appropriate remedy, if any. The commissioner shall keep the

names of employees that are the subject of an investigation confidential until such time that disclosure is necessary for resolution of an investigation or a complaint. Failure of an employer to keep adequate records or provide statements of wages to employees as required under this chapter, in addition to exposing such employer to penalties authorized under subdivision one of section two hundred eighteen of this chapter, shall not operate as a bar to filing of a complaint by an employee. In such a case the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.

  (b) Any employee, or the recognized and certified collective bargaining agent acting on the employee's behalf, contractor, or the recognized and certified labor organization with which the contractor has executed a collective bargaining agreement covering wages, benefits and supplements, may file with the commissioner a complaint regarding an alleged violation of this article or article nineteen of this chapter occasioned by another person, corporation, employer or entities in violation of article thirty-five-E of the general business law for an investigation of such complaint and statement setting the appropriate remedy, if any.

  § 6. Section 197 of the labor law, as amended by chapter 427 of the laws of 2002, is amended to read as follows:

  § 197. Civil penalty. Any employer who fails to pay the wages of his employees or shall differentiate in rate of pay because of sex, as provided in this article, shall forfeit to the people of the state the sum of five hundred dollars for each such failure, to be recovered by the commissioner in any legal action necessary, including administrative action or a civil action.

  § 7. Section 198 of the labor law, as added by chapter 548 of the laws of 1966, subdivision 1-a as amended by chapter 372 of the laws of 2009 and subdivision 3 as amended by chapter 605 of the laws of 1997, is amended to read as follows:

  § 198. Costs, remedies. 1. In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs. No assignee of a wage claim, except the commissioner, shall be benefited by this provision.

  1-a. On behalf of any employee paid less than the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner [may] shall assess against the employer the full amount of any such underpayment, and an additional amount as liquidated damages [equal to twenty-five percent of the total amount of wages found to be due], unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law. Liquidated damages shall be calculated by the commissioner as no more than one hundred percent of the total amount of wages found to be due. In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to [twenty-five] one hundred percent of the total amount of the wages found to be due.

  1-b.  If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.
  On behalf of any employee not provided a notice as required by subdivision one of section one hundred ninety-five of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim, and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner may assess against the employer damages of fifty dollars for each work week that the violations occurred or continue to occur. In any action or administrative proceeding to recover damages for violation of paragraph (d) of subdivision one of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to subdivision one of section one hundred ninety-five of this article.
  1-d. If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.
  On behalf of any employee not provided a statement as required by subdivision three of section one hundred ninety-five of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim, and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner may assess against the employer damages of one hundred dollars for each work week that the violations occurred or continue to occur. In any action or administrative proceeding to recover damages for violation of subdivision three of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or articles nineteen or nineteen-A of this chapter to the employee who was not provided statements as required by subdivision three of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with statements pursuant to paragraph (e) of subdivision one of section one hundred ninety-five of this article.
  2.  The remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other.
  3.   Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six

years.  **The statute of limitations shall be tolled from the date an employee files a complaint with the commissioner or the commissioner commences an investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or where the commissioner does not issue an order, until the date on which the commissioner notifies the complainant that the investigation has concluded. Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section.** All employees shall have the right to recover full wages, benefits and wage supplements **and liquidated damages** accrued during the six years previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner.

  **4. In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.**

  § 8. Section 198-a of the labor law, as amended by chapter 241 of the laws of 2002, is amended to read as follows:

  § 198-a. Criminal penalties. 1. Every employer who does not pay the wages of all of his employees in accordance with the provisions of this chapter, and the officers and agents of any corporation**, partnership, or limited liability company** who knowingly permit the corporation**, partnership, or limited liability company** to violate this chapter by failing to pay the wages of any of its employees in accordance with the provisions thereof, shall be guilty of a misdemeanor for the first offense and upon conviction therefor shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year, and, in the event that any second or subsequent offense occurs within six years of the date of conviction for a prior offense, shall be guilty of a felony for the second or subsequent offense, and upon conviction therefor, shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year plus one day, or punished by both such fine and imprisonment, for each such offense. An indictment of a person or corporation operating a steam surface railroad for an offense specified in this section may be found and tried in any county within the state in which such railroad ran at the time of such offense.

