# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DONALD HESS and ELIZABETH PADILLA,   Case No:  21-cv-4099
individually and on behalf of all others similarly situated,   (AT)(RWL)

                                     Plaintiffs,   **CIVIL CASE**
                                                         **MANAGEMENT PLAN**
                                                         **AND SCHEDULING ORDER**

                       -against-

BED BATH & BEYOND INC,
                                 Defendant.
-------------------------------------------------------------------------X

Defendant Bed Bath & Beyond Inc. ("Defendant" or "BB"), submits this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**     **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on June 29, 2019

**2.**     **Alternative Dispute Resolution / Settlement:**

    a.     Settlement discussions have not taken place.

    b.     The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: N/A

    c.     The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

Plaintiffs are willing to engage in an informal exchange of information in aid of an early settlement. Defendant is willing to engage in alternative dispute resolution after the close of fact discovery.

    d.     The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.): N/A

    e.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**     **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>: Plaintiffs seek liquidated damages under NYLL 191 for wages that were paid bi-weekly instead of weekly.

<u>Defendant(s)</u>: Defendant has a pending motion to dismiss, and believes the claim is without merit as the employees received their full wages.

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

    Defendant has moved to dismiss for lack of standing. Plaintiff asserts subject Matter Jurisdiction pursuant to CAFA.

5. **Subjects on Which Discovery May Be Needed:**

    <u>Plaintiff(s)</u>:

    <u>Defendant(s)</u>: what was the frequency of plaintiffs' pay? Were plaintiffs manual workers?

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) have been exchanged.

7. **Amended Pleadings:**

    a. No additional parties may be joined after November 4, 2021. Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

    b. No amended pleadings may be filed after November 4, 2021. Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8. **Fact Discovery:**

    a. Representative sample class discovery shall be completed by March 7, 2022; motions for class certification shall be made by May 2, 2022; pending decision on class certification, full fact discovery shall be completed 120 days after decision on class certification;

    b. Initial requests for production were served by July 28, 2021.

    Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    c. Initial interrogatories were served by July 28, 2021. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d. Representative sample depositions shall be completed by February 28, 2022.

    e. Representative sample requests to admit shall be served by February 1, 2022.

    f. The parties propose the following limits on discovery:

    g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

    h.    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9. **Expert Discovery (if applicable):**

   a. Defendant does not anticipate using testifying experts for its case, however, it may engage an expert to rebut conclusions from Plaintiffs' experts. Plaintiffs have indicated they intend to use experts.

   b. Anticipated areas of expertise:

   c. Expert discovery shall be completed by April 22, 2022.                                        .

   d. By March 4, 2022, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at:
    http://nysd.uscourts.gov/judge/Lehrburger.

    a. The parties have discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by December 15, 2021 for the representative sample.

    c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

11. **Anticipated Motions** (other than summary judgment, if any)**:**

12. **Summary Judgment Motions:** Motions for summary judgement will be made pursuant to Judge Torres's individual practices.

13. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14. **Trial:**

    a. All parties do  do not ___ consent to a trial before a Magistrate Judge at this time.

    b. The case is to be tried to a jury.

    c. The parties anticipate that the trial of this case will require 10 days.

**15.** **Other Matters the Parties Wish to Address (if any):**

**16.** The Court will fill in the following:

A status conference will be held before the undersigned on _____

at _____ .m. in Courtroom 18D, 500 Pearl Street.

The parties shall submit a joint status letter by _____ no longer than \_\_ pages.

SO ORDERED.

Dated:

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge