

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

November 24, 2021

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      Re:   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
              Index No. 1:21-cv-4099-AT

Dear Judge Lehrburger:

      The undersigned represents Defendant Bed Bath & Beyond Inc. ("BBB") in this matter. We write pursuant to your Honor's November 15, 2021 Order (ECF #39) directing Defendant to submit precedential support for Defendant's proposal of representative sample, instead of class-wide, discovery, and to address the relative burden thereof at this stage in the litigation. Annexed as Exhibit A to this letter is the affirmation of Lori Jorif, Director, Human Resources at Bed Bath & Beyond Inc., in which Ms. Jorif articulates the relative burden of Plaintiffs' class-wide discovery requests on BBB.[1]

      There are three discrete issues in this litigation: (1) whether Plaintiffs and members of the putative class are "manual workers," as defined in the New York Labor Law ("NYLL"), such that they should have been paid weekly pursuant to NYLL § 191; (2) if so, the extent of liquidated damages from such late payments; and, (3) whether Plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23 to continue to pursue a class action.

      Various courts in the Southern District of New York, including Judge Torres, have ordered the limitation of class discovery to a sample, or approved discovery arrangements between parties relying on sampling in lieu of class-wide discovery, in wage and hour class action disputes. See Flood v. Carlson Restaurants Inc., No. 14CIV2740(ATG)(WG), 2016 WL 3221146, at *5 (S.D.N.Y. June 7, 2016) (J. Torres) (granting sampling pre-certification and acknowledging "the plan must attempt to balance the parties' need to litigate the numerous claims against the goal of

---

[1] For context, Plaintiffs propounded 85 separate document requests seeking essentially every piece of paper that might exist, and not necessarily relevant to Plaintiffs' claim, and electronic documents regarding the 907 associate class members, as well as the 15 members of the overnight manager class, spanning 65 stores for a period of approximately three years from May 2015 to November 2018.

The Honorable Robert Lerhburger
November 24, 2021
Page 2

minimizing costs, especially given that discovery here is likely to produce duplicative information"); Huggins v. Chestnut Holdings Inc., No. 18 CIV. 1037 (PAC), 2019 WL 2616252.

Judge Crotty's decision in Huggins v. Chestnut Holdings Inc. is particularly instructive, as it shares many similarities to the facts of the instant case. No. 18 CIV. 1037 (PAC), 2019 WL 2616252 (S.D.N.Y. June 25, 2019). In Huggins, plaintiff brought a class and collective action alleging minimum wage, overtime, and lack of notice claims under the Fair Labor Standards Act ("FLSA") and NYLL against a real estate investment and property management firm that managed more than 100 properties. Plaintiff's document requests included all documents regarding duties, attendance and compensation for the class working at defendant's properties. In His Honor's ruling, Judge Crotty noted that the "proportionality called for by the Federal Rules of Civil Procedure requires balancing Plaintiff's need for collective action discovery with Defendants' concerns about wasted effort and expense," and he required the parties to reach an agreement on a representative sample of the defendant's properties, in which it would not to exceed 10 (from 100), i.e. a 10 percent selection rate. Id. at *6. Here, BBB proposes a sample of two employees per location, for a total of approximately 130, or 14 percent of the class.

Courts have widely acknowledged that representative class sampling for discovery purposes is an effective tool in managing parties' costs. In fact, in the wage and hour context, Plaintiffs are often in favor of a sampling approach to discovery. See Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 188, 192 (S.D.N.Y. 2014) ("The Court is not persuaded that limited or representational discovery will harm [Defendant's] ability to present a full defense. The FLSA envisions a collective action process in which claims of similarly situated workers are adjudicated collectively rather than individually"). As Magistrate Judge Netburn in Scott noted, "[a]lthough there is no 'bright line formulation' or 'percentage threshold' for determining the adequacy of representational evidence, 'it is well-established that the [plaintiff] may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA.'" Id.; see also Higueros v. New York State Catholic Health Plan, Inc., 07 Civ. 0418(ADS)(ETB), 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009) (limiting class discovery that would be burdensome or duplicative of other class member discovery in FLSA collective action); Hinterberger v. Catholic Health Sys., Inc., 284 F.R.D. 94, 103 (W.D.N.Y.2012) (noting in NYLL and FLSA action that the "[u]se of a sample to avoid burdensome and even impractical discovery in cases involving numerous parties is of course a well-recognized technique" and citing to the Manual for Complex Litigation, Fourth, § 21.14 (2009)).[2]

