

# MOSER LAW FIRM, P.C.

Steven J. Moser
631-824-0200
steven.moser@moserlawfirm.com

November 24, 2021

VIA ECF

The Honorable Robert W. Lehrburger, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007

Re:    ***Hess, et. al. v. Bed Bath & Beyond, Inc.*, 21-cv-4099 (AT)(RWL)**

Dear Judge Lehrburger:

On October 11, 2021[1], and again on October 28, 2021 we brought to the Court's attention wholesale deficiencies in Defendant's discovery responses, including the fact that Bed Bath & Beyond, Inc. ("BBB") had answered all discovery requests "subject to, and without waiving" a litany of boilerplate and invalid objections.[2] At the conclusion of the Court Conference on October 29, 2021, Your Honor cautioned the Defendant as follows:

> **[I]t is incumbent upon the party responding to discovery that they make it clear what they are withholding or producing rather than leaving someone in the dark by making objections and then saying "subject to those objections." That's just something that was clearly. . .made clear by the federal rule changes some years ago, and it's. . .important to do that. I understand sometimes early in discovery you don't always know what you got and you do that to sort of protect yourself as the producing party, but ultimately, it's gotta be made clear what's going on to the other side.**

One month later, BBB has still ignored the Court's counsel and has not even so much as hinted when it will amend.[3]

On November 18, 2021, counsel for BBB stated that, before the Plaintiffs even have an opportunity to move to compel, the Court's ruling on the sampling may **"*moot many of the purported deficiencies.*"** Plaintiffs immediately responded to BBB: "Please identify the specific issues that you believe would be 'mooted' by sampling?"  As of today, counsel for BBB has not indicated a single deficiency that they believe will be "mooted" by a sampling order.

---

[1] See LETTER addressed to Judge Analisa Torres from Steven J. Moser dated 10/11/2021 re: Unresolved Discovery Dispute (ECF No. 24).
[2] *See* LETTER addressed to Magistrate Judge Robert W. Lehrburger from Steven J. Moser dated 10/28/2021 re: Discovery Status (ECF No. 29).
[3] Instead, counsel for BBB states they "expect" to respond to Plaintiffs' October 20, 2021 letter on December 7, 2021.  Indeed, BBB seems determined to force the Plaintiff to move to compel to obtain compliance with the FRCP.



MOSER LAW FIRM, P.C.

_____
November 24, 2021
Page 2 of 3

  BBB has refused to answer interrogatories seeking the identification of relevant documents served on July 28, 2021.  Now, without adequately responding to these interrogatories served four months ago, it appears that BBB wants to limit the scope of discovery to unspecified "documents regarding employment performance or medical accommodation" and unspecified "payroll reports."  According to BBB's Director of Human Resources:

> **<u>I am not personally aware of the contents of personnel files</u>** across 65 stores that I did not personally maintain; however, <u>I believe</u> that documents regarding employment performance or medical accommodation **<u>may be</u>** the best types of documents to demonstrate the type of duties performed by members of the putative class.[4]

Counsel for BBB has informed us of their "plan":
- BBB will provide a class list.
- Plaintiffs may randomly select a sample of 130.
- BBB will go to the stores and search for unspecified documents regarding employment performance or medical accommodation.
- BBB will produce unspecified "payroll reports" for the 130.

However, Counsel for BBB
- Has refused to identify relevant documents in response to Plaintiffs' interrogatories;
- Has not specifically identified the documents that will be produced;
- Has not provided any sample documents, examples, or forms which could be used to determine the relevance of the documents or whether they would be useful in establishing the requirements for class certification;
- Has not described what is in the documents;
- Has, in fact, stated that they *cannot represent* that they will be able to locate documents for any particular class member that is selected as part its proposed sample;
- Has refused to enter into an ESI protocol;
- Has refused to describe the specific fields contained in the databases or whether the information is available to compute damages;
- Has not furnished a sample report or otherwise described what "payroll ESI" could be produced.

Furthermore,
- Ms. Jorif lacks knowledge of what is in the store files, as she did not "personally maintain" them;
- BBB does not submit an affidavit from anyone at the store level confirming the existence of any particular document;
- Despite the fact that Ms. Jorif lacks personal knowledge of what is actually in the employee files, cannot represent whether they actually exist for a particular class member, does not specify how many pages they consist of, and fails to state whether she

---

[4] See Declaration of Lori Jorif in Support of Sampling, para. 6 (emphasis supplied). According to Ms. Jorif, although she does not have personal knowledge of the contents of any particular file, "there are physical filing cabinets in each store that contain personnel documents **potentially** relevant to this lawsuit." (emphasis supplied).



MOSER LAW FIRM, P.C.

_____
November 24, 2021
Page 3 of 3

- ever visited a single store to review the file of an employee, Ms. Jorif "estimates"[5] that it will take "30 minutes" to look through a single employee file.
- The defendant does not submit an affidavit from someone with knowledge regarding the ESI.
- Ms. Jorif states that it is her "understanding" based upon conversations with unnamed "payroll employees" that they will have to "'click through' all of the employee ID numbers for the putative class."
- BBB has not identified a single individual with technical knowledge of the ESI in the Defendant's possession or what they mean by "clicking through."
- **Ms. Jorif admits that it could take BBB as little as three days to produce payroll information for all class members.**

In sum, we believe the sampling issue raised by Defendant is both premature and meritless because Bed Bath & Beyond, Inc.

1. Has failed to submit any evidence that the proposed "sample" document production would be relevant or useful for class certification;
2. **Has admitted that all relevant ESI can be produced in as little as three days**[6];
3. Has refused to respond to interrogatories served in July seeking the identification of relevant documents;
4. Has refused to indicate whether it is withholding responsive documents;
5. Believes that this Court's order on sampling will "moot" it's discovery deficiencies, but refuses to say how;
6. Hasn't fully informed Plaintiffs or the Court what the document production would look like;
7. Cannot even confirm that the documents it says may be produced actually exist for any given class member, leaving the promise to furnish sample discovery illusory; and
8. Has refused to comply with the FRCP and this Court's admonition.

Respectfully Submitted,

*/s/ Steven J. Moser*

` Steven J. Moser

CC: All counsel (Via ECF)

---

[5] Without any factual basis for supporting the 30 minute estimate, we suggest that it is truly as "guess."
[6] Why it was not produced months ago despite this startling admission is baffling. We ask that, if the Court directs the Defendant to furnish ESI, the parties be directed to meet and confer and submit an ESI protocol.