

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

December 23, 2021

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007

      **Re:**   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
             **Index No. 1:21-cv-4099-AT**

Dear Judge Torres:

      The undersigned represents Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond") in this matter. I write pursuant to your Honor's Individual Practices III(B)(iv) regarding Plaintiffs' Second Amended Complaint ("SAC"), which Plaintiffs filed on December 12, 2021 (ECF #47). Defendant respectfully requests that the Court: (1) treat Defendant's pending Motion to Dismiss the First Amended Complaint ("FAC") as a motion to dismiss the SAC, and (2) grant Defendant leave to file a subsequent dispositive motion dismissing the new allegations in the SAC in which Plaintiffs seek to expand the relevant period of the instant lawsuit, which Defendant will describe in greater detail below.

      On September 30, 2021, Your Honor granted Defendant permission to file a Motion to Dismiss the FAC. Defendant filed its motion on November 4, 2021. Plaintiffs filed their Opposition brief on December 17, 2021. Defendant will file a reply in further support of its Motion to Dismiss on or before January 7, 2022.

      On November 30, 2021, the Parties appeared before Magistrate Judge Lehrburger regarding, among other discovery-related issues, proposed amendments to the Case Management Order. (ECF #45) During that conference, Plaintiffs indicated their intention to file a second amended complaint solely to expand the relative period of time at issue in this action, based on a recent decision, *Brash v. Richards*, 195 A.D.3d 582 (2d Dep't, June 2, 2021), interpreting Governor Cuomo's Executive Order No. 202.8 ostensibly permitting the tolling of certain statutes of limitation in certain lawsuits during the COVID-19 pandemic. While noting Defendant's objections to Plaintiffs' proposed further amendment to the FAC, and commenting that Defendant would have an opportunity to challenge any such amendment, Magistrate Judge Lehrburger permitted Plaintiffs to file a second amended complaint to include a temporal expansion of the relevant period of the action. (ECF#45)

The Honorable Analisa Torres
December 23, 221
Page 2

      Prior to Plaintiffs' deadline to file an Opposition to Defendant's Motion to Dismiss, Defendant requested that Plaintiffs consent to a proposed new briefing schedule on Defendant's pending Motion to Dismiss so that Defendant could address in its motion the new material in the SAC. Plaintiffs declined Defendant's proposal, and thereafter filed their Opposition brief on December 17, 2021.

      Because the Court's decision on Defendant's pending Motion to Dismiss might obviate the need for any future dispositive motion as to the new discrete material set forth in the SAC, Defendant is amenable to foregoing a new briefing schedule on its pending Motion to Dismiss; however, it respectfully requests leave to file a subsequent dispositive motion with respect to the new allegations, to the extent necessary. If, however, the Court prefers that Defendant include in its pending Motion to Dismiss its challenge to the new material in the SAC, then Defendant respectfully requests a new briefing schedule for its pending motion, as well as an expansion of the page limitation of the parties' memoranda, as set forth in the Court's Individual Practice III(D), from 30 to 35 pages in its opening brief, and from 15 to 20 on its reply brief, in order to adequately address this additional issue.

      Thank you for Your Honor's courtesies in this matter.

      Respectfully submitted,

      /s/ *Jeffrey H. Ruzal*

      Jeffrey H. Ruzal

cc:    Paul Pagano, Esq. and Steven Moser, Esq. (<u>via</u> ECF)

FIRM:54925231v1