

# MOSER LAW FIRM, P.C.

631-824-0200
steven.moser@moserlawfirm.com

February 9, 2022

VIA ECF

Judge Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:     ***Hess v. Bed Bath & Beyond, Inc.,*** 21-cv-4099 **(AT)**

Dear Judge Torres:

Please accept this pre-motion letter on behalf of the Plaintiffs for an anticipated motion to amend the complaint. More specifically, we anticipate expanding the class to include all non-exempt New York retail store employees of BBB, irrespective of job title. In addition, we seek to assert class claims under hiring notice provisions of NYLL § 195(1).   We are in the process of obtaining information from putative class members and are preparing an amended complaint. However, the undersigned has surgery scheduled for February 11, 2022 followed by two to four weeks of medical leave.  Therefore, Plaintiffs request leave to furnish the proposed amended pleading to opposing counsel and to the Court <u>on or before March 11, 2021</u>. This letter outlines the reasons why amendment is necessary.

**Procedural Background.** This case was commenced on May 7, 2021 to recover damages under the New York Labor Law for failure to pay wages to Bed Bath & Beyond ("BBB") employees "on-time." *See* ECF No. 1. The complaint was amended as of right on September 8, 2021. *See* ECF No. 2. The complaint was amended based upon the Defendant's representations that the correct job titles for the Plaintiffs were "Stock Associate" and "Sales Associate" (for Donald Hess), and "Overnight Department Manager" (for Elizabeth Padilla). However, although the classes were limited based upon BBB's representations, BBB has not furnished any document evidencing the job titles of the representative Plaintiffs.  On September 22, 2021, the Defendant filed a letter request for leave to file a motion to dismiss. *See* ECF No. 21. On December 12, 2021, with leave of the Court, Plaintiffs filed an amended pleading asserting that the statute of limitations on all NYLL claims was tolled by executive order. *See* ECF No. 46; *Brash v. Richards*, 2021 N.Y. Slip Op. 03436, 195 A.D.3d 582, 149 N.Y.S.3d 560 (2d Dep't June 2, 2021).

**Facts.** Plaintiffs served discovery requests in July 2021, in which we sought job descriptions for all New York store employees of BBB.  As of today, BBB <u>has been unable to locate any job description for any one of the thousands of employees who worked at its New York Stores during the relevant time period</u>. BBB has refused to state whether it has wage

MOSER LAW FIRM, P.C.
_____


February 9, 2022
Page 2 of 5

notices issued to named plaintiffs or the class pursuant to NYLL § 195(1).  To date, BBB's total document production consists of 336 pages (primarily employee handbooks).

Having no success in obtaining relevant documents directly from the Defendant. Plaintiffs have diligently attempted to obtain information from non-parties via subpoena. On January 26, 2022, Plaintiffs received a response to a subpoena served upon the New York State Workers' Compensation Board consisting of 6,696 pages. The information contained in these documents indicates that amendment of the complaint is appropriate to include all store employees of BBB who were employed in the State of New York in any job title during the relevant time period.[1]

**What the New York State Workers' Compensation Subpoena Response Contains.**
The records contain reports of work-related injuries from Defendant BBB to the New York State Workers' Compensation Board. In these forms, BBB identifies each employee that was injured, the employee's job title, the date of the injury, and what the employee was doing when he or she was injured.  The physical tasks performed by employees is an issue in this case because only "manual workers" are entitled to the protections of NYLL § 191(1)(a). The Labor Law defines a "manual worker" as a "mechanic, workingman or laborer." NYLL § 190. Webster's Dictionary defines "manual" work as work that "require[es] or us[es] physical skill and energy."[2] The NYS Department of Labor agrees that whether an employee is a "manual worker" depends on the amount of physical labor performed.

**The Workers' Compensation records show that all store employees, regardless of job title, were required to perform physical labor.** In the past six years,  BBB reported at least

---

[1] In addition, we recently learned that a class was certified for settlement purposes in a factually identical case brought in the Supreme Court, Nassau County against Buy Buy Baby, Inc., Bed Bath & Beyond's wholly-owned subsidiary.  *See Kingston v. Buy Buy Baby, Inc.,* 603184/2021. The class certified in *Kingston* consists of *all non-exempt employees* of Buy Buy Baby, Inc. who were employed in New York. Jeff Ruzal, Esq. of Epstein Becker and Green, counsel for Bed Bath & Beyond in this case, also represents Buy Buy Baby, Inc. in the *Kingston* case. In the memorandum of law in support of the motion for class certification under CPLR 901 and 902, plaintiffs' counsel in *Kingston* wrote:

> The Class Members – regardless of the store – were subject to the same policy on when they were paid. Namely, the company paid all of its non-exempt employees every two week, versus every week. Next, the operative legal questions are the same for the class: whether they constitute "manual workers" under the Labor Law; whether the company violated N.Y. Lab. § 191 (1)(a) by paying them every two weeks; whether they have a private right of action under N.Y. Lab. § 191(1)(a); and whether they can recover liquidated damages under N.Y. Lab. Law § 198(1-a). These questions do not require individualized inquiries to be answered.

This motion was *unopposed* by counsel for Buy Buy Baby, Inc./Bed Bath & Beyond, Inc.

[2] See https://www.merriam-webster.com/dictionary/manual (last visited February 5, 2022).

