

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

February 10, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      Re:   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
             Index No. 1:21-cv-4099-AT

Dear Judge Lehrburger:

      The undersigned represents Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond") in this matter. I write pursuant to your Honor's Individual Practices III(B) and I(F), respectfully requesting an adjournment to file a response to Plaintiffs' February 9, 2022 pre-motion letter to the Court concerning Plaintiffs' anticipated motion to amend the Second Amended Complaint ("SAC") (ECF #59). Given the representation by Steven J. Moser, Esq., counsel for Plaintiffs, that he is engaged in an ongoing fact investigation to prepare amendments to the SAC[1], and will not be able to furnish a proposed third amended complaint to opposing counsel and the Court prior to March 11, 2022, Bed Bath & Beyond presently is not well-enough informed, and therefore not in a fair position, to consent or oppose any amendments Plaintiffs may ultimately make in their finalized proposed third amended complaint.

      Defendant's foremost concern is that the scope of the amendments in any finalized proposed third amended complaint may exceed or otherwise differ from the amendments referenced in Plaintiffs' pre-motion letter. Mr. Moser indicated in his pre-motion letter that he is presently conducting an investigation in order to prepare such proposed amendments to the SAC. Therefore, it is very possible that Mr. Moser will propose additional new amendments not described in his pre-motion letter. To be sure, Plaintiffs' proposed amendments have already been a moving target. In Mr. Moser's February 7, 2022 (4:09PM) email to Defendant, he stated that "no new causes of action will be alleged;" yet, less than 48 hours later, Mr. Moser filed a pre-motion letter setting forth Plaintiffs' intent to include a new claim for a purported wage notice violation pursuant to New York Labor Law ("NYLL") § 195(1).

---

[1] In addition, Mr. Moser represented in his February 9, 2022 pre-motion letter that he will be undergoing surgery on February 11, 2022, and thereafter taking post-surgical leave for approximately two to four weeks.

The Honorable Robert W. Lehrburger
February 10, 2022
Page 2

In submitting their pre-motion letter now, Plaintiffs appear to be hastily attempting to comply with the Court's February 8, 2022 Order (ECF# 58) directing Plaintiffs to submit a pre-motion letter by February 15, 2022[2]. Defendant cannot, however, fairly take a position on Plaintiffs' potential amendments based only on a short overview of such proposed amendments, as summarized in Plaintiffs' pre-motion letter, as well as any additional content that Mr. Moser may propose to include in his forthcoming finalized proposed third amended complaint on March 11, 2022.

For the forgoing reasons, Defendant respectfully requests an adjournment of its opposition to Plaintiffs' pre-motion letter until such reasonable time after Plaintiffs finalize their proposed third amended complaint so that Defendant can review the entirety of all proposed amendments, and thoughtfully and fully consider any and all appropriate arguments in opposition thereto, or consent to any such amendments. Alternatively, to the extent the Court directs Defendant to file its opposition to the instant pre-motion letter, Defendant respectfully requests that the Court provide Defendant three business days from the date of any Order in which Your Honor sets forth such directive.

This is Defendant's first request for an extension of its time regarding Plaintiffs' pre-motion letter to amend. Plaintiffs have not responded to Defendant's request for consent to this request.

Thank you for Your Honor's consideration.

Respectfully submitted,

/s/ *Jeffrey H. Ruzal*

Jeffrey H. Ruzal

cc:    Paul Pagano, Esq. and Steven Moser, Esq.  (via ECF)

---

[2] Considering Mr. Moser's intervening surgery, it is understandable that Plaintiffs had aimed to file their pre-motion letter.