

# MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

April 18, 2022

**VIA ECF**

Hon. Robert W. Lehrburger, USMJ
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Lehrburger:

      By this letter I hereby renew Plaintiffs' request for a conference to discuss further amendments to the complaint. A proposed amended complaint is annexed hereto as Exhibit 1. The proposed amended pleading (1) adds representative plaintiffs[1], (2) expands the class of manual workers to include "[a]ll hourly (non-exempt) retail store employees (other than Managers and Assistant Store Managers) who worked in the State of New York during the relevant time period"[2], and (3) adds a second cause of action for failure to provide hiring notices.[3]

      Defendant Bed Bath & Beyond, Inc. ("BBB") has not answered, and has indicated that it will oppose the amendment as futile. BBB's motion to dismiss has not yet been briefed.

      **Procedural history.** Plaintiffs served discovery requests upon BBB in July 2021 seeking job descriptions for its New York workforce. BBB has not yet furnished any job descriptions, claiming it has been unable to locate any. In response to more than 80 document requests served in this class action, BBB has produced 339 pages of documents, a small fraction of which are relevant.

      Having little success in obtaining documents from the Defendant, Plaintiffs sought information from non-parties via subpoena. On January 26, 2022, Plaintiffs received a response to a subpoena served upon the New York State Workers' Compensation Board ("NYSWCB") consisting of 6,696 pages. The NYSWCB subpoena response contained reports of work-related injuries from BBB to the NYSWCB. For each work-related injury, BBB reported the name and job title of the injured employee, the date of the injury, *and a description of what the employee*

---

[1] The additional representative Plaintiffs are Judith Holland, Tamika Jones, Harry Lichtman, Dawn Mesa, Alexandra Smith and Emily Vahue.
[2] Proposed Amended Complaint, ¶ 128.
[3] Proposed Amended Complaint, ¶¶ 161-166.

Hon. Robert W. Lehrburger, USMJ                                    MOSER LAW FIRM, PC 
Re: *Hess v. Bed, Bath & Beyond, Inc.*, Case No. 21-cv-4099(AT)(RWL)
Page 2

*was doing when injured.* What BBB employees were doing when they were injured is relevant to determine whether these employees were "manual workers" entitled to the protections of NYLL § 191(1)(a).[4]

On February 9, 2022, less than two weeks after receiving the NYSWCB response, Plaintiffs advised the Court that redefining the class was appropriate because the NYSWCB records showed that employees, regardless of job title, were performing physical tasks and were therefore entitled to the protections of NYLL § 191. *See* ECF No. 59.

Under NYLL § 198 an employer is liable for statutory damages if the employer does not provide a hiring notice within 10 days of the first date of employment that complies with NYLL §195(1)(a). The notice must contain "a signed and dated written acknowledgement. . .of receipt of [the] notice."[5] On March 31, 2022 Plaintiffs furnished a proposed amended complaint to BBB. On April 13, 2022, BBB furnished "Notice of Acknowledgment of Pay Rate and Payday" forms (the "BBB form" or "forms") for Donald Hess, Tamika Jones, and Howard Lichtman. These forms, show that amending the complaint to include a cause of action under NYLL §§195(1)(a) and 198 is appropriate.

Donald Hess first hired by BBB on May 11, 2016. BBB has not produced any hiring notice for Hess from 2016. Hess subsequently left employment with BBB and was re-hired. According to Hess's 2018 form, he was re-hired on May 19, 2018, but did not sign a form until June 28, 2018, more than 10 business days after his hiring date. According to Howard Lichtman's form, he was hired on September 26, 2017 but did not sign a form until almost three months later, on December 18, 2017. Although Tamika Jones's form is contemporaneously dated with her hiring date, none of the BBB forms comply with NYLL §195(1)(a) because they do not contain "a signed and dated written acknowledgement. . .of receipt of [the] notice."

**There is good cause to extend the time to amend.** "Whether good cause exists turns on the diligence of the moving party." *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

Where Plaintiffs learn of additional parties and claims through discovery after the expiration of the scheduling order deadline, their inability to add the parties or claims prior to the expiration of the deadline does not constitute a lack of diligence. *See id.* at 507-08; *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (holding that newly

---

[4] The Labor Law defines a "manual worker" as a "mechanic, workingman or laborer." NYLL § 190. Webster's Dictionary defines "manual" work as work that "require[es] or us[es] physical skill and energy" or is "done by hand and not by machine." https://www.merriam-webster.com/dictionary/manual (last visited 4/16/2022). The NYS Department of Labor agrees that whether an employee is a "manual worker" depends on the extent of the physical tasks performed.

[5] Consistent with NYLL 195.1, the "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law Notice for Hourly Rate Employees" (LS-54) prepared by the Commissioner contains the following acknowledgement: "8. Employee Acknowledgement: On this day I have been notified of my pay rate, overtime rate (if eligible), allowances, and designated pay day on the date given below."

Hon. Robert W. Lehrburger, USMJ    MOSER LAW FIRM, PC 
Re: *Hess v. Bed, Bath & Beyond, Inc.*, Case No. 21-cv-4099(AT)(RWL)
Page 3

"discovered...facts underlying [the movant's] new cause of action ... is sufficient to show diligence"); *e.g.*, *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 148-49 (S.D.N.Y. 2012) (finding diligence and allowing amendment in light of facts allegedly learned during discovery). Here, the Plaintiffs indicated their intention to move to redefine the class and add representative plaintiffs less than two weeks after receipt of the NYSWCB subpoena response, and indicated their intention to add hiring notice claims less than a week after receiving BBB's hiring forms.

**Only one motion is necessary, not two.** The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. BBB intends on opposing the proposed amendments as "futile." However, BBB also intends on filing a motion to dismiss under Rule 12(b)(6) irrespective of whether the pleading is further amended, and has not yet filed an answer. This would require the Court to rule on two motions instead of one. This is unnecessary and duplicative, because a motion to dismiss under Rule 12(b)(6) is analyzed under the *same standard* as a defendant's opposition to a motion to amend on the grounds of futility. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

**Conclusion.** Only one motion is necessary, not two. Either a motion to amend *or* a motion to dismiss should be briefed. Plaintiffs hope that BBB will consent to the proposed amendments while preserving its right to move to dismiss.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF