

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

April 21, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

        Re:   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
                **Index No. 1:21-cv-4099-AT**

Dear Judge Lehrburger:

      We represent Defendant Bed Bath & Beyond Inc. ("Bed Bath & Beyond") in the referenced matter. We write pursuant to Your Honor's Individual Practices III(D) in opposition to Plaintiffs' request to: (1) move to further amend the Second Amended Complaint ("SAC"); and (2) consolidate briefing on Plaintiffs' motion to amend and Defendants' expected motion to dismiss.[1]

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

      Plaintiffs filed their original Complaint on May 7, 2021. On November 4, 2021, Defendant moved to dismiss the First Amended Complaint ("FAC")[2] on the grounds that Plaintiffs' New York Labor Law ("NYLL") § 191 claim was deficient as a matter of law because Plaintiffs lack standing pursuant to Article III, and that NYLL § 191 does not provide for a private right of action.

      On November 30, 2021, with the Court's approval, Plaintiffs amended the FAC *solely* to plead a temporal expansion of the statute of limitations based on a discrete tolling argument.[3] Explaining the basis for the purposeful limited amendment and that Plaintiffs were not seeking to change the class definition, Steven J. Moser, Esq., counsel for Plaintiffs, specifically stated: "we believe that most of the other classifications at the store level are manual workers. I mean they're retail workers who had to stock merchandise all day long. But it, to be conservative in the case we did not want to stretch outside the job, outside the job categories of the individuals that we

---

[1] Defendant had briefed and was prepared to file a motion to dismiss the SAC when Plaintiffs notified the Court that they intended to move to further amend their pleadings.

[2] Plaintiffs voluntarily amended the Complaint and filed the FAC to address the same deficiencies related to standing and private right of action arguments, pursuant to a meet and confer with Defendant.

represent." November 30, 2021 Tr. 28:22-29:4. Nearly five months later, however, Mr. Moser now proposes to amend the SAC to, in part, redefine the class to include nearly every store employee, regardless of their job titles or duties, in all locations in the state of New York.

In addition, Plaintiffs propose to add a new claim for improper wage notices under NYLL § 195, including for Mr. Hess, who has been a named plaintiff since May 2021 when the Complaint was originally filed. Most confounding, however, is the proposed Third Amended Complaint ("TAC") alleges that newly added named Plaintiff Tamika Jones' wage notice is improper because she did not sign or date it; however, the copy of Plaintiff Jones' wage notice that Defendant provided to Mr. Moser (before he filed the TAC) clearly reflects Plaintiff Jones' signature and handwritten date. Defendant contacted Mr. Moser by email to inquire of this erroneous allegation. Mr. Moser never responded.

## LEGAL STANDARD

A party may not amend a pleading where there is a showing of bad faith or prejudice, see Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). . . ."or [where] the proposed amendment is futile." Hadassah Acad. Coll. v. Hadassah Women's Zionist Org. of Am., Inc., No. 18 CIV. 2446 (AT), 2019 WL 1897668, at *4 (S.D.N.Y. Apr. 29, 2019) (J. Torres)(denying leave to amend where amendment would be futile because proposed complaint failed to allege "new facts such that it now has standing"). "However, 'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" Block, 988 F.2d at 350. "In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Id.

## PLAINTIFFS SHOULD NOT BE PERMITTED TO MOVE TO AMEND THE SAC BECAUSE OF FUTILITY AND THEIR BAD FAITH TACTICS

Plaintiffs have demonstrated bad faith by repeatedly amending the complaint (most recently attempting a fourth iteration in the proposed TAC) since this litigation commenced nearly one year ago, which have all failed to address the fundamental pleading deficiencies previously identified by Defendant. Nor have they addressed how their claims for 100% liquidated damages comport with the Due Process considerations involving excessive fines under the Eighth Amendment as the imposition of statutory penalties in amounts that are "wholly disproportioned to the" harm claimed by a Plaintiffs. St. Louis, I.M. & S. Ry. Co. v. Williams, 241 U.S. 63, 66-67 (1919). Plaintiffs' NYLL § 195(1) claim is also flawed on standing grounds. "Technical statutory violations that do not lead 'to either a tangible injury or something akin to a traditional cause of action' cannot sustain Article III standing in federal court." Sevilla v. House of Salads One LLC, No. 20CV6072PKCCLP, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (citations omitted) (dismissing NYLL § 195(3) claim).[4]

---

[4] Defendant provided a copy of this decision to Plaintiffs along with the applicable wage notices on 4/13/22.

The Honorable Robert W. Lehrburger
April 21, 2022
Page 3

In addition to the futility of the proposed amendments, the proposed TAC reflects Plaintiffs' improper attempts to expand the size and scope of this lawsuit. For example, Defendant was alerted by employees of the Company that numerous other employees were being targeted with sponsored solicitations on Facebook in the form of newspaper-styled headlines, such as "Employees Sue Bed Bath & Beyond for Delayed Wages," without disclosing that this sponsored post was in fact attorney advertising. Mr. Moser then proceeded to barrage current and former Bed Bath & Beyond employees with text messages soliciting their participation in the lawsuit, but not ostensibly as fact witnesses or to investigate Plaintiffs' claims, but rather to solicit them as putative named plaintiffs. The social media and text message solicitations referred Bed Bath & Beyond employees to the Moser Law Firm website, which encouraged putative plaintiffs to contact Mr. Moser wherein images of Bed Bath & Beyond's trademarked logos, storefronts and employees were displayed without Defendant's permission.[5] Rather than diligently pursuing their pending NYLL § 191 claim in the SAC, Plaintiffs have been attempting to improperly recruit additional named plaintiffs to support a new improper wage notice claim.

In addition, Plaintiffs' attempt to expand the class definition in the proposed TAC contradicts and disregards Mr. Moser's earlier representation to the Court in the Parties' November 30, 2021 conference where he indicated that Plaintiffs were purposely not pursuing a class more expansive than the job titles or positions of the Named Plaintiffs.[6] For all of the foregoing reasons, the Court should deny Plaintiffs' request to move to amend the SAC.

Lastly, Plaintiffs' request to consolidate briefing on their motion to amend the SAC and Defendant's expected motion to dismiss should be denied. Defendant has already briefed a motion to dismiss (twice) and should be afforded the opportunity to separately brief its motion to dismiss on myriad complex substantive and procedural grounds. While certain of Defendant's arguments regarding futility will draw upon the dispositive deficiencies in Plaintiffs' claims, Plaintiffs' amendments should first and foremost be disallowed on account of Plaintiffs' improper litigation tactics, which will unduly prejudice Defendant. In addition, Judge Torres's rules on page limits prevent Defendant from being able to adequately address all of the arguments in an omnibus brief.[7]

Respectfully submitted,

/s/ *Jeffrey H. Ruzal*

cc:   Steven Moser, Esq.  (via ECF)          Jeffrey H. Ruzal

---

[5] On February 10, 2022, Bed Bath & Beyond issued a letter to Mr. Moser directing him to cease Plaintiffs' improper solicitations. In response, Mr. Moser made certain modifications to their website and Facebook page to remove misleading Bed Bath & Beyond trademarks, but he has continued to use images of the Bed Bath & Beyond stores (and trademarks displayed therein) on his firm's website without permission.

[6] Further, Plaintiffs have not articulated how they will be able to represent a class of employees of disparate job titles in the absence of a named class representative for each such position, including non-exempt supervisory employees..

[7] Defendant previously requested an enlargement of the page limits in its brief in support of the motion to dismiss the SAC, and that request was denied.