

# MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

June 10, 2022

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2022
```

Hon. Robert W. Lehrburger, USMJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Lehrburger:

      I represent the Plaintiffs. By this letter, the parties request guidance from the Court regarding the Plaintiffs' anticipated motion to amend.

      On February 9, 2022, the Plaintiffs indicated their intention to amend the complaint in a letter to the Court. Dkt No. 59. On February 10, 2022, Your Honor noted that the motion to amend was a *non-dispositive* matter that could be considered by the Magistrate Judge pursuant to the order of reference. Dkt. No. 60.

      On April 21, 2022, the Defendant indicated that it would be opposing the amendment on procedural as well as substantive grounds (i.e., futility). *See* Dkt. No. 67. The Court held a conference on May 12, 2022 concerning the anticipated motion to amend. During that conference the Defendant confirmed its intention to challenge the amendment on the grounds of futility. *See* Dkt. No. 75, 18:3-14. A briefing schedule with regard to the motion to amend was set with Plaintiff's motion originally due on May 27, 2022. The date was subsequently extended to June 10, 2022, as the parties were discussing whether a consolidated briefing schedule would be appropriate.

      An argument that an amendment is futile is analyzed under a Rule 12(b) standard.[1] Based upon Plaintiffs' research, it appears as though the determination of whether amending the

---

[1] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, No. 17 CV 1861-LTS, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) ("[Leave to amend] may be denied on grounds of futility . . . if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim.").

Hon. Robert W. Lehrburger, USMJ  
June 10, 2022  
Re: *Hess v. Bed Bath & Beyond, Inc.,* 21-cv-4099(AT)(RWL)  
Page 2

MOSER LAW FIRM, PC

complaint would be futile is a decision on the merits of the action.[2] Defendant has indicated that it nevertheless intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Therefore, Defendant will be seeking decisions on the *merits* from both the Magistrate and District Judge.

The Second Circuit has noted that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. A party should not brief identical issues to, and seek opinions (perhaps conflicting) on the same issues from both the assigned Magistrate Judge and District Judge.

Addressing merits issues on the motion to amend also places the Magistrate in a position of ruling on merits *before the very same issues are again briefed to the District Judge.* Your Honor wisely noted at the most recent conference that the Defendants cannot be compelled to consent to the proposed amendment of the complaint. Plaintiff therefore proposes the following:

1. That the Defendant be directed that merits-based arguments should be preserved for the Defendant's motion to dismiss or, in the alternative, be consolidated into a single opposition brief to the motion to amend;[3]

2. That the Defendant be directed to indicate whether or not it intends to oppose the motion to amend on the grounds of futility on or before June 17, 2022;

3. That, in the event the Defendant chooses to file a consolidated opposition brief addressing the merits (futility), that the Court direct the Plaintiffs whether the motion to amend should be made to the Magistrate Judge or the District Judge.

4. That the motion to amend be briefed as follows:

| | |
|---|---|
| Plaintiff's motion to amend: | June 24, 2022 |
| Defendant's opposition: | July 15, 2022 |
| Plaintiff's reply: | July 29, 2022 |

---

[2] *See Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.").

[3] The reason for this is that the decision on the motion to amend, if opposed on the grounds of futility, would necessarily determine whether the Proposed Third Amended Complaint could withstand a motion to dismiss under Rule 12(b)(6).

Hon. Robert W. Lehrburger, USMJ  
June 10, 2022
Re:   *Hess v. Bed Bath & Beyond, Inc.*, 21-cv-4099(AT)(RWL)
Page 3

                                          Respectfully submitted,

                                          *Steven J. Moser*
                                          Steven J. Moser

CC:   All counsel of record via ECF

For efficiency, the parties shall proceed as follows. Plaintiff shall file its motion to file a third amended complaint by June 24, 2022. By July 22, 2022, Defendant shall move to dismiss the claims of the second amended complaint and file a consolidated brief in support its motion to dismiss and in opposition to Plaintiff's motion to amend. By August 12, 2022, Plaintiff shall file a consolidated brief in opposition to the motion to dismiss and in further support of its motion to amend. By August 26, 2022, Defendant shall file a reply, if any, in support of its motion to dismiss.

SO ORDERED:

6/13/2022

_____
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE