UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONALD HESS, ELIZABETH PADILLA, JUDITH HOLLAND, TIKA JONES, HARRY LICHTMAN, DAWN MESA, ALEXANDRIA SMITH and EMILY VAHUE, individually and on behalf of all others similarly situated,

                                Plaintiffs,

-against-

BED BATH & BEYOND INC.,

                                Defendant.
-------------------------------------------------------------------X

Case No: 21-cv-4099 (AT)(RWL)

**AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs DONALD HESS, ELIZABETH PADILLA, JUDITH HOLLAND, TIKA JONES, HARRY LICHTMAN, DAWN MESA, ALEXANDRIA SMITH and EMILY VAHUE, individually and on behalf of all others similarly situated, as class representatives, by their attorneys Moser Law Firm, P.C. allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. An employer may not "perpetually violate [NYLL] § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute. Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL." *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-0086 (SJF) (AKT), 2019 U.S. Dist. LEXIS 61726, at *13 (E.D.N.Y. Apr. 9, 2019).

2. On October 22, 1998, Defendant's Human Resources Director, Connie VanDyke wrote to the New York Commissioner of Labor on behalf of Defendant seeking permission to pay employees handling stock and/or merchandise ("stock/merchandise handlers") beyond the one-

1

week deadline set by NYLL § 191.  The Department of Labor's response dated October 28, 1998, stated, in part:

> This will acknowledge receipt of your October 22, 1998 letter addressed to Director Richard J . Polsinello, wherein you made application on behalf of Bed, Bath & Beyond, Inc. for permission to pay its manual workers in New York State on a bi-weekly basis. I have enclosed a copy of Section 191.l a (ii) of the New York State Labor Law[.]

The Department of Labor's response further notified the Defendant that in order to qualify for an exemption from the weekly pay provisions of NYLL § 191, it must submit additional information establishing that it met the statutory criteria.  There is no record showing that Defendant followed up on the 1998 application.

3. For the next 20 years, despite not being authorized to do so by the New York Commissioner of Labor, Bed Bath & Beyond, Inc. continued pay employees handling stock and merchandise every other week and continued to pay the wages earned in the first week of each bi-weekly pay period later than seven (7) days after the end of the workweek in which wages were earned.

4. Defendant finally obtained an exemption from the weekly pay requirement on November 13, 2018.

5. This lawsuit seeks to recover compensatory damages due to the Defendant's failure to pay wages to manual workers on time as required by NYLL § 191.  Plaintiffs also seek additional damages for manual workers for violations of the hiring notice provisions of NYLL §§ 195(1)(a) and § 198(1-b).

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

7. The members of the proposed class are citizens of states different from that of Defendant.

8. There are over 100 members in the proposed class.

9. Defendant is subject to personal jurisdiction in New York.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## DELAYED WAGES CLASS

11. Plaintiffs bring the First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All manual workers who worked for Bed Bath & Beyond, Inc. in New York State between September 24, 2014 and November 12, 2018 (the "Delayed Wages Class").

12. The members of the Delayed Wages Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

13. There are more than 3,700 members of the Delayed Wages Class.

14. Plaintiffs' claims are typical of the Delayed Wages Class, and the relief sought is typical of the relief which would be sought by each member of the Delayed Wages Class in separate actions.

15. Plaintiffs and the Delayed Wages Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Delayed Wages Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Delayed Wages Class.

16. Plaintiffs are able to fairly and adequately protect the interests of the Delayed Wages Class and have no interests antagonistic to the Delayed Wages Class.

17. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

19. Common questions of law and fact exist as to the Delayed Wages Class that predominate over any questions only affecting Plaintiff and/or each member of the Delayed Wages Class individually and include, but are not limited to, whether Defendant paid wages to Plaintiffs and the Delayed Wages Class on a timely basis.

## HIRING NOTICE SUBCLASS

20. Plaintiffs Hess, Jones and Lichtman (the "Hiring Notice Representatives") bring the Second Cause of Action on behalf of themselves and the following Subclass:

> All members of the Delayed Wages Class who were who were hired on or after April 9, 2011 and who did not receive a notice that complied with NYLL § 195(1) within 10 business days of the date of hire.

21. The members of the Hiring Notice Subclass are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22. Upon information and belief, there are more than one thousand members of the Hiring Notice Subclass.

23. The Hiring Notice Representatives' claims are typical of the Hiring Notice Subclass, and the relief sought is typical of the relief which would be sought by each member of the Hiring Notice Subclass in separate actions.

24. The Hiring Notice Representatives and the Hiring Notice Subclass have all been injured in that they have been paid wages in an untimely manner.

