Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743

631.824.0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated,

                                                                                              Plaintiffs,        **Case No. 21-cv-04099**

                                   -against-                        **Hon. Robert W. Lehrburger, USMJ**

BED BATH & BEYOND INC.,

                                                                                             Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Plaintiffs submit this memorandum of law in support of their motion for leave to amend pursuant to Rules 15 and Rule 21 of the Federal Rules of Civil Procedure.

### PROCEDURAL BACKGROUND

Plaintiffs served discovery requests upon Defendant in July 2021 seeking job descriptions for its New York retail store workforce. Defendant did not furnish job descriptions, and stated that it "is not withholding any documents responsive to this request." [1]

As of January 1, 2022, in response to more than 80 document requests served in this class action, Defendant had produced only 339 pages of documents, a small fraction of which were relevant. Defendant had not produced a single job description for a New York employee. Plaintiffs turned to Indeed and served a subpoena to obtain job descriptions, and later filed a

---

[1] An excerpt from BBB's response to Plaintiffs' Requests for Production of Documents is annexed hereto as Exhibit 1.

motion to compel compliance with the subpoena in the Western District of Texas. *See Hess v. Bed Bath & Beyond, Inc. v. Indeed,* 1:22-MC-480-RP (W.D. Tex.). Plaintiffs argued that the burden of production was properly upon Indeed, as BBB had been unable to locate responsive documents. Indeed, in opposing the motion, stated,

> BBB could obtain the [job postings]. This involves nothing more than BBB filling out a simple online form on Indeed's website to receive all data related to their account. BBB could also presumably seek the information at issue from any number of its own vendors. For example, one of BBB's current recruitment agencies is Recruitics, a "leading provider of talent attraction solutions for the Fortune 1000." This agency likely created the job posts for BBB, and definitely published them to sites like Indeed on behalf of BBB. Because Plaintiffs have not yet pressed BBB for its own information, this Court should deny Plaintiffs' motion to compel a non-party to produce that information.[2]

Magistrate Judge Mark Lane, of the Western District of Texas, denied the motion to compel, and described BBB's assertion that it cannot find responsive documents as "inexplicable." He also wrote,

> BBB's weak excuse for non-compliance defies credulity. Moreover, a defendant to a lawsuit cannot avoid its own production obligations by simply deflecting to the possibility that a non-party may have the information.[3]

In addition to seeking documents from Indeed, Plaintiffs also served a subpoena upon the New York State Workers' Compensation Board ("NYSWCB") on or about January 3, 2022. On January 26, 2022, Plaintiffs received a response to the subpoena from the NYSWCB consisting of 6,696 pages (about twenty times the volume of pages that the Defendant had produced). The NYSWCB subpoena response contained reports of work-related injuries from Defendant to the NYSWCB. For each work-related injury, Defendant reported the name and job title of the injured employee, the date of the injury, and a description of what the employee was doing when injured.

---

[2] See *Hess v. Bed Bath & Beyond v. Indeed,* 1:22-mc-00480 (W.D. Tex.), ECF No. 4, at 6.
[3] A copy of Magistrate Judge Lane's Decision and Order is annexed hereto as Exhibit 2.

On February 9, 2022, less than two weeks after receiving the NYSWCB response, Plaintiffs advised the Court that redefining the class was appropriate because the NYSWCB records suggested that employees, regardless of job title, were performing physical tasks and were therefore entitled to the protections of NYLL § 191. *See* ECF No. 59. On April 13, 2022, Defendant furnished hiring notices for certain of the representative plaintiffs, which for the first time revealed hiring notice violations. Less than a week later, on April 18, 2022,Plaintiffs renewed the request to amend and advised Defendant of the intention to assert hiring notice claims. *See* ECF No. 66. On June 13, 2022, the Court set a scheduling order for Plaintiffs' anticipated motion to amend and Defendant's motion to dismiss under Rule 12(b)(6) as follows:

> For efficiency, the parties shall proceed as follows. Plaintiff shall file its motion to file a third amended complaint by June 24, 2022. By July 22, 2022, Defendant shall move to dismiss the claims asserted in the second amended complaint and file a consolidated brief in support of its motion to dismiss and in opposition to Plaintiff's motion to amend. By August 12, 2022, Plaintiff shall file a consolidated brief in opposition to the motion to dismiss and in further support of its motion to amend. By August 26, 2022, Defendant shall file a reply, if any, in support of its motion to dismiss.[4]

## SUMMARY OF THE PROPOSED AMENDMENTS

The second amended complaint (ECF No. 47) was filed on behalf of Donald Hess and Elizabeth Padilla, individually and in a representative capacity, to recover liquidated damages for delayed payment of wages on behalf of those who held the same job titles as the Plaintiffs (Count I, ¶¶70-80, for Retail Stock Associates, Count II, ¶¶ 81-91, for Retail Sales Associates and Count III, ¶¶ 92-102, for Overnight Department Managers).

