

MOSER LAW FIRM, P.C.

Steven J. Moser
631-824-0200
steven.moser@moserlawfirm.com

June 26, 2022

<u>VIA ECF</u>

Honorable Brian M. Cogan, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY  11201

Re:     **Request for Pre-Motion Conference – Motion to Consolidate**
         *Katerina Georgiou v. Harmon Stores, Inc.,* 2:22-cv-02861(BMC)
         <u>Related Action: *Hess, et. al. v. Bed Bath & Beyond,* 21-cv-4099(AT)(RWL)(S.D.N.Y.)</u>

Dear Judge Cogan:

         I represent the Plaintiffs in this action and the above referenced related action.  I write
pursuant to the Court's Individual Rules to request a pre-motion conference regarding a motion
to transfer *Georgiou v. Harmon Stores, Inc.* to the Southern District of New York and
consolidated with *Hess, et. al. v. Bed Bath & Beyond, Inc.,* 21-cv-4099 (AT)(RWL), or in the
alternative, to stay the briefing of Defendant's proposed motion to dismiss.

         **Facts.**  *Harmon Stores, Inc.* is a wholly owned subsidiary of *Bed Bath & Beyond, Inc.*
Bed Bath & Beyond, Inc. and Harmon Stores, Inc. (together "the Company") share corporate
governance, payroll functions and financial statements.  *Hess v. Bed Bath & Beyond, Inc.* was
commenced on May 7, 2021. *Georgoiu v. Harmon Stores, Inc.* was commenced on May 16,
2022.  Plaintiffs are represented by the undersigned in both cases.  The Company is represented
by Jeffrey Ruzal, Esq. of Epstien Becker & Green in both cases.  Jurisdiction under the Class
Action Fairness Act, 28 U.S.C. § 1332 is asserted in both cases.  Both cases seek damages for
violations of the timely payment provisions of NYLL § 191.  The procedural status of the cases
is similar.  Plaintiff submitted a proposed Third Amended Complaint in *Hess* on June 24, 2022.
The Company has not answered the complaint in *Hess* and will be filing a motion to dismiss
based on the following arguments:

    1. Plaintiff does not have Article III standing to assert violations of the NYLL because
       there is no injury in fact;[1]
    2. There is no private right of action for violations of § 191;[2]

---

[1] *See Hess,* 1:21-cv-4099-AT-RWL (ECF No. 67, at 2, Filed 04/21/22, and ECF No. 14, at 1, Filed
6/30/21);

[2] *Id.*



MOSER LAW FIRM, P.C.

_____

June 26, 2022
Page 2 of 3

     3.  The damages sought are prohibited by the Due Process clause of the Eighth Amendment.[3]

On June 24, 2022, after the briefing schedule was already issued in *Hess[4]* the Company indicated that it also intends on making a motion to dismiss in *Georgiou* based upon the following identical arguments:

     1.  Plaintiff does not have Article III standing to assert violations of the NYLL because there is no injury in fact;[5]
     2.  There is no private right of action for violations of § 191;[6]
     3.  The damages sought are prohibited by the Due Process clause of the Eighth Amendment.[7]

**The matters should be consolidated. "**If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; [or] (2) consolidate the actions[.]" Fed. R. Civ. P. 42. "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "[C]onsiderations of judicial economy favor consolidation." *Id.* at 1285. The court may also consider the following factors:

     1.  The risk of inconsistent adjudications of common legal issues. *Id.;*
     2.  The similarity in the claims made, and defenses asserted. *See id.;*
     3.  Whether consolidation will eliminate unnecessary repetition. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999);
     4.  The burden on the courts posed by multiple lawsuits involving the same legal claims. *Johnson*, 899 F.2d at 1285;

As previously mentioned Plaintiffs are represented by the same attorney in both actions. The Company is represented by the same attorneys in both actions. The first cause of action asserted by Plaintiffs in both actions is identical. The Company asserts the same defenses in both actions. The filing of essentially identical motions with two courts poses a risk of inconsistent adjudications of common legal issues. The evidence presented in both cases will overlap. Paula Barone, Vice President of Payroll for the Company, has been identified in both cases as an individual who will testify regarding the payroll policies for Bed Bath & Beyond store ("BBB store") employees and Harmon store employees. The Company uses a single payroll service provider (ADP) for employees working at BBB stores and Harmon stores. The

---

[3] *See Hess,* 1:21-cv-4099-AT-RWL (ECF No. 67, at 2, Filed 04/21/22)
[4] *See Hess,* 1:21-cv-4099-AT-RWL (ECF No. 84).
[5] *See Georgiou,* 2:22-cv-02861-BMC (ECF No. 9, at 2-3, Filed 6/24/2022).
[6] *Id.*
[7] *Id.*



MOSER LAW FIRM, P.C.

_____
June 26, 2022
Page 3 of 3

defenses with regard to good faith (what the Company knew and when they knew it) will overlap.

**Harmon and BBB constitute a single employer.**  The Company had authority over the payroll decisions affecting both BBB store employee and Harmon store employees.  The Company purchased a single disability, workers' compensation, and family leave insurance policy to cover employees working at BBB stores and at Harmon stores.  Paula Barone is the Vice President of Payroll for employees working at both BBB stores and Harmon stores.  The Company shares payroll personnel for both BBB store employees and Harmon store employees.  Therefore, Harmon and BBB constitute a single integrated enterprise for the purposes of liability under the NYLL. *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 505 (S.D.N.Y. 2013).

**If the matters are not consolidated, the briefing on Defendant's anticipated motion to dismiss in *Georgiou v. Harmon* should be stayed, as the decision in *Hess v. Bed Bath & Beyond* will have preclusive effect.** Res judicata prevents the Company from seeking a decision on the merits from this court once it has presented those issues to another.  A party is precluded from litigating claims in a subsequent action if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims [or defenses] asserted in the subsequent action were raised in the prior action."  *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015).  The Company is precluded from relitigating its Article III standing, private right of action, and 8th Amendment arguments because: (1) the Company is seeking an adjudication on the merits in *Hess*; (2) *Harmon* as a wholly-owned subsidiary, is in privity with its parent. *Donovan v. Lewnowski*, No. 03-CV-2985 (DLI)(JO), 2005 U.S. Dist. LEXIS 34268, at *20 n.9 (E.D.N.Y. Aug. 30, 2005); *Caruso v. Candie's, Inc.*, 201 F.R.D. 306, 311 n.3 (S.D.N.Y. 2001); and (3) The Company will be raising the same arguments in the *Georgiou* case that will have been briefed and decided upon in the *Hess* case.

**Conclusion.**  The Plaintiff requests a pre-motion conference regarding an anticipated motion to consolidate.  If the cases are not consolidated, the briefing in the *Georgiou* case should be stayed pending a decision in *Hess*.  If the Company's motion to dismiss in *Hess* is denied, that decision should have res judicata effect.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:    Hon. Analisa Torres, USDJ (Via ECF in *Hess,* 21-cv-4099 (S.D.N.Y.))
       Hon. Robert W. Lehrburger, USMJ (Via ECF in *Hess,* 21-cv-4099 (S.D.N.Y.))
       All counsel of record (Via ECF)