EXHIBIT B

| | |
|---|---|
| **From:** | Francesco A. DeLuca |
| **Sent:** | Friday, May 27, 2022 11:36 AM |
| **To:** | Steven Moser; Jeffrey H. Ruzal |
| **Subject:** | RE: Motion to Amend - Hess |
| **Attachments:** | Comparison Document.docx; Letter Re Consolidated Briefing to AT (EBG Edits).DOCX |

Steve,

I attach a revised letter, as well as a comparison showing our edits. As we are consolidating our motion to dismiss with our opposition to your motion to amend, we think it makes sense to consolidate your opposition to our motion to dismiss with your reply to our opposition to your motion to amend. We've included a proposed page limit of 40 pages for that consolidated filing (which is 5 fewer pages than would be available if the opposition and reply were filed together). We think that this is a sensible limit, but we are not wedded to it.

If this looks good, please file at your convenience.

Best,

Fran

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Friday, May 27, 2022 10:31 AM
**To:** Francesco A. DeLuca <FDeLuca@ebglaw.com>; Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** Motion to Amend - Hess

*** EXTERNAL EMAIL ***

Jeff & Fran

Please advise as to your position on the letter before 1 PM.

Thanks,

SJM

Steven J. Moser
Direct 631-759-4054
Cell 516-671-2776
Fax 631-759-4054

MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY  11743

www.moseremploymentlaw.com



**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May ~~26~~27, 2022

**VIA ECF**

Hon. Analisa Torres, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Torres:

  I represent the Plaintiffs.  <u>I make this letter request jointly with Defendant.</u> The parties, following a meet and confer, ~~jointly~~ write to the ~~court~~Court regarding ~~the~~their anticipated motions to amend and to dismiss.

  On February 9, 2022, the Plaintiffs indicated their intent to amend the complaint in a letter to the Court.  Dkt No. 59.  On February 10, 2022, the Court noted that the motion to amend was a non-dispositive matter that would be considered by the Magistrate Judge pursuant to the order of reference. Dkt. No. 60.

  On April 21, 2022, the Defendant indicated that it would be opposing the amendment on procedural as well as substantive grounds (i.e~~.~~., futility).  *See* Dkt. No. 67. Magistrate Judge Lehrburger held a conference on May ~~25~~12, 2022 concerning the anticipated motion to amend. During that conference the Defendant affirmed its intention to challenge the amendment on the grounds of futility. Dkt. No. 75~~;~~, 18:3-14.  ~~Judge Lehrburger pointed out that he would be applying the same standard as applicable to a motion to dismiss under Rule 12(b)(6) to the motion to amend.~~ [1]  ~~Dkt. No. 75; 18:14.~~  A briefing schedule with regard to the ~~Motion~~motion to ~~Amend~~amend was set <u>with Plaintiff's motion due on May 27, 2022, Defendant's opposition due on June 27, 2022, and Plaintiff's reply due on July 18, 2022. *See*</u> Dkt. No. ~~.~~74.

  ~~Based upon further research, it appears as though the determination of whether amending the complaint would be futile is a decision on the merits of the action.~~ *~~Children First Found., Inc. v. Martinez~~*~~, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at \*15 (N.D.N.Y. Dec. 27, 2007)("[S]ome district courts in this circuit have held that a denial of a motion to amend~~

---

[1] ~~Because a motion to dismiss under Rule 12(b)(6) is analyzed under the same standard as a defendant's opposition to a motion to amend on the grounds of futility.~~ *~~Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals~~*~~, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).")~~


~~is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.")(citing *HHC, Inc. v. RH & M Mach. Co.,* 39 F. Supp. 2d 317, 321 (S.D.N.Y.1999)); *Bey v. City of N.Y.,* 2010 U.S. Dist. LEXIS 99645, at *37-38 (S.D.N.Y. Sep. 20, 2010)(noting that a Magistrate's "denial of the motion to amend on the grounds of futility. . .was clearly made on the merits."); *Dais v. Lane Bryant, Inc.,* No. 97-CV-2011, 2000 WL 145755, at *1 (S.D.N.Y. Feb. 8, 2000)(reviewing denial of leave to amend de novo because determination was based in part on the futility of plaintiff's claim);~~

An argument that an amendment is futile is analyzed under a Rule 12(b) standard.[2] Based upon Plaintiffs' research, it appears as though the determination of whether amending the complaint would be futile is a decision on the merits of the action.[3] Further, through this letter, Defendant respectfully requests permission pursuant to Your Honor's Individual Rule of Practice III(A) to file a motion to dismiss the currently operative complaint (i.e., the Second Amended Complaint).[4] If Your Honor grants Defendant's request, Defendant intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Specifically, in addition to the grounds set forth in Defendant's pre-motion letter requesting permission to move to dismiss the First Amended Complaint (i.e., lack of Article III standing and the absence of a private right of action under NYLL § 191)—which the Court granted, *see* Dkt. No. 21; Dkt. No. 23—Defendant intends to argue that NYLL § 191's liquidated damages provision violates the Fourteenth Amendment's Due Process Clause and that the Court should dismiss the claims under the Class Action Fairness Act's local controversy or home state exception.

Of course, presenting merits-based arguments in two separate filings to two judges may be inefficient and ~~lead to inconsistent rulings.~~ result in an unnecessary expenditure of judicial resources. For this reason, the parties propose that the motion to amend be addressed to Your Honor, and that Your Honor consolidate briefing on Plaintiffs' motion to amend and Defendant's motion to dismiss, so that Your Honor may rule on the merits in ~~a single~~ one fully-briefed omnibus motion. The Parties further propose the following briefing schedule:

---

[2] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, No. 17 CV 1861-LTS, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) ("[Leave to amend] may be denied on grounds of futility . . . if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim.").

