

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

July 18, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      **Re:**   *Hess and Padilla v. Bed Bath & Beyond, Inc.*
            <u>Index No. 1:21-cv-4099-AT-RL</u>

Dear Judge Lehrburger:

    Counsel for Defendant Bed Bath & Beyond, Inc. encloses a courtesy copy of Harmon Stores, Inc.'s response to the document Plaintiffs' counsel filed in the case captioned <u>Katerina Georgiou v. Harmon Stores, Inc.</u>, No. 2:22-cv-02861-BMC (EDNY) of which he has provided this Court with a courtesy copy as ECF No. 92-1.

                                                 Respectfully submitted,

                                                 /s/ *Jeffrey H. Ruzal*

                                                 Jeffrey H. Ruzal

cc:    Steven J. Moser, Esq.  (<u>via</u> ECF)



Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

July 18, 2022

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Response to Plaintiff's July 18, 2022 Second Request for Extension to File Motion to Transfer**
*Katerina Georgiou v. Harmon Stores, Inc.*
2:22-cv-02861-BMC

Dear Judge Cogan:

    Just last week, Your Honor entered an order "direct[ing] plaintiff's counsel to do a better job of conferring than he has so far to determine if defendant might consent to the transfer." (See Order, dated July 13, 2022). Counsel for Plaintiff Katerina Georgiou, Steven J. Moser, Esq., disregarded the spirit of that order in his Second Request for Extension of Time to File Motion to Transfer ("Second Request"). Specifically, Mr. Moser seeks another extension of his deadline to file his motion to transfer. Your Honor's Individual Practices § I(E)(1)(d) required counsel to seek Defendant Harmon Stores, Inc.'s ("Harmon") consent to that request; however, he never did so. Rather, on July 18, 2022, at 2:50 p.m., counsel sent an email to Harmon's counsel requesting its consent to a *stay* of the motions filed or to be filed with Your Honor until Bed Bath & Beyond, Inc. ("BBB") files its motion to dismiss in an unrelated matter, Donald Hess et al. v. Bed Bath & Beyond, Inc., No. 1:21-cv-04099-AT-RWL (SDNY). He then filed the Second Request at 3:22 p.m.—giving counsel for Harmon all of *32 minutes* to consider his request.

    Making matters worse, Mr. Moser misrepresented to the Court the bases for BBB's anticipated motion to dismiss in Hess. Specifically, Mr. Moser omitted any reference to BBB's argument that the Southern District of New York lacks jurisdiction over the plaintiffs' claims in Hess pursuant to an exception to jurisdiction under the Class Action Fairness Act ("CAFA"). Mr. Moser has been aware that BBB intended to make a CAFA jurisdictional argument since at least May 27, 2022 and was reminded of it as recently as of 11:27 a.m. and again at 2:29 p.m. today, which preceded Mr. Moser's letter to the Court. (See Emails Between F. DeLuca and S. Moser, attached as Exhibit A; Email from F. DeLuca to S. Moser and Attachments to Same, attached as Exhibit B, at 8.) Yet, Mr. Moser failed to mention that dispositive jurisdictional argument

Epstein Becker & Green, P.C. | 875 Third Avenue | New York, NY 10022 | t 212.351.4500 | f 212.878.8600 | ebglaw.com

FIRM:56581816v1

July 18, 2022
Page 2

anywhere in his Second Request, seemingly to mislead the Court that BBB's arguments in <u>Hess</u> and Harmon's arguments in this case are identical—when they are not.

  Notwithstanding Georgiou's counsel's failures to meet and confer and misrepresentations to this Court, Harmon does not oppose his request for an extension of time to file his motion to transfer in this case.

              Respectfully Submitted,

              */s/ Jeffrey H. Ruzal*
              Jeffrey H. Ruzal

cc: all counsel of record (via ECF)