

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

July 19, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      **Re:**   *Hess and Padilla v. Bed Bath & Beyond, Inc.*
              **Index No. 1:21-cv-4099-AT-RL**

Dear Judge Lehrburger:

    Counsel for Defendant Bed Bath & Beyond, Inc. encloses a courtesy copy of the exhibits to the document docketed as ECF No. 94.

                                    Respectfully submitted,

                                    /s/ *Jeffrey H. Ruzal*

                                    Jeffrey H. Ruzal

cc:    Steven J. Moser, Esq.  (<u>via</u> ECF)

EXHIBIT A

| | |
|---|---|
| **From:** | Steven Moser <steven.moser@moserlawfirm.com> |
| **Sent:** | Monday, July 18, 2022 2:50 PM |
| **To:** | Francesco A. DeLuca |
| **Cc:** | Jeffrey H. Ruzal |
| **Subject:** | RE: Hess v. BBB - Briefing Schedule Extension |

**\*\*\* EXTERNAL EMAIL \*\*\***

I cannot consent to this, as you never previously raised this issue. We have had a stay in effect for a year based upon basic representations concerning your motion to dismiss. Any such motion would be untimely and improperly asserted. Moreover, defendant did not respond to Plaintiff's statement of jurisdiction to Judge Torres.

Please advise if you will consent to a stay of the motions with Judge Cogan pending submission of your motion to dismiss in Hess. The extent to which identical arguments will be made to two different courts implicates comity and judicial consistency, both factors involved in analyzing whether transfer is appropriate under 1404.

SJM

**From:** Francesco A. DeLuca <FDeLuca@ebglaw.com>
**Sent:** Monday, July 18, 2022 2:29 PM
**To:** Steven Moser <steven.moser@moserlawfirm.com>
**Cc:** Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** RE: Hess v. BBB - Briefing Schedule Extension

Steve,

In the draft of the letter regarding consolidated briefing on plaintiffs' motion to amend and defendant's motion to dismiss that we sent you on May 27, 2022, we stated:

> If Your Honor grants Defendant's request, Defendant intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Specifically, in addition to the grounds set forth in Defendant's pre-motion letter requesting permission to move to dismiss the First Amended Complaint (i.e., lack of Article III standing and the absence of a private right of action under NYLL § 191)—which the Court granted, see Dkt. No. 21; Dkt. No. 23—Defendant intends to argue that NYLL § 191's liquidated damages provision violates

1

the Fourteenth Amendment's Due Process Clause and that the Court should dismiss the claims under the Class Action Fairness Act's local controversy or home state exception.

However, in the version of the letter that you filed on June 10, 2022 without our permission, you unilaterally excluded this portion of the letter. If you had not made that revision, the Court would have been well aware of the precise arguments we intend to make in our consolidated brief.

Please let us know whether you consent to our request for an extension. Again, if we don't hear from you by 5:00 p.m., we will assume that you do not consent.

Best,

Fran



**Francesco A. DeLuca** | Bio
t 617.603.1082 | f 617.249.1573
FDeLuca@ebglaw.com

125 High Street, Suite 2114 | Boston, MA 02110
t 617.603.1100 | www.ebglaw.com

---

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Monday, July 18, 2022 11:50 AM
**To:** Francesco A. DeLuca <FDeLuca@ebglaw.com>
**Subject:** RE: Hess v. BBB - Briefing Schedule Extension

*** EXTERNAL EMAIL ***

I'm not asking for you to disclose the precise nature of what you are seeking from the third party. However, the only issues raised with Judge Lehrburger were (1) Article III standing (2) no private right of action under NYLL 191 and (3) due process under the 14th Amendment. Am I missing something?

SJM

2

**From:** Francesco A. DeLuca <FDeLuca@ebglaw.com>
**Sent:** Monday, July 18, 2022 11:27 AM
**To:** Steven Moser <steven.moser@moserlawfirm.com>
**Cc:** Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** RE: Hess v. BBB - Briefing Schedule Extension

Hi Steve,

We have made diligent efforts to locate a third-party vendor to provide us with data we intend to rely on in connection with our arguments that the Court lacks jurisdiction over this dispute, but we require additional time to do so. Please let us know if you would be willing to assent to this request as a professional courtesy.

Best,

Fran



**Francesco A. DeLuca** | Bio
t 617.603.1082 | f 617.249.1573
FDeLuca@ebglaw.com

125 High Street, Suite 2114 | Boston, MA 02110
t 617.603.1100 | www.ebglaw.com

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Friday, July 15, 2022 7:01 PM
**To:** Francesco A. DeLuca <FDeLuca@ebglaw.com>
**Cc:** Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** Re: Hess v. BBB - Briefing Schedule Extension

*** EXTERNAL EMAIL ***

What is the basis for the request

Get Outlook for iOS

---

**From:** Francesco A. DeLuca <FDeLuca@ebglaw.com>
**Sent:** Friday, July 15, 2022 6:59:42 PM
**To:** Steven Moser <steven.moser@moserlawfirm.com>
**Cc:** Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** Hess v. BBB - Briefing Schedule Extension

Hi Steve,

We intend to move for a 3-week extension of the deadline to file our motion to dismiss – making it due on August 12 – and to extend all remaining deadlines accordingly. Please let us know if you would agree to our proposed extension. If we don't hear from you by 5:00 p.m. next Monday (July 18), we will assume that you do not consent, and we will file our request with the court.

Have a good weekend,

Fran



**Francesco A. DeLuca** | Bio
t 617.603.1082 | f 617.249.1573
FDeLuca@ebglaw.com

125 High Street, Suite 2114 | Boston, MA 02110
t 617.603.1100 | www.ebglaw.com

CONFIDENTIALITY NOTE: This communication is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this communication or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this communication in error, please call the Help Desk of Epstein Becker & Green, P.C. at (212) 351-4701 and destroy the original message and all copies. Pursuant to the CAN-SPAM Act this communication may be considered an advertisement or solicitation. If you would prefer not to receive future marketing and promotional mailings, please submit your request via email to ebgus@ebglaw.com or via postal mail to Epstein Becker & Green, P.C. Attn: Marketing Department, 875 Third Avenue, New York, NY 10022. Be sure to include your email address if submitting your request via postal mail.

EXHIBIT B

| | |
|---|---|
| **From:** | Francesco A. DeLuca |
| **Sent:** | Friday, May 27, 2022 11:36 AM |
| **To:** | Steven Moser; Jeffrey H. Ruzal |
| **Subject:** | RE: Motion to Amend - Hess |
| **Attachments:** | Comparison Document.docx; Letter Re Consolidated Briefing to AT (EBG Edits).DOCX |

Steve,

I attach a revised letter, as well as a comparison showing our edits. As we are consolidating our motion to dismiss with our opposition to your motion to amend, we think it makes sense to consolidate your opposition to our motion to dismiss with your reply to our opposition to your motion to amend. We've included a proposed page limit of 40 pages for that consolidated filing (which is 5 fewer pages than would be available if the opposition and reply were filed together). We think that this is a sensible limit, but we are not wedded to it.

If this looks good, please file at your convenience.

Best,

Fran

**From:** Steven Moser <steven.moser@moserlawfirm.com>
**Sent:** Friday, May 27, 2022 10:31 AM
**To:** Francesco A. DeLuca <FDeLuca@ebglaw.com>; Jeffrey H. Ruzal <JRuzal@ebglaw.com>
**Subject:** Motion to Amend - Hess

*** EXTERNAL EMAIL ***

Jeff & Fran

Please advise as to your position on the letter before 1 PM.

Thanks,

SJM

1

Steven J. Moser
Direct 631-759-4054
Cell 516-671-2776
Fax 631-759-4054

MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY  11743

www.moseremploymentlaw.com

2



**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 2627, 2022

**VIA ECF**

Hon. Analisa Torres, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Torres:

    I represent the Plaintiffs. I make this letter request jointly with Defendant. The parties, following a meet and confer, jointly write to the courtCourt regarding thetheir anticipated motions to amend and to dismiss.

    On February 9, 2022, the Plaintiffs indicated their intent to amend the complaint in a letter to the Court. Dkt No. 59. On February 10, 2022, the Court noted that the motion to amend was a non-dispositive matter that would be considered by the Magistrate Judge pursuant to the order of reference. Dkt. No. 60.

    On April 21, 2022, the Defendant indicated that it would be opposing the amendment on procedural as well as substantive grounds (i.e., futility). *See* Dkt. No. 67. Magistrate Judge Lehrburger held a conference on May 2512, 2022 concerning the anticipated motion to amend. During that conference the Defendant affirmed its intention to challenge the amendment on the grounds of futility. Dkt. No. 75;, 18:3-14. Judge Lehrburger pointed out that he would be applying the same standard as applicable to a motion to dismiss under Rule 12(b)(6) to the motion to amend.[1] Dkt. No. 75; 18:14. A briefing schedule with regard to the Motionmotion to Amendamend was set with Plaintiff's motion due on May 27, 2022, Defendant's opposition due on June 27, 2022, and Plaintiff's reply due on July 18, 2022. *See* Dkt. No. 74.

    Based upon further research, it appears as though the determination of whether amending the complaint would be futile is a decision on the merits of the action. *Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007)("[S]ome district courts in this circuit have held that a denial of a motion to amend

---

[1] Because a motion to dismiss under Rule 12(b)(6) is analyzed under the same standard as a defendant's opposition to a motion to amend on the grounds of futility. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).")

Case 2:22-cv-21286-040099-ADrRWher Document 95 07 Filed 27/19/22 5:Page Page 2 of 15 #: 377

Hon. Analisa Torres, USDJ           MOSER LAW FIRM, PC 
Re:     *Hess v. Bed Bath & Beyond, Inc.*, {{case|552002}}
Page 2

~~is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.")(citing *HHC, Inc. v. RH & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y.1999)); *Bey v. City of N.Y.*, 2010 U.S. Dist. LEXIS 99645, at *37-38 (S.D.N.Y. Sep. 20, 2010)(noting that a Magistrate's "denial of the motion to amend on the grounds of futility. . .was clearly made on the merits."); *Dais v. Lane Bryant, Inc.*, No. 97-CV-2011, 2000 WL 145755, at *1 (S.D.N.Y. Feb. 8, 2000)(reviewing denial of leave to amend de novo because determination was based in part on the futility of plaintiff's claim);~~

<u>An argument that an amendment is futile is analyzed under a Rule 12(b) standard.[2] Based upon Plaintiffs' research, it appears as though the determination of whether amending the complaint would be futile is a decision on the merits of the action.[3] Further, through this letter, Defendant respectfully requests permission pursuant to Your Honor's Individual Rule of Practice III(A) to file a motion to dismiss the currently operative complaint (i.e., the Second Amended Complaint).[4] If Your Honor grants Defendant's request, Defendant intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Specifically, in addition to the grounds set forth in Defendant's pre-motion letter requesting permission to move to dismiss the First Amended Complaint (i.e., lack of Article III standing and the absence of a private right of action under NYLL § 191)—which the Court granted, *see* Dkt. No. 21; Dkt. No. 23—Defendant intends to argue that NYLL § 191's liquidated damages provision violates the Fourteenth Amendment's Due Process Clause and that the Court should dismiss the claims under the Class Action Fairness Act's local controversy or home state exception.</u>

Of course, presenting merits-based arguments <u>in two separate filings</u> to two judges may be inefficient and ~~lead to inconsistent rulings.~~<u>result in an unnecessary expenditure of judicial resources.</u> For this reason, the parties propose that the motion to amend be addressed to Your Honor, <u>and that Your Honor consolidate briefing on Plaintiffs' motion to amend and Defendant's motion to dismiss,</u> so that Your Honor may rule on the merits in ~~a single~~<u>one fully-briefed omnibus</u> motion. The Parties further propose the following briefing schedule:

---

[2] <u>*See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, No. 17 CV 1861-LTS, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) ("[Leave to amend] may be denied on grounds of futility . . . if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim.").</u>

[3] <u>*See Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.").</u>

[4] <u>Defendant also requests permission to argue that, in the event the Court grants Plaintiff leave to amend, the Court should dismiss the Third Amended Complaint for largely the same reasons it should dismiss the Second Amended Complaint.</u>

~~| | Served on or Before |~~
~~| Motion to Amend | |~~
~~| Opposition | |~~
~~| Reply | |~~

| *Filing* | *Served on or Before* |
|---|---|
| Plaintiff's Motion to Amend | June 24, 2022 |
| Defendant's Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss | July 22, 2022 |
| Plaintiff's Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend | August 12, 2022 |
| Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss | August 26, 2022 |

Finally, Defendant requests a 50-page limit for its Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss (which is 10 fewer pages than it would be permitted under Your Honor's Individual Rules of Practice if it were to file these briefs separately), and Plaintiff requests a 40-page limit for its Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend (which is 5 fewer pages than it would receive under Your Honor's Individual Rules of Practice it if were to file these briefs separately).

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF



**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 27, 2022

**VIA ECF**

Hon. Analisa Torres, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Hess v. Bed, Bath & Beyond, Inc.,* Case No. 21-cv-4099(AT)(RWL)

Dear Judge Torres:

I represent the Plaintiffs. I make this letter request jointly with Defendant. The parties, following a meet and confer, write to the Court regarding their anticipated motions to amend and to dismiss.

On February 9, 2022, the Plaintiffs indicated their intent to amend the complaint in a letter to the Court. Dkt No. 59. On February 10, 2022, the Court noted that the motion to amend was a non-dispositive matter that would be considered by the Magistrate Judge pursuant to the order of reference. Dkt. No. 60.

On April 21, 2022, the Defendant indicated that it would be opposing the amendment on procedural as well as substantive grounds (i.e., futility). *See* Dkt. No. 67. Magistrate Judge Lehrburger held a conference on May 12, 2022 concerning the anticipated motion to amend. During that conference the Defendant affirmed its intention to challenge the amendment on the grounds of futility. Dkt. No. 75, 18:3-14. A briefing schedule with regard to the motion to amend was set with Plaintiff's motion due on May 27, 2022, Defendant's opposition due on June 27, 2022, and Plaintiff's reply due on July 18, 2022. *See* Dkt. No. 74.

An argument that an amendment is futile is analyzed under a Rule 12(b) standard.[1] Based upon Plaintiffs' research, it appears as though the determination of whether amending the

---

[1] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, No. 17 CV 1861-LTS, 2018 WL 1578384, at *2 (S.D.N.Y. Mar. 28, 2018) ("[Leave to amend] may be denied on grounds of futility . . . if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim.").

Case 1:21-cv-04099-AT-RWL Document 60-1 Filed 07/19/22 Page 14 of 15 PageID #: 380

| Hon. Analisa Torres, USDJ | MOSER LAW FIRM, PC  |
|---|---|
| Re:    *Hess v. Bed Bath & Beyond, Inc.*, {{case|552002}} | |
| Page 2 | |

complaint would be futile is a decision on the merits of the action.[2] Further, through this letter, Defendant respectfully requests permission pursuant to Your Honor's Individual Rule of Practice III(A) to file a motion to dismiss the currently operative complaint (i.e., the Second Amended Complaint).[3] If Your Honor grants Defendant's request, Defendant intends to file a motion to dismiss the Second Amended Complaint on largely the same grounds that it will argue the proposed Third Amended Complaint is futile. Specifically, in addition to the grounds set forth in Defendant's pre-motion letter requesting permission to move to dismiss the First Amended Complaint (i.e., lack of Article III standing and the absence of a private right of action under NYLL § 191)—which the Court granted, *see* Dkt. No. 21; Dkt. No. 23—Defendant intends to argue that NYLL § 191's liquidated damages provision violates the Fourteenth Amendment's Due Process Clause and that the Court should dismiss the claims under the Class Action Fairness Act's local controversy or home state exception.

Of course, presenting merits-based arguments in two separate filings to two judges may be inefficient and result in an unnecessary expenditure of judicial resources. For this reason, the parties propose that the motion to amend be addressed to Your Honor, and that Your Honor consolidate briefing on Plaintiffs' motion to amend and Defendant's motion to dismiss, so that Your Honor may rule on the merits in one fully-briefed omnibus motion. The Parties further propose the following briefing schedule:

| *Filing* | *Served on or Before* |
|---|---|
| Plaintiff's Motion to Amend | June 24, 2022 |
| Defendant's Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss | July 22, 2022 |
| Plaintiff's Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend | August 12, 2022 |
| Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss | August 26, 2022 |

Finally, Defendant requests a 50-page limit for its Consolidated Opposition to Plaintiff's Motion to Amend and Motion to Dismiss (which is 10 fewer pages than it would be permitted under Your Honor's Individual Rules of Practice if it were to file these briefs separately), and Plaintiff requests a 40-page limit for its Consolidated Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Motion to Amend (which is 5 fewer pages than

---

[2] *See Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 U.S. Dist. LEXIS 94944, at *15 (N.D.N.Y. Dec. 27, 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive *where the denial is based on futility* because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions.").

[3] Defendant also requests permission to argue that, in the event the Court grants Plaintiff leave to amend, the Court should dismiss the Third Amended Complaint for largely the same reasons it should dismiss the Second Amended Complaint.

Hon. Analisa Torres, USDJ  MOSER LAW FIRM, PC 
Re:   *Hess v. Bed Bath & Beyond, Inc.*, {{case|552002}}
Page 3

it would receive under Your Honor's Individual Rules of Practice it if were to file these briefs separately).

                                             Respectfully submitted,

                                             *Steven J. Moser*
                                           Steven J. Moser

CC:   All counsel of record via ECF