**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Jeffrey H. Ruzal
t  212.351.3762
f  212.878.8600
JRuzal@ebglaw.com

July 18, 2022

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      Re:   *Hess and Padilla v. Bed Bath & Beyond. Inc.*
             Index No. 1:21-cv-4099-AT-RL

Dear Judge Lehrburger:

      Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Your Honor's Individual Practices in Civil Cases § I(F), Defendant Bed Bath & Beyond Inc. ("BBB") respectfully requests that the Court extend (a) the deadline for BBB to file its consolidated brief in support of its motion to dismiss the claims of the second amended complaint and in opposition to Plaintiffs' motion for leave to file their third amended complaint from July 22, 2022 to August 12, 2022, and (b) all remaining deadlines set forth in the briefing schedule on those motions accordingly—i.e., extending the deadline for Plaintiffs' consolidated brief in opposition to the motion to dismiss and in further support of its motion to amend from August 12, 2022 to September 2, 2022, and extending the deadline for BBB's reply in support of its motion to dismiss from August 26, 2022 to September 16, 2022. (The currently operative briefing schedule is set forth at ECF No. 84.)

**REASONS FOR THIS REQUEST**

      In support of this request, BBB states that it is diligently searching for a vendor capable of querying a public database to provide updated addresses for former employees to support its argument that the Court lacks jurisdiction over this dispute under an exception to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d)(3), (4). Although such data is not necessary to establish a CAFA exception, see Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (inferring residency of putative class members in New York Labor Law class action based on the fact that they worked in New York); see also Kurovskaya v. Project O.H.R., Inc., 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017) ("A [c]ourt may infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met by the moving party.") (collecting cases)), BBB believes that the data may help support its argument. Further, this request is made in good faith and not for the purposes of delaying this matter. Indeed,

BBB has largely briefed the legal bases for its consolidated brief but requires additional time to obtain the data described above.

### PREVIOUS EXTENSIONS

This is the first request to extend BBB's deadline to file its consolidated brief specifically. However, before Plaintiffs filed their motion to amend, the Court extended the briefing schedule on that motion and BBB's related motion to dismiss twice. The parties requested the first extension to accommodate their discussion of a consolidated briefing schedule on their anticipated motions. (See ECF Nos. 77 & 78.) Following further discussions between the parties regarding the most efficient way to brief their anticipated motions in light of the issues they intended to raise, Plaintiffs requested a second extension of the briefing schedule. (See ECF Nos. 83 & 84.)

### PLAINTIFFS' COUNSEL HAS NOT CONSENTED

Counsel for BBB has sought Plaintiffs' counsel's consent to this request. Plaintiffs' counsel has withheld his consent based on a mistaken belief that BBB "never previously raised this issue [of an exception to CAFA jurisdiction]." (See Emails Between F. DeLuca and S. Moser, attached as Exhibit A.) Indeed, on May 27, 2022, BBB provided Plaintiffs' counsel with its consent to file a joint letter regarding briefing on the motions at issue that expressly referred to its intended CAFA argument. (See Email from F. DeLuca to S. Moser and Attachments to Same, attached as Exhibit B, at 8.) However, in the version of that letter that Plaintiffs' counsel filed on June 10, 2022, Plaintiffs' counsel changed the letter to omit any reference to BBB's CAFA argument and then filed it with the Court stating that he did so on behalf of the parties—though he did both without BBB's permission or consent. (Compare id., with ECF No. 83.) Thus, Plaintiff has been aware of this argument since at least May 27, 2022, and to the extent the Court was not made aware of it, that was because of Plaintiffs' uniletal edits (made without BBB's consent) to the May 27, 2022 letter that Plaintiff filed (again, without BBB's consent) on June 10, 2022.

### CONCLUSION

For the foregoing reasons, BBB respectfully requests that the Court extend its deadline to file its consolidated brief in support of its motion to dismiss and in opposition to Plaintiffs' motion to amend by three weeks, and all remaining deadlines in the briefing schedule on those motions accordingly. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

/s/ *Jeffrey H. Ruzal*

Jeffrey H. Ruzal

cc:   Steven J. Moser, Esq. (via ECF)

Defendant's request to extend the briefing schedule by three weeks is granted.

SO ORDERED:

7/19/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE