# EXHIBIT I

# LAWS

OF THE

# STATE OF NEW YORK

PASSED AT THE

ONE HUNDRED AND EIGHTY-NINTH
SESSION

OF THE

# LEGISLATURE

CONVENED JANUARY FIFTH AND
ADJOURNED JULY FIFTH

1966

AT THE CITY OF ALBANY

ALSO OTHER MATTERS REQUIRED BY LAW
TO BE PUBLISHED WITH THE SESSION LAWS

Volume I



ALBANY
1966

*ment setting forth the amount of the expense budget as fixed for the ensuing fiscal year and also an estimate of the probable amount of receipts into the city treasury during the ensuing fiscal year from all sources of revenue of the general fund; and (b) the council shall meet not later than the twenty-ninth day of June, nineteen hundred sixty-six to fix the annual tax rate for the fiscal year nineteen hundred sixty-six–nineteen hundred sixty-seven. The council shall deduct the total amount of receipts as estimated by the mayor from the amount of the budget, as fixed for the ensuing fiscal year, and shall cause to be raised by tax on real property such sum as shall be as nearly as possible, but not less than, the balance so arrived at, by fixing a tax rate in cents and hundredths of a cent upon each dollar of assessed valuation. The provisions of section one hundred seventy of the charter shall apply to the annual meeting of the council held pursuant to this section. All the provisions of chapter seven of the charter and all other provisions of law applicable to the levy, administration, collection and payment of city taxes on real property shall apply to the levy, administration, collection and payment of the tax caused to be raised pursuant to this section, except that the dates specified in this section shall be substituted for the dates specified in sections one hundred sixty-eight and one hundred sixty-nine of the charter.*

§ 2. This act shall take effect immediately.

## CHAPTER 548*

AN ACT to amend the labor law, in relation to the payment of wages, and to repeal article six of such law

Became a law June 14, 1966, with the approval of the Governor. Passed by a majority vote, three-fifths being present

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Article six of the labor law and all acts amendatory thereof and supplemental thereto, said article comprising section one hundred ninety-five through and including section one hundred ninety-nine-b of such law, as amended, are hereby **repealed.**

§ 2. Such law is hereby amended by adding thereto a new article, to be article six, to read as follows:

---

* (NOTE.—This act was prepared under the direction of the New York State Department of Labor and was introduced at its request.)

Article 6 of the Labor Law, which is repealed by this act, contains provisions governing the payment of wages to employees. The new Article 6, proposed by this act, revises and recodifies the wage payment provisions. Chapter 81 of the laws of 1966 which is repealed by this act, increases from $100 to $200 a week the exemption for executive, administrative and professional employees. This provision is incorporated in the above act.

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

## ARTICLE 6

### PAYMENT OF WAGES

Section 190. Definitions.
      191. Frequency of payments.
      192. Cash payment of wages.
      193. Deductions from wages.
      194. Differential in rate of pay because of sex prohibited.
      195. Notice and record-keeping requirements.
      196. Powers of commissioner.
      197. Civil penalty.
      198. Costs, remedies.
      199. Rules and regulations.

190. *Definitions.* As used in this article:

1. *"Wages"* means the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term *"wages"* does not mean wage supplements, including but not limited to health, welfare and retirement benefits, and vacation, separation or holiday pay.

2. *"Employee"* means any person employed for hire by an employer in any employment.

3. *"Employer"* includes any person, corporation or association employing any individual in any occupation, industry, trade, business or service. The term *"employer"* shall not include a governmental agency.

4. *"Manual worker"* means a mechanic, workingman or laborer.

5. *"Railroad worker"* means any person employed by an employer who operates a steam, electric or diesel surface railroad or is engaged in the sleeping car business. The term *"railroad worker"* shall not include a person employed in an executive capacity.

6. *"Commission salesman"* means any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. The term *"commission salesman"* does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature.

7. *"Clerical and other worker"* includes all employees not included in subdivisions four, five and six of this section, except any person employed in a bona fide executive, administrative, or professional capacity whose earnings are in excess of two hundred dollars a week.

8. *"Week"* means a calendar week or a regularly established payroll week. *"Month"* means a calendar month or a regularly established fiscal month.

9. *"Non-profitmaking organization"* means a corporation, unincorporated association, community chest, fund or foundation organ-

LLMC DIGITAL

*ized and operated exclusively for religious, charitable or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or individual.*

*§ 191. Frequency of payments. 1. Every employer shall pay wages in accordance with the following provisions:*

*a. Manual worker.—A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.*

*b. Railroad worker.—A railroad worker shall be paid on or before Thursday of each week the wages earned during the seven-day period ending on Tuesday of the preceding week.*

*c. Commission salesman.—A commission salesman shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned; provided, however, that if monthly or more frequent payment of wages, salary, drawing accounts or commissions are substantial, then additional compensation earned, including but not limited to extra or incentive earnings, bonuses and special payments, may be paid less frequently than once in each month, but in no event later than the time provided in the employment agreement or compensation plan. The employer shall furnish a commission salesman, upon written request, a statement of earnings paid or due and unpaid.*

*d. Clerical and other worker.—A clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.*

*2. No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section.*

*3. If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail.*

*§ 192. Cash payment of wages. 1. The wages of a manual worker shall be paid in cash; provided, however, that the commissioner may permit an employer to pay wages of a manual worker by check if the employer furnishes satisfactory proof to the commissioner of his financial responsibility and gives reasonable assurance that such checks may be cashed by the workers without difficulty and for the full amount for which they are drawn.*

Explanation — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

2. *This section shall not apply to employees working on a farm not connected with a factory.*

§ 193. *Deductions from wages.* 1. *No employer shall make any deduction from the wages of an employee, except deductions which:*

a. *are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or*

b. *are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.*

2. *Nothing in this section shall justify noncompliance with article three-A of the personal property law relating to assignment of earnings, nor with any other law applicable to deductions from wages.*

§ 194. *Differential in rate of pay because of sex prohibited.* 1. *No employee shall be paid a wage at a rate less than the rate at which an employee of the opposite sex in the same establishment is paid for equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, except where payment is made pursuant to a differential based on:*

a. *a seniority system;*

b. *a merit system:*

c. *a system which measures earnings by quantity or quality of production; or*

d. *any other factor other than sex.*

2. *This section shall not apply to persons engaged in domestic service in the home of the employer, or to labor on a farm, or to employees of any corporation or association organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual.*

§ 195. *Notice and record-keeping requirements. Every employer shall:*

1. *notify his employees at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article;*

2. *notify his employees of any changes in the pay days prior to the time of such changes;*

3. *furnish each employee with a statement with every payment of wages, listing gross wages, deductions and net wages, and upon the request of an employee furnish an explanation of how such wages were computed;*



*4. establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.*

*§ 196. Powers of commissioner. 1. In addition to the powers of the commissioner specified in other sections of this chapter, the commissioner shall have the following duties, powers and authority:*

*a. He shall investigate and attempt to adjust equitably controversies between employers and employees relating to this article.*

*b. He may take assignments of wage claims in trust for an assigning employee. All such assignments shall run to the commissioner and his successor in office. The commissioner may sue employers on wage claims thus assigned, with the benefits and subject to the provisions of existing law applying to actions by employees for collection of wages. He may join in a single action any number of wage claims against the same employer.*

*c. He may institute proceedings on account of any criminal violation of any provision of this article.*

*d. If it shall appear to him that any employer has been convicted of a violation of any provision of this article or that any judgement against an employer for non-payment of wages remains unsatisfied for a period of ten days after the time to appeal therefrom has expired, and that no appeal therefrom is then pending, the commissioner may require such employer to deposit with him a bond in such sum as he may deem sufficient and adequate in the circumstances, together with two or more sureties or a duly authorized surety company, to be approved by the commissioner. The bond shall be payable to the commissioner and shall be conditioned that the employer will, for a definite future period, not exceeding two years, pay his employees in accordance with the provisions of this article, and shall be further conditioned upon the payment by the employer of any judgment which may be recovered against such employer pursuant to the provisions of this article.*

*If within ten days after demand for such bond, which demand may be made by certified or registered mail, such employer shall fail to deposit the same, the commissioner may bring an action in the name and on behalf of the people of the state of New York against such employer in the supreme court to compel such employer to furnish such a bond or to cease doing business until he has done so. The employer shall have the burden of proving that either such a bond is unnecessary or that the amount demanded is excessive. If the court finds that there is just cause for requiring the bond and that same is reasonably necessary or proper to secure prompt payment of the wages of the employees of such employer and his compliance with the provisions of this article, the court may enjoin such employer and such other person or persons as may have been or may be concerned with or in any way participating in the failure to pay the wages resulting in the conviction or in the judgment as aforesaid, from doing business until the requirement*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*is met and make other and further orders appropriate to compel compliance with the requirement.*

*2. Nothing in this section shall be construed as requiring the commissioner in every instance to investigate and attempt to adjust controversies, or to take assignments of wage claims, or to institute criminal prosecutions for any violation under this article, but he shall be deemed vested with discretion in such matters.*

*§ 197. Civil penalty. Any employer who fails to pay the wages of his employees or shall differentiate in rate of pay because of sex, as provided in this article, shall forfeit to the people of the state the sum of fifty dollars for each such failure, to be recovered by the commissioner in a civil action.*

*§ 198. Costs, remedies. 1. In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs. No assignee of a wage claim, except the commissioner, shall be benefited by this provision.*

*2. The remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other.*

*§ 199. Rules and regulations. The commissioner may issue such rules and regulations as he determines necessary for the purposes of carrying out the provisions of this article.*

§ 3. Section one hundred ninety-six-c of such law, as added by chapter five hundred thirty-nine of the laws of nineteen hundred fifty-six, and as amended by chapter eighty-one of the laws of nineteen hundred sixty-six, is hereby **repealed**.

§ 4. This act shall take effect October first, nineteen hundred sixty-six.

# CHAPTER 549

AN ACT to amend the penal law, in relation to animals

Became a law June 14, 1966, with the approval of the Governor. Passed by a majority vote, three-fifths being present

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Section one hundred eighty-one of the penal law, as last amended by chapter one hundred eleven of the laws of nineteen hundred forty, is hereby amended to read as follows:

§ 181. Keeping a place where animals are fought.

A person who keeps or uses, or is in any manner connected with, or interested in the management of, or receives money for the admission of any person to, a house, apartment, pit or place kept