  2. Every employer who violates or fails to comply with the requirements of subdivision four of section one hundred ninety-five of this article, and the officers and agents of any corporation**, partnership, or limited liability company** who knowingly permit the corporation**, partnership, or limited liability company** to violate or fail to comply therewith, shall be guilty of a misdemeanor and upon conviction therefor shall be fined not less than five hundred nor more than five thousand dollars or imprisoned for not more than one year.

  3. Every employer who knowingly violates or fails to comply with the requirements of subdivision four of section one hundred ninety-five of this article, and the officers and agents of any corporation**, partnership, or limited liability company** who knowingly permit the corporation**, partnership, or limited liability company** to violate or fail to comply therewith, shall be guilty of a felony where such employer, officer or agent has been convicted of a violation of such subdivision within the

previous six years, and upon conviction therefor shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year plus one day, or punished by both such fine and imprisonment, for each such offense. In determining the penalty, the court shall consider the severity of the violation, the size of the employer, and the employer's good faith effort to comply with the requirements of subdivision four of section one hundred ninety-five of this article.

§ 9. Section 199-a of the labor law, as added by chapter 605 of the laws of 1997, is amended to read as follows:

§ 199-a. Notification of process. 1. Each employee who files a complaint regarding a violation of a provision of **this** article [~~six~~] (payment of wages), article nineteen (minimum wage act), or article nineteen-A **(minimum wage standards and protective labor practices for farm workers)**, **section one hundred sixty-one, section one hundred sixty-two,** section two hundred twelve-a [~~or~~]**,** section two hundred twelve-b**, or section two hundred fifteen** of this chapter, or a rule or regulation promulgated thereunder, shall be provided with a written description of the anticipated processing of the complaint, including investigation, case conference, potential civil and criminal penalties, and collection procedures.

2. Each employee and his or her **authorized** representative shall be notified in writing of any case conference before it is held and given the opportunity to attend.

3. Each employee and his or her **authorized** representative shall be notified in writing of any award and collection of back wages and civil penalties, and of any intent to seek criminal penalties. In the event that criminal penalties are sought the employee and his or her **authorized** representative shall be notified of the outcome of prosecution.

§ 10. Section 215 of the labor law, as amended by chapter 744 of the laws of 1986, subdivision 1 as amended by chapter 372 of the laws of 2009, is amended to read as follows:

§ 215. Penalties and civil action; [~~employer who penalizes employees because of complaints of employer violations~~] **prohibited retaliation**. 1. (a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company**, or any other person,** shall discharge, **threaten,** penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, **or to the attorney general or any other person,** that the employer has [~~violated any provision of~~] **engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of** this chapter, or **any order issued by the commissioner** (ii) **because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii)** because such employee has caused to be instituted **or is about to institute** a proceeding under or related to this chapter, or [~~(iii)~~] **(iv)** because such employee has provided information to the commissioner or his or her authorized representative **or the attorney general**, or [~~(iv)~~] **(v)** because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or [~~(v)~~] **(vi)** because such employee has otherwise exercised rights protected under this chap-

ter, or [(vi)] (vii) because the employer has received an adverse determination from the commissioner involving the employee. An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section.

  (b)  If after investigation the commissioner finds that an employer or person has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer or person a civil penalty of not less than one thousand nor more than ten thousand dollars[, and]. The commissioner may also order [the employer to pay lost compensation] all appropriate relief including enjoining the conduct of any person or employer; ordering payment of liquidated damages to the employee by the person or entity in violation; and, where the person or entity in violation is an employer ordering rehiring or reinstatement of the employee to his or her former position or an equivalent position, and an award of lost compensation or an award of front pay in lieu of reinstatement and an award of lost compensation. Liquidated damages shall be calculated as an amount not more than ten thousand dollars. The commissioner may assess liquidated damages on behalf of every employee aggrieved under this section, in addition to any other remedies permitted by this section.

  (c) [Notwithstanding the provisions of section two hundred thirteen of this article, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

  (d)] This section shall not apply to employees of the state or any municipal subdivisions or departments thereof.

  2. (a) An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation; and, where the person or entity in violation is an employer, ordering rehiring or reinstatement of the employee to his or her former position with restoration of seniority or an award of front pay in lieu of reinstatement, [payment] and an award of lost compensation[,] and damages, costs and reasonable attorneys' fees. Liquidated damages shall be calculated as an amount not more than ten thousand dollars. The court shall award liquidated damages to every employee aggrieved under this section, in addition to any other remedies permitted by this section. The statute of limitations shall be tolled from the date an employee files a complaint with the commissioner or the commissioner commences an investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or where the commissioner does not issue an order, until the date on which the commissioner notifies the complainant that the investigation has concluded. Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section.

  (b) At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

  3. Any employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other

person who violates subdivision one of this section shall be guilty of a class B misdemeanor.

§ 11. Subdivisions 1 and 3 of section 218 of the labor law, subdivision 1 as amended by chapter 190 of the laws of 1990, the opening paragraph of subdivision 1 as amended by chapter 304 of the laws of 2007 and subdivision 3 as added by chapter 697 of the laws of 1980, are amended to read as follows:

1. If the commissioner determines that an employer has violated a provision of article six (payment of wages), article nineteen (minimum wage act), article nineteen-A (minimum wage standards and protective labor practices for farm workers), section two hundred twelve-a, section two hundred twelve-b, section one hundred sixty-one (day of rest) or section one hundred sixty-two (meal periods) of this chapter, or a rule or regulation promulgated thereunder, the commissioner shall issue to the employer an order directing compliance therewith, which shall describe particularly the nature of the alleged violation. A copy of such order shall be provided to any employee who has filed a complaint and any authorized representative of him or her. In addition to directing payment of wages, benefits or wage supplements found to be due, and liquidated damages in the amount of one hundred percent of unpaid wages, such order, if issued to an employer who previously has been found in violation of those provisions, rules or regulations, or to an employer whose violation is willful or egregious, shall direct payment to the commissioner of an additional sum as a civil penalty in an amount [equal to] not to exceed double the total amount of wages, benefits, or wage supplements found to be due. In no case shall the order direct payment of an amount less than the total wages, benefits or wage supplements found by the commissioner to be due, plus the liquidated damages in the amount of one hundred percent of unpaid wages, the appropriate civil penalty, and interest at the rate of interest then in effect, as prescribed by the superintendent of banks pursuant to section fourteen-a of the banking law per annum from the date of the underpayment to the date of the payment. Where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation. In assessing the amount of the penalty, the commissioner shall give due consideration to the size of the employer's business, the good faith basis of the employer to believe that its conduct was in compliance with the law, the gravity of the violation, the history of previous violations and, in the case of wages, benefits or supplements violations, the failure to comply with recordkeeping or other non-wage requirements.

Where there is a violation of section one hundred ninety-eight-b of this chapter, the order shall direct payment back to the employee of the amount of wages, supplements or other thing of value unlawfully received plus liquidated damages in the amount of one hundred percent of unpaid wages, and interest at the rate of interest then in effect, as prescribed by the superintendent of banks pursuant to section fourteen-a of the banking law per annum from the date of the payback, return, donation or contribution to the date of payment, and shall include such other relief as may be appropriate, including rehiring or reinstatement of the employee to his or her former position, back wages, and restoration of seniority. In addition, the commissioner shall order payment of a civil penalty of at least twenty-five hundred dollars but not more

than five thousand dollars per violation. In assessing the amount of the penalty, the commissioner shall give due consideration to the size of the employer's business, the good faith **basis** of the employer **to believe that its conduct was in compliance with the law**, the gravity of the violation, the history of previous violations. **At the discretion of the commissioner, the commissioner shall have full authority to provide for inclusion of an automatic fifteen percent additional amount of damages to come due and owing upon expiration of ninety days from an order to comply becoming final. The commissioner shall provide written notice to the employer in the order to comply of this additional damage.**

  3. Provided that no proceeding for administrative or judicial review as provided in this chapter shall then be pending and the time for initiation of such proceeding shall have expired, the commissioner may file with the county clerk of the county where the employer resides or has a place of business the order of the commissioner, or the decision of the industrial board of appeals containing the amount found to be due including the civil penalty, if any**, and at the commissioner's discretion, an additional fifteen percent damages upon any outstanding monies owed. At the request of an employee, and at the discretion of the commissioner, the commissioner may assign that portion of the money due that constitutes wages, wage supplements, interest on wages or wage supplements, or liquidated damages due that employee, to that employee and file an order in that amount in the name of that employee with the county clerk of the county where the employer resides or has a place of business**. The filing of such order or decision shall have the full force and effect of a judgment duly docketed in the office of such clerk. The order or decision may be enforced by and in the name of the commissioner in the same manner, and with like effect, as that prescribed by the civil practice law and rules for the enforcement of a money judgment.

  § 12. Section 219 of the labor law, as added by chapter 697 of the laws of 1980 and subdivision 1 as amended by chapter 417 of the laws of 1987, is amended to read as follows:

  § 219. Violations of certain wage payment provisions; interest, filing of order as judgment. 1. If the commissioner determines that an employer has failed to pay wages, benefits or wage supplements required pursuant to article six (payment of wages), article nineteen (minimum wage act) or article [~~nineteen-a~~] **nineteen-A (minimum wage standards and protective labor practices for farm workers)** of this chapter, or a rule or regulation promulgated thereunder, the commissioner shall issue to the employer an order directing compliance therewith, which shall describe particularly the nature of the alleged violation. **A copy of such order shall be provided to any employee who has filed a complaint and to his or her authorized representative.** Such order shall direct payment of wages or supplements found to be due, [~~including~~] **liquidated damages in the amount of one hundred percent of unpaid wages, and** interest at the rate of interest then in effect as prescribed by the superintendent of banks pursuant to section fourteen-a of the banking law per annum from the date of the underpayment to the date of the payment. **At the discretion of the commissioner, the commissioner shall have full authority to provide for inclusion of an automatic fifteen percent additional amount of damages to come due and owing upon expiration of ninety days from an order to comply becoming final. The commissioner shall provide written notice to the employer in the order to comply of this additional damage.**

  2. An order issued under subdivision one of this section shall be final and not subject to review by any court or agency unless review is had pursuant to section one hundred one of this chapter.

  3. Provided that no proceeding for administrative or judicial review as provided in this chapter shall then be pending and the time for initiation of such proceeding shall have expired, the commissioner may file with the county clerk of the county where the employer resides or has a place of business the order of the commissioner or the decision of the industrial board of appeals containing the amount found to be due, including, at the commissioner's discretion, an additional fifteen percent damages upon any outstanding monies owed. At the request of an employee, and at the discretion of the commissioner, the commissioner may assign that portion of the money due that constitutes wages, wage supplements, interest on wages or wage supplements, or liquidated damages due the employee, to that employee and file an order in that amount in the name of such employee with the county clerk of the county where the employer resides or has a place of business. The filing of such order or decision shall have the full force and effect of a judgment duly docketed in the office of such clerk. The order or decision may be enforced by and in the name of the commissioner in the same manner, and with like effect, as that prescribed by the civil practice law and rules for the enforcement of a money judgment.

  § 13. The labor law is amended by adding a new section 219-c to read as follows:

  § 219-c. Public notice of employer violations. The commissioner shall have the following powers:

  1. where an employer is found in violation of article six, nineteen or nineteen-A of this chapter, to post and/or affix for a period not to exceed one year a notice of no less than eight and one-half by eleven inches in an area visible to employees summarizing the violations found and other information deemed pertinent by the commissioner, according to such form and manner ordered by the commissioner; and

  2. where the violation is for a willful failure to pay all wages as required by article six, nineteen, or nineteen-A of this chapter, to post and/or affix for a period not to exceed ninety days in an area visible to the general public, as ordered by the commissioner, a notice of no less than eight and one-half by eleven inches as to the violations found, according to such form and manner ordered by the commissioner. Any person other than the commissioner or the commissioner's duly authorized representative who removes, alters, defaces or otherwise interferes with a notice posted and/or affixed under this section shall be guilty of a misdemeanor.

  § 14. Section 661 of the labor law, as added by chapter 619 of the laws of 1960, is amended to read as follows:

  § 661. Records of employers. [Every] For all employees covered by this article, every employer shall [keep] establish, maintain, and preserve for not less than six years contemporaneous, true, and accurate payroll records [of] showing for each week worked the hours worked [by each employee covered by an hourly minimum wage rate], the [wages paid to all employees, and] rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee, plus such other information as the commissioner deems material and necessary[, and shall, on]. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or

otherwise provided by New York state law or regulation, the payroll records must include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the payroll records shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. On demand, the employer shall furnish to the commissioner or his duly authorized representative a sworn statement of the [same] hours worked, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; gross wages; deductions; and allowances, if any, claimed as part of the minimum wage, for each employee, plus such other information as the commissioner deems material and necessary. Every employer shall keep such records open to inspection by the commissioner or his duly authorized representative at any reasonable time. Every employer of an employee shall keep a digest and summary of this article or applicable wage order, which shall be prepared by the commissioner, posted in a conspicuous place in his establishment and shall also keep posted such additional copies of said digest and summary as the commissioner prescribes. Employers shall, on request, be furnished with copies of this article and of orders, and of digests and summaries thereof, without charge. Employers shall permit the commissioner or his duly authorized representative to question without interference any employee of such employer in a private location at the place of employment and during working hours in respect to the wages paid to and the hours worked by such employee or other employees.

§ 15. Section 662 of the labor law, as amended by chapter 587 of the laws of 1983 and subdivision 4 as added by chapter 776 of the laws of 1983, is amended to read as follows:

§ 662. Penalties. 1. [Discrimination against employee. Any employer or his agent, or the officer or agent of any corporation, who discharges or in any other manner discriminates against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that he has not been paid in accordance with the provisions of this article, or because such employee has caused to be instituted a proceeding under or related to this article, or because such employee has testified or is about to testify in an investigation or proceeding under this article, shall be guilty of a class B misdemeanor.

2. Payment of less than minimum wage] Failure to pay minimum wage or overtime compensation. Any employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, who pays or agrees to pay to any employee less than the wage applicable under this article shall be guilty of a [class B] misdemeanor and [each] upon conviction therefor shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year, and, in the event that any second or subsequent offense occurs within six years of the date of conviction for a prior offense, shall be guilty of a felony for the second or subsequent offense, and upon conviction therefor, shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year plus one day, or punished by both such fine and imprisonment, for each such offense. Each payment to any employee in any week of less than the wage applicable under this article shall constitute a separate offense.

[3.] 2. Failure to keep records. Any employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, who fails to keep the records required under this article

or to furnish such records or any information required to be furnished under this article to the commissioner or his **or her** authorized representative upon request, or who hinders or delays the commissioner or his **or her** authorized representative in the performance of his **or her** duties in the enforcement of this article, or refuses to admit the commissioner or his **or her** authorized representative to any place of employment, or falsifies any such records or refuses to make such records accessible to the commissioner or his **or her** authorized representative, or refuses to furnish a sworn statement of such records or any other information required for the proper enforcement of this article to the commissioner or his **or her** authorized representative, shall be guilty of a [~~class B~~] misdemeanor and [~~each~~] **upon conviction therefor shall be fined not less than five hundred nor more than five thousand dollars or imprisoned for not more than one year, and, in the event that any second or subsequent offense occurs within six years of the date of conviction for a prior offense, shall be guilty of a felony for the second or subsequent offense, and upon conviction therefor, shall be fined not less than five hundred nor more than twenty thousand dollars or imprisoned for not more than one year plus one day, or punished by both such fine and imprisonment, for each such offense. Each** day's failure to keep the records requested under this article or to furnish such records or information to the commissioner or his **or her** authorized representative shall constitute a separate offense.

[~~4. Where any person has previously been convicted of a violation of this section within the preceding five years, upon conviction for a second or subsequent violation such person may be fined up to ten thousand dollars in addition to any other penalties including fines otherwise provided by law; provided, however, that the total additional fine that may be imposed pursuant to this subdivision for separate offenses committed in any consecutive twelve month period may not exceed ten thousand dollars.~~]

§ 16. Section 663 of the labor law, as added by chapter 619 of the laws of 1960, subdivisions 1 and 2 as amended by chapter 372 of the laws of 2009 and subdivision 3 as added by chapter 497 of the laws of 1966, is amended to read as follows:

§ 663. Civil action. 1. By employee. If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she [~~may~~] **shall** recover in a civil action the amount of any such underpayments, together with costs [~~and such~~] **all** reasonable attorney's fees [~~as may be allowed by the court~~], **prejudgment interest as required under the civil practice law and rules,** and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to [~~twenty-five~~] **one hundred** percent of the total of such underpayments found to be due [~~the employee and any~~]**.  Any** agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

2. By commissioner. On behalf of any employee paid less than the wage to which the employee is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim, and the employer shall be required to pay the **full amount of the underpayment, plus** costs, and unless the employer proves a good faith basis to believe that its underpayment was in compliance with the law, an additional amount as liquidated damages [~~equal to twenty-five percent of the total of such underpayments found to be due the employee~~]. **Liquidated damages shall be**

calculated by the commissioner as no more than one hundred percent of the total amount of underpayments found to be due the employee. In any action brought by the commissioner in a court of competent jurisdiction, liquidated damages shall be calculated as an amount equal to one hundred percent of underpayments found to be due the employee.

  3. Limitation of time. Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years. The statute of limitations shall be tolled from the date an employee files a complaint with the commissioner or the commissioner commences an investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or where the commissioner does not issue an order, until the date on which the commissioner notifies the complainant that the investigation has concluded. Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this article.

  4. Attorneys' fees. In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

  § 17. This act shall take effect on the one hundred twentieth day after it shall have become a law.

The Legislature of the STATE OF NEW YORK ss:
  Pursuant to the authority vested in us by section 70-b of the Public Officers Law, we hereby jointly certify that this slip copy of this session law was printed under our direction and, in accordance with such section, is entitled to be read into evidence.

    MALCOLM A. SMITH                                    SHELDON SILVER
Temporary President of the Senate             Speaker of the Assembly



**New York State Department of Labor**
David A. Paterson, *Governor*
Colleen C. Gardner, *Commissioner*

December 10, 2010

The Honorable Peter Kiernan
Counsel to the Governor
The Capitol, Room 210
Albany, New York 12224

                        S.8380 – AN ACT to amend the labor law, in relation to establishing the wage theft prevention act

Dear Mr. Kiernan:

      This legislation would amend the Labor Law to establish the Wage Theft Prevention Act.

      The Wage Theft Prevention Act contains numerous provisions intended to deter and punish the nonpayment or underpayment of wages to employees. It enacts stricter recordkeeping requirements for employers; provides for yearly employee notification regarding rates of pay, allowances and other information the Commissioner deems material and necessary; increases penalties for violation of various provisions of the Labor Law intended to protect workers from nonpayment and underpayment of wages; increases liquidated damages that will be payable to employees under certain circumstances from 25 to 100 percent of amounts owed; enhances the Department's ability to collect wages owed by requiring employers to disclose assets; and enhances protections for workers whose employers retaliate against them for asserting their right to protection of the law by complaining of violations to the Commissioner, the Attorney General, and to others or by cooperating with investigation or prosecution of violations. The Act expands the powers of the Department of Labor to investigate wage nonpayment or underpayment cases and to collect money owed to workers while also expanding rights of employees to seek civil and criminal remedies against employers failing to follow the Labor Law's wage-payment and certain other protective provisions of law.

      Current penalties for wage theft are so low that there is a financial incentive to underpay workers and, if such underpayment is ever caught, to simply pay the fine for having done so. This circumstance creates an environment in which a large number of employees in the state are earning less than minimum wage despite statutory protections, while others are paid less than their agreed-upon wage. Employees often are also denied overtime pay and/or have no way to calculate whether the wages and

-2-

benefits they receive are correct because they are not informed adequately, in a language they can comprehend, of their rate of pay and how their pay is calculated.

The National Employment Law Project estimates that every year, employers improperly underpay low-wage workers in New York City alone by more than $1 billion. These substantial underpayments hurt working men and women who, despite their efforts, are left with even less income to pay their rent, buy groceries, pay heating bills, and otherwise provide for their families. As a result, more working families are required to rely on public assistance, food stamps, and other safety net programs. The additional penalties and enforcement tools set forth in this legislation will create new deterrents to violations of wage laws and protect workers who seek redress for such violations.

At the same time, wage underpayments allow employers who do not comply with the law to unfairly compete with their law-abiding counterparts by substantially reducing their cost of doing business. This legislation will instill greater fairness in today's extremely competitive business environment by punishing those employers who seek to gain a competitive advantage by violating the law.

Finally, underpayments of wages hurt the state and local economy by reducing wages that will make their way into the economy and generate income and sales taxes. Some advocates estimate that the Wage Theft Prevention Act will add approximately $50 million in increased savings and revenues to state coffers, a telling figure during this severe financial crisis.

For all the above-stated reasons, the Department of Labor strongly supports this bill and urges its enactment into law.

Sincerely,

*Colleen C. Gardner*

Colleen C. Gardner

cc: D. Weinstein
    J. Mans