Indeed, sampling in wage and hour class actions is an appropriate discovery approach that has been endorsed by courts across the country. See Sutton v. Diversity at Work Grp. Inc., No. 1:20-CV-00682, 2021 WL 2334488, at *2 (S.D. Ohio June 8, 2021) ("random sampling is not a hard-and-fast rule in class-based discovery, courts have stood behind the proposition that a randomly selected sample helps reduce the likelihood of bias," but noting that "[p]laintiff argues, and the Court agrees, that statistical significance is not a "legal requirement."); Roy v. FedEx

---

[2] Sampling is also a common measure that courts in order in class actions involving claims other than wage and hour. See Zurich American Ins. Co. v. Ace American Reins. Co., No. 05 Civ. 9170 RMB JCF, 2006 WL 3771090, at *2 (S.D.N.Y. Dec. 22, 2006) (court orders parties to devise a protocol for sampling of insurance claims files).

The Honorable Robert Lerhburger
November 24, 2021
Page 3

Ground Package Sys., Inc., No. 3:17-CV-30116-KAR, 2019 WL 7316333, at *2 (D. Mass. Dec. 30, 2019) (holding that 10% of the total number, "is an adequate representative sample" of Fedex Ground employees or otherwise there would be a risk that "the class is susceptible to decertification and dismissal."); Feske v. MHC Thousand Trails Ltd. P'ship, No. 11-CV-4124-PSG, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012) ("sampling advances the goal of proportionality set forth in [FRCP 26]" and leaving "to the parties to work out the particulars of the selection method."); Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354, 358 (S.D. Ohio 2006) (limiting discovery "appropriate to the de-certification and class certification proceedings" to a sample).

Madeira v. Converse, Inc., No. SACV19154CJCSPX, 2019 WL 7877349, at *4 (C.D. Cal. Dec. 19, 2019) is an example of court-endorsed discovery sampling approach that is very similar to the proposal BBB seeks here. In Madeira the defendant proposed a 10 percent sample of timekeeping and payroll records. Plaintiffs sought "a larger sample so there is no argument that the sample is not statistically significant. Defendant represents it will not challenge the sufficiency of a 10% sample, and contends the records must be individually reviewed, which will be burdensome." Id. The court held that "a 15% random sample is appropriate and proportional to the needs of the case." Id. To be clear, here, BBB is not suggesting a "self-selected sampling" methodology whereby it would choose the 130 representative sample members, but rather remains committed to working in good faith with Plaintiffs to select the sample, and agrees it will not argue against the sufficiency of the sample for class certification purposes. See c.f. Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 341 (N.D. Ill. 1995) (rejecting defendants proposal where it would control the sample selection).

As Ms. Jorif explained in her attached affidavit, potentially relevant hard-copy versions of personnel documents reside locally at each store, which, for the relevant time period, was approximately 65 different stores (some have since closed). The relative burden on the Company to recruit human resources personnel and/or utilize managers at each store to locate, review, copy, and transmit versions of those files for employees or former employees who may not have worked at a store for almost six years, is a substantial undertaking, which will require many weeks' worth of people hours to complete, plus the additional review and production by counsel. By comparison, Defendant's proposal of a sample will significantly reduce that time by six-sevenths. In addition, retrieval of information from electronic databases sought by Plaintiffs is also a cumbersome task, as there are three relevant time and payroll-related databases from which Defendant must expend significant time and effort to generate multiple reports because of a misalignment of data between and among the various databases. As set forth in Ms. Jorif's affidavit, Defendant's proposal of a sampling significantly reduces (by six-sevenths) the time that will be spent cross-referencing the time and attendance database and wage databases in order to generate a report.

For the foregoing reasons, Defendant respectfully requests that the Court So Order Defendant's Proposed Case Management Plan (ECF#37-1), which reflects representative sampling in lieu of class-wide discovery at this period in the litigation.

Thank you for Your Honor's attention to this matter.

Firm:53335890

The Honorable Robert Lerhburger
November 24, 2021
Page 4

        Respectfully submitted,

        /s/ *Jeffrey H. Ruzal*

        Jeffrey H. Ruzal

cc:    Paul Pagano, Esq. and Steven Moser, Esq.  (<u>via</u> ECF)

Firm:53335890