MOSER LAW FIRM, P.C.



February 9, 2022
Page 3 of 5

342 injuries to New York store employees caused by ***twisting, carrying, lifting, pushing, pulling or other physical strain.*** The physical strain injuries are summarized in the following table:

|  | Injury by Twisting, Carrying, Lifting, Pushing or Pulling, or Other Strain | Percent of Strain Injuries |
|---|---|---|
| Managers/Supervisors | 95 | 28% |
| Cashiers | 22 | 6% |
| All Others | 184 | 54% |
| **Total** | **342** | 100% |

      Managers and Supervisors accounted for more than 25% of all employees who suffered strain related injuries, even though managers and supervisors make up *only a small fraction of the workforce.* Cashiers and Managers together *accounted for more than a third of all physical strain related injuries* to store employees. The following are specific examples of "Managers" and "Cashiers" who, although we might not expect to be performing physically demanding work, were injured performing manual labor[3]:

- On September 24, 2014, an <u>Assistant Manager</u> injured his lower back "while pulling some 'heavy' store fixtures."
- On February 16, 2016, a <u>Cashier</u> injured his knees as he "was putting out stock."
- On March 28, 2016, an <u>Assistant Manager</u> was injured as he was "taking a pallet off a truck and the pallet fell onto his right leg."
- On June 28, 2016, a <u>Cashier</u> was injured when she dropped a heavy box on her left foot.
- On July 5, 2016, a <u>Department Manager</u> "was working with freight" and "felt a sharp pain in his left lower back area. . .as he lifted a large and heavy microwave."
- On June 22, 2017, a <u>Department Manager</u> "was moving a stack of boxes when he felt a pop and twinge in his left knee."
- On December 7, 2020, a <u>Cashier</u> cut his hand open as he "was opening boxes with a box cutter."

<u>**Leave to Amend and to Add Representative Plaintiffs as Necessary and to Expand The Class Definition Should be Granted**</u>

      "Rule 15 requires that the Court should 'freely give leave' to amend a pleading 'when justice so requires.'" *Dixon v. Attica Corr. Facility*, 2021 U.S. Dist. LEXIS 211875, at *3 (S.D.N.Y. Nov. 2, 2021). A motion to add additional class representatives is a motion to join

---

[3] These are not isolated incidents of employees performing work "outside" of their job titles. The information we have recently received from injured employees supports the proposition that all store employees, regardless of job title, were manual workers entitled to the protection of NYLL § 191(1)(a).

MOSER LAW FIRM, P.C.



February 9, 2022
Page 4 of 5

parties under Rule 21. And the standard for deciding whether to permit joinder under Rule 21 is "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *AAgerbrink v. Model Serv. L.L.C.*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

**There is good cause for granting the amendment and Plaintiffs have not delayed.** The workers' compensation records which were obtained via subpoena were requested from BBB in July 2021. However, BBB refused to furnish these records, claiming that they were "irrelevant." Defendant also refused to furnish class contact information.[4] Defendant has not furnished a single job description for any store employee or an organizational chart, and has refused to indicate whether it has hiring notices issued to the class member. Had BBB furnished these documents the basis for amending the complaint could have been discovered as early as August of 2021. Here the Plaintiffs file this letter less than two weeks after obtaining almost 7,000 documents.

Should the Defendant claim that the instant motion is untimely, it would seek to use its refusal to furnish discovery to its advantage. Under analogous circumstances, this Court has granted leave to expand the scope of state classes and add class representatives. *See Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT)(GWG), 2016 U.S. Dist. LEXIS 75393 (S.D.N.Y. June 7, 2016). In *Flood,* the defendant argued that a motion to amend two years after commencement was untimely. *Flood*, 2016 U.S. Dist. LEXIS 75393, at *7. The plaintiffs in *Flood* filed a motion to amend the complaint to include additional class actions and add representative plaintiffs approximately one month after the opt-in period closed. The Court pointed out that the Plaintiffs had acted timely considering the information available to them prior to the close of the opt-in period:

> Plaintiffs could not actually know the entire scope of potential plaintiffs until notice issued to the nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed. Although the case is nearly two years old, the litigation remains in its early stages and, most importantly, significant discovery has yet to commence. Ultimately, mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. Because Defendants are not substantially prejudiced by the amendments, as discussed above, and because there is no evidence that Plaintiffs' amendments are made in bad faith, whatever delay in Plaintiffs proposing their claims is not sufficient to justify denial of their motion.

*Flood*, 2016 U.S. Dist. LEXIS 75393, at *7-8 (internal citations and quotations omitted).

**Conclusion.** For the foregoing reasons, Plaintiffs request a pre-motion conference regarding an anticipated motion to amend the complaint to include additional class representatives, expand the scope of the class(es), and assert a class claims under NYLL §

---

[4] Defendant furnished an anonymized class list on January 21, 2022, but the list contains no contact information and therefore contact with putative class members was limited.

Moser Law Firm, P.C.
_____



February 9, 2022
Page 5 of 5

195(1). and that the Plaintiffs be permitted to submit the proposed amended pleading on or before March 11, 2022.

Respectfully submitted,

*Steven J. Moser*

`                                    Steven J. Moser

CC: All Counsel of Record, Via ECF