25. The Hiring Notice Representatives and the Hiring Notice Subclass are entitled to additional statutory damages for hiring notice violations because the Defendant failed to make "complete and timely payment of all wages due pursuant to" Article 9 of the New York Labor Law. NYLL § 198(1-b).

26. Defendant's corporate-wide policies and practices affected everyone in the Hiring Notice Subclass similarly. Each member of the Hiring Notice Subclass did not receive "complete and timely payment of all wages" and is entitled to additional statutory damages for failure to furnish a compliant hiring notice within 10 days after the date of hire.

27. The Hiring Notice Representatives are able to fairly and adequately protect the interests of the Delayed Wages Class and have no interests antagonistic to the Hiring Notice Subclass.

28. The Hiring Notice Representatives are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

30. Common questions of law and fact exist as to the Hiring Notice Subclass that predominate over any questions only affecting each member of the Hiring Notice Subclass individually and include, but are not limited to, whether Defendant made "complete and timely payment of all wages due", and if not whether the members of the Hiring Notice Subclass are entitled to additional damages arising out of the untimely payment of wages because (1) the Defendant's form did not comply with the New York Labor Law and/or (2) the form was not signed by employees within 10 business days of the date of hire.

## THE PARTIES

31. Plaintiff Hess is an individual who resides in the State of Texas.

32. Plaintiffs Padilla, Holland, Jones, Lichtman, Mesa, Smith, and Vahue are individuals who reside in the State of New York.

33. Defendant is a domestic company incorporated in New York with a principal place of business in Union, New Jersey.

34. Defendant owns and operates a chain of domestic merchandise retail stores in the State of New York.

## STATEMENT OF FACTS

*Donald Hess*

35. Defendant hired Hess on or about May 11, 2016. Thereafter, Hess separated from employment and was hired again on or about May 19, 2018.

36. Plaintiff Hess worked at the Defendant's West Babylon, New York retail store.

37. Plaintiff Hess held the following job titles: "stock associate" and "sales associate."

38. Following his re-hiring date (May 19, 2018), Hess did not sign the Defendant's form until on or about June 28, 2018, more than 10 business days after the date he was re-hired.

*Elizabeth Padilla*

39. Plaintiff Padilla was employed by Defendant from approximately 2003 to August 2017.

40. Plaintiff Padilla worked at Defendant's retail store located at 410 E 61st Street, New York, NY.

41. Padilla held the following job title: "overnight department manager."

*Judith Holland*

42. Plaintiff Holland was employed by Defendant from on or about November 2000 until approximately May 2019.

43. Plaintiff Holland held the following job titles: "receiving manager", "department manager", "stock replenishment associate", "key-holder" and "morning crew lead."

44. Plaintiff Holland worked in at the Defendant's retail stores located in Greece, New York, Pittsford, New York and Henrietta, New York.

*Tika Jones*

45. Plaintiff Jones was employed by Defendant from on or about August 2018 until approximately March 2020.

46. Plaintiff Jones held the following job titles: "Cashier", "Sales Associate" and "Stock associate."

47. Plaintiff Jones worked in at the Defendant's retail store located in Westbury, New York.

*Harry Lichtman*

48. Plaintiff Lichtman was employed by Defendant from on or about September 26, 2017 until approximately March 2020.

49. Plaintiff Lichtman held the title of "Sales Associate."

50. Plaintiff Lichtman worked at Defendant's retail store located in Mohegan Lake, New York

51. Lichtman did not sign Defendant's form within 10 business days of his first date of employment.  More specifically, Lichtman was hired on September 26, 2017, but signed the Defendant's form on December 18, 2017.

*Dawn Mesa*

52. Plaintiff Mesa was employed by Defendant from on or about July 2005 until approximately June 2019.

53. Plaintiff Mesa held the titles of "manager" and "merchandise manager."

54. Plaintiff Mesa worked at Defendant's retail stores located in Greece, New York, Webster, New York, Pittsford, New York, Victor, New York and Henrietta, New York.

*Alexandria Smith*

55. Plaintiff Smith was employed by Defendant from on or about August 2009 until approximately December 2020.

56. Plaintiff Smith held the titles of "cashier", "sales associate", "department supervisor", and "key holder".

57. Plaintiff Smith worked at Defendant's retail stores located at 1932 Broadway, Harlem, and 61st 1st Ave, in Manhattan New York.

*Emily Vahue*

58. Plaintiff Vahue was employed by Defendant from approximately 1998 until approximately June 2019.

59. Plaintiff Vahue held the following job titles: "Cashier", "Customer Service Representative", "Department Manager" and "Assistant Store Manager."

60. Plaintiff Vahue worked in the Defendant's retail stores located in Greece, Henrietta, Pittsford, and Buffalo (Waldon Galleria), New York.

*Facts Common to All Plaintiffs*

61. All plaintiffs spent more than 25% of their time handling stock and merchandise, regardless of job title.

62. All plaintiffs performed physical tasks at least 25% of their time including pulling, pushing, loading, unloading, stocking, lifting, scanning, bagging, organizing or moving stock and/or merchandise.

63. All plaintiffs, regardless of job title, were manual workers.

64. Defendant did not pay plaintiffs wages weekly.

65. Defendant paid plaintiffs the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

*Facts Common to the Hiring Notice Representatives and the Hiring Notice Subclass*

66. NYLL §195(1)(a) requires employer to provide a notice at the time of hiring. Furthermore,

> Each time the employer provides [a hiring] notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgement shall include an affirmation by the employee that the

9

employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified[,] and shall conform to any additional requirements established by the commissioner with regard to content and form.

67. Defendant created a form which does not comply with NYLL § 195.1. Although the Defendant's form has a signature line for the employee, the form does not contain "a signed and dated written acknowledgement. . .of receipt of [the] notice" and other information required by NYLL § 195.1. The Defendant's form does not contain all of the content of the commissioner's form.

68. Moreover, even if the Defendant's form had complied with NYLL § 195.1, Defendant violated NYLL §§ 195 and 198 because it failed to obtain the employees' signatures on the forms within 10 business days of the date of hire.

### FIRST CAUSE OF ACTION
### On Behalf of Plaintiffs and The Delayed Wages Class for violations of NYLL §§ 191 and 198

69. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

70. Plaintiffs and the members of the Delayed Wages Class were employed by Defendant in the State of New York.

71. Plaintiffs and the members of the Delayed Wages Class spent more than 25% of their time performing physical tasks.

72. Plaintiffs and the members of the Delayed Wages Class were merchandise/stock handlers who spent more than 25% of their time handling merchandise and stock.

73. Plaintiffs and the members of the Delayed Wages Class were manual workers.

74. Plaintiffs and the members of the Delayed Wages Class were entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

75. Defendant failed to pay Plaintiffs and the members of the Delayed Wages Class weekly as required by NYLL § 191.

76. Defendant failed to pay wages earned by Plaintiffs and the members of the Delayed Wages Class for the first workweek of each bi-weekly pay period within seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

77. Plaintiffs and the members of the Delayed Wages Class were injured and harmed by Defendant's violation of NYLL § 191 as, inter alia, they were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money. In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiffs and the members of the Delayed Wages Class are entitled to liquidated damages in the amount of the late paid wages.

78. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Delayed Wages Class are entitled to recover from Defendant liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**On Behalf of Plaintiffs Hess, Jones and Lichtman and the Hiring Notice Subclass**
**for violations of NYLL §§ 195 and 198**

79. Plaintiffs repeat and reallege the following allegations as if set forth at length herein.

80. The Hiring Notice Representatives and the members of the Hiring Notice Subclass were hired by Defendant to work in the State of New York.

81. The Hiring Notice Representatives and the members of the Hiring Notice Subclass were entitled to receive a hiring notice that conformed with all of the statutory requirements of NYLL § 195(1)(a).

82. Defendant's form does not comply with all of the requirements of NYLL §195(1) and does not conform with the requirements of the Department of Labor.

83. Defendant failed to obtain and keep an acknowledgment by employees of receipt of a hiring notice, and therefore cannot demonstrate compliance with the hiring notice provisions of NYLL 195(1)(a).

84. Hess, Lichtman, and the Hiring Notice Subclass did not sign the Defendant's form within 10 business days of the first date of employment.

85. The Hiring Notice Representatives and the members of the Hiring Notice Subclass did not receive "complete and timely payment of all wages due pursuant to" Article 9 of the New York Labor Law.  NYLL § 198(1-b).

86. The Hiring Notice Representatives and the members of the Hiring Notice Subclass are entitled to additional statutory damages in an amount of up to $5,000 each pursuant to NYLL § 198(1-b).

87. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Hiring Notice Subclass are entitled to recover from Defendant reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff(s) as representatives of the class and subclass and counsel of record as class counsel;

c)  On the first cause of action, compensatory damages in the amount of the delayed wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

d)  On the second cause of action, additional statutory damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

e)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
       June 24, 2022

                                                Respectfully Submitted,

                                                MOSER LAW FIRM, P.C.

By: _____
      Steven J. Moser, Esq.

*Attorneys for Plaintiffs*
5 East Main Street
Huntington, NY 11743
(516) 671-1150
steven.moser@moserlawfirm.com