The proposed Third Amended Complaint ("TAC"), a copy of which is annexed to the notice of motion as Exhibit 1, has several changes, which are summarized as follows:

First, the TAC furnishes additional details concerning whether BBB's failure to pay

---

[4] *See* ECF No. 84

employees on time was willful, and outlines information obtained in discovery suggesting that BBB knew of its obligation to pay employees who, like the plaintiffs, handled stock and/or merchandise, on a weekly basis as early as October 1998. BBB did not obtain an exemption from the weekly payment requirement until November 2018. TAC ¶¶ 1-5.

Second, the TAC adds four named plaintiffs - Judith Holland, Tika Jones, Harry Lichtman, Dawn Mesa, Alexandria Smith and Emily Vahue. These individuals held various positions at BBB retail store locations throughout New York State. *See* TAC, ¶¶ 45-60.

Third, the TAC broadens the potential class of plaintiffs eventually certified to include "All manual workers who worked for Bed Bath & Beyond, Inc. in New York State between September 24, 2014 and November 12, 2018 (the 'Delayed Wages Class')." TAC, ¶ 11. The Third Amended Complaint consolidates the first three counts of the second amended complaint (SAC ¶¶ 70-102) into a first cause of action for delayed wages on behalf of all manual workers. *See* TAC ¶¶ 11-19, 69-78.

Fourth, it asserts a new second cause of action on behalf of plaintiffs Hess, Jones and Lichtman, for hiring notice violations. TAC ¶¶ 20-30, 79-87. The Hiring Notice Subclass consists of "All members of the Delayed Wages Class who were who were hired on or after April 9, 2011 and who did not receive a notice that complied with NYLL § 195(1) within 10 business days of the date of hire." TAC ¶ 20. The Second Cause of action is based upon hiring notices furnished by Defendant for the first time on April 13, 2022 showing that amendment is appropriate. The notices show that the violations of 195.1 were varied. The notice forms used by BBB were not official forms prepared by the DOL, and BBB's forms do not contain all of the information required by 195.1, such as "a signed and dated written acknowledgement. . .of receipt of [the] notice." They also are signed more than 10 days after the employees hiring date,

or are missing altogether. Donald Hess was first hired by BBB on May 11, 2016. BBB was unable to produce any hiring notice for Hess from 2016. Hess subsequently left employment with BBB and was re-hired. According to Hess's 2018 form, he was re-hired on May 19, 2018, but did not sign a form until June 28, 2018, more than 10 business days after his hiring date. According to Howard Lichtman's form, he was hired on September 26, 2017 but did not sign a form until almost three months later, on December 18, 2017. Information obtained by Plaintiffs suggests that the failure to obtain signatures on the BBB notice forms was systemic at the store level, and that the compliance issues were likely uncovered by audits later requested by BBB's human resources department. Finally, BBB cannot demonstrate compliance with NYLL 195.1, as it is required to keep a signed and dated written acknowledgement of receipt of the notice by the employee for a period of no less than 6 years, and no such acknowledgemnts exist.

## ARGUMENT

**1. The Standard Under Rules 15 and 21 is Liberal.**

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21." *Zucker v. Porteck Glob. Servs.*, No. 13-CV-2674(JS)(AKT), 2015 U.S. Dist. LEXIS 144132, at *10 (E.D.N.Y. Oct. 23, 2015).

As the Supreme Court has held, "this mandate is to be heeded: In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the

leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## 2. Defendant Bears the Burden of Proving Prejudice or Futility

As the non-moving party, Defendant bears the burden of demonstrating that the proposed amendments would be prejudicial or futile. *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998); *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *10.

## 3. None of the Foman Factors are Present

"Leave to file an amended complaint…should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). None of the *Foman* factors are present here. The Plaintiff makes the motion in a timely manner. There is no evidence of bad faith. There is no undue prejudice to Defendant.

### 3.1. There is no evidence of undue delay or bad faith

It is important to note that "mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Portelos v. City of N.Y.*, No. 12-CV-3141(RRM)(VMS), 2015 U.S. Dist. LEXIS 123261, 2015 WL 5475494 (E.D.N.Y. Sept. 15, 2015) (quoting *Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). In fact, the Supreme Court's leading decision allowing amendment of a complaint, *Foman*, 371 U.S. 178, involved a *post-judgment* motion.

There is good cause to grant leave to amend at this point. "Whether good cause exists

turns on the diligence of the moving party." *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Where, as here, Plaintiffs learn of additional and claims through discovery after the expiration of the scheduling order deadline, their inability to add the parties or claims prior to the expiration of the deadline does not constitute a lack of diligence. *See id.* at 507-08; *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (holding that newly "discovered...facts underlying [the movant's] new cause of action ... is sufficient to show diligence"); *e.g.*, *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 148-49 (S.D.N.Y. 2012) (finding diligence and allowing amendment in light of facts allegedly learned during discovery).

The workers' compensation records which were obtained via subpoena were requested from BBB in July 2021. However, BBB refused to furnish these records, claiming that they were "irrelevant." Had BBB furnished these documents the basis for amending the complaint could have been discovered as early as August of 2021. Here the Plaintiffs raised the amendment issues less than two weeks after obtaining almost 7,000 documents. Should the Defendant claim that the instant motion is untimely, it would seek to use its refusal to furnish discovery to its advantage. Under analogous circumstances, this Court has granted leave to expand the scope of state classes and add class representatives. *See Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT)(GWG), 2016 U.S. Dist. LEXIS 75393 (S.D.N.Y. June 7, 2016). In *Flood*, the defendant argued that a motion to amend two years after commencement was untimely. *Flood*, 2016 U.S. Dist. LEXIS 75393, at *7. The plaintiffs in Flood filed a motion to amend the complaint to include additional class actions and add representative plaintiffs approximately one month after the opt-in period closed. The Court pointed out that the Plaintiffs had acted timely considering the information available to them:

> Plaintiffs could not actually know the entire scope of potential plaintiffs until notice issued to the nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed. Although the case is nearly two years old, the litigation remains in its early stages and, most importantly, significant discovery has yet to commence. Ultimately, mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. Because Defendants are not substantially prejudiced by the amendments, as discussed above, and because there is no evidence that Plaintiffs' amendments are made in bad faith, whatever delay in Plaintiffs proposing their claims is not sufficient to justify denial of their motion.

*Flood*, 2016 U.S. Dist. LEXIS 75393, at *7-8 (internal citations and quotations omitted).

Here, the Plaintiffs indicated their intention to move to redefine the class and add representative plaintiffs less than two weeks after receipt of the NYSWCB subpoena response. Plaintiffs indicated their intention to add hiring notice claims less than a week after receiving BBB's hiring forms. Significant discovery has not yet commenced.

### 3.2. There is no undue prejudice

"Undue prejudice to the opposing party is typically the most important consideration in evaluating a motion to amend a pleading." *Lacher v. Comm'r*, 32 F. App'x 600, 603 (2d Cir. 2002) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "If no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.).

Relevant factors include whether a party's opponent would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay resolution of the dispute. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). However, "'time, effort, and money' expended in litigation [without more] 'do not arise to the substantial prejudice' that would justify denial of leave to amend." *McGee v. Doe*, 568 F. App'x 32, 40 (2d Cir. 2014) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).

Defendant will not be required to expend significant additional resources to conduct class discovery and prepare for trial, and there will be no significant delay in the resolution of this dispute.  Defendant has not yet answered the Second Amended Complaint.  Defendant will be opposing this motion simultaneously with its Defendant's motion to dismiss under Rule 12(b)(6).  No class has been certified.  Defendant has not yet produced all documents for a representative sample of the existing class. Depositions have not been taken.  Discovery motion practice may be necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file the Third Amended Complaint.

Dated: Huntington, New York
       June 24, 2022

                                    Respectfully Submitted,

                                    *Steven John Moser*
                                    Steven John Moser