[3] *See Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.").

[4] Defendant also requests permission to argue that, in the event the Court grants Plaintiff leave to amend, the Court should dismiss the Third Amended Complaint for largely the same reasons it should dismiss the Second Amended Complaint.

Hon. Analisa Torres, USDJ									MOSER LAW FIRM, PC
Re:	Hess v. Bed Bath & Beyond, Inc., {{case|552002}}
Page 3

~~Filing                           Served on or Before~~
~~Motion to Amend~~
~~Opposition~~
~~Reply~~

| *Filing* | *Served on or Before* |
|---|---|
| Plaintiff's Motion to Amend | June 24, 2022 |
| Defendant's Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss | July 22, 2022 |
| Plaintiff's Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend | August 12, 2022 |
| Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss | August 26, 2022 |

	Finally, Defendant requests a 50-page limit for its Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss (which is 10 fewer pages than it would be permitted under Your Honor's Individual Rules of Practice if it were to file these briefs separately), and Plaintiff requests a 40-page limit for its Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend (which is 5 fewer pages than it would receive under Your Honor's Individual Rules of Practice it if were to file these briefs separately).

						Respectfully submitted,

						*Steven J. Moser*
						Steven J. Moser

CC:	All counsel of record via ECF



**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 27, 2022

**VIA ECF**

Hon. Analisa Torres, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Torres:

    I represent the Plaintiffs. I make this letter request jointly with Defendant. The parties, following a meet and confer, write to the Court regarding their anticipated motions to amend and to dismiss.

    On February 9, 2022, the Plaintiffs indicated their intent to amend the complaint in a letter to the Court. Dkt No. 59. On February 10, 2022, the Court noted that the motion to amend was a non-dispositive matter that would be considered by the Magistrate Judge pursuant to the order of reference. Dkt. No. 60.

    On April 21, 2022, the Defendant indicated that it would be opposing the amendment on procedural as well as substantive grounds (i.e., futility). *See* Dkt. No. 67. Magistrate Judge Lehrburger held a conference on May 12, 2022 concerning the anticipated motion to amend. During that conference the Defendant affirmed its intention to challenge the amendment on the grounds of futility. Dkt. No. 75, 18:3-14. A briefing schedule with regard to the motion to amend was set with Plaintiff's motion due on May 27, 2022, Defendant's opposition due on June 27, 2022, and Plaintiff's reply due on July 18, 2022. *See* Dkt. No. 74.

    An argument that an amendment is futile is analyzed under a Rule 12(b) standard.[1] Based upon Plaintiffs' research, it appears as though the determination of whether amending the

---

[1] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, No. 17 CV 1861-LTS, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) ("[Leave to amend] may be denied on grounds of futility . . . if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim.").

Hon. Analisa Torres, USDJ  MOSER LAW FIRM, PC 
Re:   *Hess v. Bed Bath & Beyond, Inc.*, {{case|552002}}
Page 2

complaint would be futile is a decision on the merits of the action.[2] Further, through this letter, Defendant respectfully requests permission pursuant to Your Honor's Individual Rule of Practice III(A) to file a motion to dismiss the currently operative complaint (i.e., the Second Amended Complaint).[3] If Your Honor grants Defendant's request, Defendant intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Specifically, in addition to the grounds set forth in Defendant's pre-motion letter requesting permission to move to dismiss the First Amended Complaint (i.e., lack of Article III standing and the absence of a private right of action under NYLL § 191)—which the Court granted, *see* Dkt. No. 21; Dkt. No. 23—Defendant intends to argue that NYLL § 191's liquidated damages provision violates the Fourteenth Amendment's Due Process Clause and that the Court should dismiss the claims under the Class Action Fairness Act's local controversy or home state exception.

Of course, presenting merits-based arguments in two separate filings to two judges may be inefficient and result in an unnecessary expenditure of judicial resources. For this reason, the parties propose that the motion to amend be addressed to Your Honor, and that Your Honor consolidate briefing on Plaintiffs' motion to amend and Defendant's motion to dismiss, so that Your Honor may rule on the merits in one fully-briefed omnibus motion.  The Parties further propose the following briefing schedule:

| *Filing* | *Served on or Before* |
|---|---|
| Plaintiff's Motion to Amend | June 24, 2022 |
| Defendant's Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss | July 22, 2022 |
| Plaintiff's Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend | August 12, 2022 |
| Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss | August 26, 2022 |

Finally, Defendant requests a 50-page limit for its Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss (which is 10 fewer pages than it would be permitted under Your Honor's Individual Rules of Practice if it were to file these briefs separately), and Plaintiff requests a 40-page limit for its Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend (which is 5 fewer pages than

---

[2] *See Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.").

[3] Defendant also requests permission to argue that, in the event the Court grants Plaintiff leave to amend, the Court should dismiss the Third Amended Complaint for largely the same reasons it should dismiss the Second Amended Complaint.

Re:     *Hess v. Bed Bath & Beyond, Inc.*, {{case|552002}}
Page 3

MOSER LAW FIRM, PC

it would receive under Your Honor's Individual Rules of Practice it if were to file these briefs separately).

                                                                             Respectfully submitted,

                                                                             *Steven J. Moser*
                                                                             Steven J. Moser

CC:    All counsel of record via ECF

FIRM:56224201v1

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM