UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DONALD HESS, ELIZABETH PADILLA, JUDITH          Case No.
HOLLAND, TIKA JONES, HARRY LICHTMAN,
DAWN MESA, ALEXANDRIA SMITH and EMILY          21-cv-4099 (JLR)(RWL)
VAHUE, individually and on behalf of all others similarly
situated,

                                        Plaintiffs,


                 - against –
Bed Bath & Beyond, Inc.,
                                        Defendant.


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Steven John Moser, Esq.                 Jeffrey K. Brown, Esq.
**MOSER LAW FIRM, P.C.**                 Michael A. Tompkins, Esq.
5 East Main Street                       Brett R. Cohen, Esq.
Huntington, NY 11743                     **LEEDS BROWN LAW, P.C.**
steven.moser@moserlawfirm.com            1 Old Country Road, Suite 347
631.824.0200                             Carle Place, New York 11514
                                         jbrown@leedsbrownlaw.com
                                         mtompkins@leedsbrownlaw.com
                                         bcohen@leedsbrownlaw.com


*Attorneys for Plaintiffs and Putative Class*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT .........................................................................................................2

I.  BBB HAS WAIVED ITS ABILITY TO ARGUE THAT THIS COURT SHOULD
    DECLINE JURISDICTION ................................................................................1

II. A MOTION TO DISMISS A WAGE CLAIM MUST BE DENIED UNLESS THE
    COMPLAINT FAILS TO STATE A POSSIBILITY OF A CLAIM ....................3
    A.  Reasonable Inferences of Injury from Pleaded Facts Are Adequate Bases to Deny
        a Motion under FRCP 12(b)(1)....................................................................3
    B.  Notice Pleadings Are Sufficient...................................................................5

III. THERE ARE BOTH EXPRESS AND IMPLIED PRIVATE RIGHTS OF ACTION
     FOR VIOLATION OF NYLL § 191(1)(A) FOR WHICH NYLL § 198
     PROVIDES A REMEDY ..................................................................................5
     A.  The Highest Court to Consider the Precise Issues has Expressly Held That
         Plaintiffs' Claims are Valid.......................................................................7
     B.  Courts Within the Second Circuit and State Courts are in Accord With *Vega*......11
     C.  *Chevron* or *Skidmore* Deference Would Be Improper...........................................12

IV. PLAINTIFFS HAVE ARTICLE III STANDING UNDER *TRANSUNION LLC* AND
    *ATLANTIC MUTUAL INSURANCE CO.* ..................................................................14
    A.  Plaintiffs Were Not Required to Plead Specific Facts as to Their Spending, Bills,
        Obligations, Late Fees, Overdrafts, or Investments..............................................17
    B.  The Court May Take Judicial Notice That Being Paid a Week Late Causes
        Monetary and Intangible Injuries in the Ordinary Course ...................................18
    C.  Mootness Case Law Squarely Rejects BBB's Claim That an Employee Who Is
        Paid Late Does Not Suffer an Article III Injury ..................................................20

V.  IMPOSING LIQUIDATED DAMAGES FOR FAILING TO PAY TIMELY
    WAGES DOES NOT VIOLATE DUE PROCESS. ...............................................21
    A.  Statutory and Liquidated Damages Do Not Violate Due Process ........................21
    B.  New York May Authorize Liquidated Damages in the Amount of Wages Delayed ..23
    C.  BBB's Argument Regarding Penalties to be Imposed are Premature .................24
    D.

CONCLUSION .....................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Supreme Court Opinions**

*Atl. Mut. Ins. Co. v. Comm'r*,
    523 U.S. 382, 118 S. Ct. 1413, 140 L. Ed. 2d 542 (1998) .................................................... 16

*Bostock v. Clayton County, Georgia*,
    140 S. Ct. 1731 (2020) .......................................................................................................... 7

*Brooklyn Sav. Bank v O'Neil*,
    324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 [1945] ................................................................ 9

*Erie R. Co. v. Williams*,
    233 U.S. 685, 34 S. Ct. 761 (1914) ....................................................................................... 21

*Missouri P.R. Co. v. Tucker*,
    230 U.S. 340, 33 S. Ct. 961 (1913) ....................................................................................... 22

*Nat'l Org. for Women v. Scheidler*,
    510 U.S. 249 (1994) ............................................................................................................... 4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393, 130 S. Ct. 1431 (2010) ................................................................................... 24

*TransUnion LLC v. Ramirez*
    141 S. Ct. 2190 (2021)................................................................................................... passim

**Second Circuit Court of Appeals and District Court Opinions**

*Amadei v. Nielsen*,
    348 F. Supp. 3d 145 (E.D.N.Y. 2018) .................................................................................. 15

*Ayres v. 127 Rest. Corp.*,
    12 F. Supp. 2d 305 (S.D.N.Y. 1998) .................................................................................... 24

*Barker v. Rokosz*,
    No. 19-CV-0514(KAM), 2021 U.S. Dist. LEXIS 51702 (E.D.N.Y. Mar. 18, 2021) ............... 5

*Beh v. Cmty. Care Companions*
    Inc., No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316 (W.D.N.Y. Feb. 1, 2021) ........... 6, 11

*Boykin v. KeyCorp*,
    521 F. 3d 202 (2d Cir. 2008) ............................................................................................... 17

*Brown & Williamson Tobacco Corp. v. Engman*,
    527 F.2d 1115 (2d Cir. 1975) ............................................................................................... 21

*Carrera v. DT Hosp. Grp.*,
    No. 19-cv-4235(RA), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021) ....................................... 6

*Carter v. HealthPort Techs., L.L.C.*,
  822 F.3d 47 (2d Cir. 2016) ................................................. 15

*Carver v. City of N.Y.*,
  621 F.3d 221 (2d Cir. 2010) ............................................... 15

*Caul v. Petco Animal Supplies, Inc.*,
  2021 U.S. Dist. LEXIS 184652 (E.D.N.Y. Sept. 27, 2021) .......................................... passim

*City of New York v. Smokes-Spirits.com, Inc.*,
  541 F.3d 425 (2d Cir. 2008) ............................................... 19

*Copeland v. Vance*,
  893 F. 3d 101 (2d Cir. 2018) ................................................ 7

*De La Mota v. US Dept. of Educ.*,
  412 F.3d 71 (2d Cir. 2005) ................................................. 14

*Duverny v. Hercules Med. P.C.*,
  No. 18-cv-7652(DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) ................................ 6, 11

*Elhassa v. Hallmark Aviation Servs., L.P.*,
  2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ......................................................... 11

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*,
  807 F.2d 1110 (2d Cir. 1986) .............................................. 21

*Getaped.com, Inc. v. Cangemi*,
  188 F. Supp. 2d 398 (S.D.N.Y. 2002) ...................................... 21

*Gold v. N.Y. Life Ins. Co.*,
  730 F.3d 137 (2d Cir. 2013) ............................................. passim

*Grand River Enters. Six Nations v. Boughton*,
  988 F.3d 114 (2d Cir. 2021) ................................................. 4

*In re HSBC Bank, USA, NA, Debit Card Overdraft Fee Litig.*,
  1 F. Supp. 3d 34 (E.D.N.Y. 2014) ......................................... 19

*In re MTBE Products Liability Litig.*,
  725 F. 3d 65, (2d Cir. 2013) ................................................ 4

*John v. Whole Foods Mkt. Grp., Inc.*,
  858 F.3d 732 (2d Cir. 2017) ................................................. 4

*John Wiley & Sons, Inc. v. Book Dog Books, L.L.C.*,
  327 F. Supp. 3d 606 (S.D.N.Y. 2018) .................................... 21, 23

*Katz v Equinox Holdings, Inc.*,
  No. 20-CV-9856 (VEC), 2022 US Dist. LEXIS 78299 (S.D.N.Y. Apr. 29, 2022), .............. 11

*Leyse v. Lifetime Entmt. Servs., LLC*,
  171 F. Supp. 3d 153 (S.D.N.Y. 2016), aff'd, 679 Fed. App'x 44, 48 (2d Cir. 2017) ............ 20

*Litwin v. Blackstone Grp., L.P.*,
  634 F.3d 706 (2d Cir. 2011) ................................................................. 5

*Liu v. Chen*
  No. 18-cv-5044), 2022 U.S. Dist. LEXIS 130553 (E.D.N.Y. July 22, 2022) ..................... 6, 7

*Lowell v. Lyft, Inc.*,
  352 F Supp. 3d 248 (S.D.N.Y, 2018) ..................................................... 4

*Mabe v. Wal-Mart Assocs. Inc.*,
  No. 20-CV-00591, 2021 U.S. Dist. LEXIS 50954 (N.D.N.Y. Mar. 18, 2021) .................. 6, 11

*Maddox v. Bank of N.Y. Mellon Tr. Co.*,
  N.A., 19 F.4th 58 (2d Cir. 2021) ........................................................ 17

*Manning v. Util. Mut. Ins. Co.*,
  254 F.3d 387 (2d Cir. 2001) ............................................................. 11

*Marvin Williams v. Miracle Mile Properties 2 LLC*,
  No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826, 2022 WL 1003854 ................................. 6

*MS v. Rye Neck Union Free Sch. Dist.*,
  No. 18-cv-8283 (NSR), 2019 U.S. Dist. LEXIS 79377 (S.D.N.Y. May 10, 2019) .............. 15

*Otoe-Missouria Tribe v. N.Y. State Dep't of Fin. Servs.*,
  974 F. Supp. 2d 353 (S.D.N.Y. 2013), ................................................... 19

*Pelman ex rel. Pelman v. McDonald's Corp.*,
  396 F.3d 508 (2d Cir. 2005) ............................................................. 5

*Perez-White v. Advanced Dermatology of New York, Inc.*,
  No. 15 Civ. 4858 (PGG), 2016 WL 4681221 (S.D.N.Y. Sept. 6, 2016) ............................. 20

*Polanco v. NCO Portfolio Mgmt.*,
  132 F. Supp. 3d 567 (S.D.N.Y. 2015) ................................................... 16

*Porsch v. LLR, Inc.*,
  380 F. Supp. 3d 418 (S.D.N.Y. 2019) ............................................... passim

*Rana v Islam*,
  887 F3d 118 (2d Cir 2018) ......................................................... passim

*Rodrigue v. Lowe's Home Ctrs.*,
  No. 20-cv-1127(RPK), 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021) ......................... passim

*Scott v. Whole Foods Mkt. Grp.*,
  Inc., No. 18-cv-86(SJF), 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Feb. 5, 2020) ......... passim

*Sorto v. Diversified Maint. Sys.*,
    LLC, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856 (E.D.N.Y. Dec. 28, 2020) ......... 6, 11

*Torretto v. Donnelly Fin. Solutions, Inc.*,
    523 F. Supp. 3d 464 (S.D.N.Y. 2021) ...................................................................... 4

**Other Federal Court Opinions**

*City of Oakland v. Wells Fargo & Co.*,
    972 F. 3d 1112 (9th Cir. 2020) .............................................................................. 5

*Dieffenbach v. Barnes & Noble, Inc.*,
    887 F.3d 826 (7th Cir. 2018) ........................................................................... 16, 18

*GE v. Jackson*,
    595 F. Supp. 2d 8 (D.D.C. 2009) ......................................................................... 25

*Golan v. FreeEats.com, Inc.*,
    930 F.3d 950 (8th Cir. 2019) ............................................................................... 23

*Golan v. Veritas Entm't, LLC*,
    788 F.3d 814 (8th Cir. 2015) ............................................................................... 20

*Habitat Educ. Ctr. v. U.S. Forest Serv.*,
    607 F.3d 453 (7th Cir. 2010) ............................................................................... 16

*Martin v. United States*,
    117 Fed. Cl. 611 (2014) ...................................................................................... 23

*Monahan v. Smyth Auto., Inc.*,
    No. 1:10-CV-00048, 2011 U.S. Dist. LEXIS 9877 (S.D. Ohio Feb. 2, 2011) ...................... 24

*Stephens v. U.S. Airway Group*,
    644 F.3d 437 (D.C. Cir. 2011) ............................................................................. 18

*Van v. LLR, Inc.*,
    962 F.3d 1160 (9th Cir. 2020) ............................................................................. 16

*Zomba Enters. v. Panorama Records, Inc.*,
    491 F.3d 574 (6th Cir. 2007) ........................................................................... 21, 23

**New York State Cases**

*Gottlieb v. Kenneth D. Laub & Co.*,
    82 N.Y.2d 457, 605 N.Y.S.2d 213 (1993) ............................................................. 8, 9

*Hart v Hart*,
    227 AD 2d 698, 641 N.Y.S.2d 459 (3d Dep't 1996) .................................................. 19

*Hunter v. Planned Bldg. Servs., Inc.*,
  Index No. 715053/2017, 2018 WL 3392476 (Sup. Ct. Queens Cty., June 11, 2018) ............. 6

*Kreitzer v. N.Y. City Dep't of Buildings*,
  806 N.Y.S.2d 532 (1st Dep't 2005) ...................................... 14

*Kruty v. Max Finkelstein, Inc.*,
  151 N.Y.S.3d 799 (Appellate Term, 2d Dep't 2021) ........................................ 6, 12

*Kruty v. Max Finkelstein, Inc.*,
  2019 N.Y. Slip Op. 52021(U), 119 N.Y.S.3d 831 (2019) ...................................... 6

*Marinelli v RPZL, LLC*,
  2020 NY Slip Op 33185[U]*4 (Sup Ct NY Cty. 2020) ...................................... 12

*Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl*,
  18 N.Y.3d 289, 938 N.Y.S.2d 266 (2011) ................................... 14

*Pachter v Bernard Hodes Group, Inc.*,
  10 NY3d 609, 891 N.E.2d 279, 861 N.Y.S.2d 246 [2008] ...................................... 8

*Phillips v. Max Finkelstein, Inc.*,
  115 N.Y.S.3d 866 (Sup. Ct. Suffolk Cty., Dec. 12, 2019) ...................................... 6

*Phillips v. Max Finkelstein, Inc.*,
  153 N.Y.S.3d 750 (Appellate Term, 2d Dep't, 2021) ................................... passim

*Riverkeeper, Inc. v. Seggos*,
  60 Misc. 3d 462 (Sup. Ct. Albany Cty., April 23, 2018) ...................................... 14

*Rojas v. Hi-tech Metals, Inc.*,
  2019 WL 4570161 (Sup. Ct. Queens Cty., Sept. 11, 2019) ................................... 12

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
  175 A.D.3d 1144 (1st Dep't 2019) ............................................ passim

*Weber v PX, Inc.*,
  2021 NY Slip Op 32175[U]*6-7 (Sup Ct Kings Cty. 2021) (Sup Ct Kings Cty. 2021) ........ 12

*Weinberg v. Hertz Corp.*,
  116 AD 2d 1 (1st Dep't 1986) ................................................. 11

*Young v. Toia*,
  66 AD 2d 377 (4th Dep't 1979) ................................................. 11

## Statutes

Labor Law § 191 ........................................................................ passim

Labor Law § 198 ........................................................................ passim

Labor Law § 218 ....................................................................... 13, 24

Fed. Rule Civ. Pro. 8(a) ........................................................................................ 5, 17

Fed. Rule Civ. Pro.9(b) ........................................................................................ 18

Fed. Rule Civ. Pro.12(b) ...................................................................................... passim

## PRELIMINARY STATEMENT

For more than 100 years the New York Labor Law ("NYLL") has required the weekly payment of wages to manual workers.  Manual workers must be paid weekly and must be paid all wages within seven (7) days after the workweek in which they are earned.  NYLL § 191. According to Defendant, it makes no difference whether it paid manual workers in the frequency or time required by statute.  In moving to dismiss, Defendant makes four primary – and flawed – arguments: (1) an aggrieved employee who is not paid wages on time lacks standing to sue because not receiving compensation owed "on time" is not an injury; (2) NYLL § 191 does not create a private right of action even though controlling case law and courts in this jurisdiction have held otherwise; (3) this Court cannot decide its merits-based arguments because, under a CAFA exception which the Defendant waited for more than a year to raise, the Court "must" dismiss this case, and (4) NYLL § 198 violates Defendant's constitutional right to withhold timely wage payments and violate statutory law.

## ARGUMENT

## I.    BBB HAS WAIVED ITS ABILITY TO ARGUE THAT THIS COURT SHOULD DECLINE JURISDICTION

As will be discussed below, Defendant's interpretation of the NYLL is simply wrong. So after more than a year of contentious litigation and discovery on the class and the substantive claims[1], Defendant attempts to raise the "Home State Exception" under 28 U.S.C. § 1332(d)(4). While Defendant correctly cites the statute and a few cases for the CAFA exception as a general proposition, BBB leaves out Second Circuit precedent holding that the home state exception to CAFA (1) is *not jurisdictional* in nature and (2) is waived if not raised within a reasonable period of time. *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 139 (2d Cir. 2013).  Defendant has waived the

---

[1] *See* Moser Declaration (detailing the litigation history).

1

CAFA exception by repeatedly failing to raise it -- while invoking the jurisdiction of this Court to address the merits of the claims and engaging in meaningful discovery on the legal and factual issues of the claims. *See generally* Moser Declaration.

 This action was filed on May 17, 2021.  On June 18, 2021, consistent with Judge Torres' Individual Rules, Plaintiffs filed a letter stating the basis of jurisdiction under CAFA. *See* ECF No. 11. Defendant did not respond to the statement of jurisdiction or raise any CAFA exception. On June 30, 2021, the parties jointly submitted a letter to the Court in which Defendant failed to raise any CAFA exceptions. Defendants then filed a pre-motion letter regarding their anticipated motion to dismiss, but failed again to raise any CAFA exception.  *See* ECF 21. In its fully briefed November 4, 2021 motion arguing for dismissal of the underlying claims on their merits, BBB failed to raise any CAFA exception. *See* ECF 31-34. The parties participated in Court-scheduled Discovery Hearings on Oct. 29, 2021 and Nov. 30, 2021. Again, the Defendant did not raise any CAFA exception.  Moser Dec. ¶ 6. Numerous other applications, appearances, and filings came and went without Defendant raising any CAFA exception.  *See generally* Moser Dec. The parties entered discovery, served discovery, and responded to discovery on over the course of more than a year – again without Defendant raising any CAFA challenge.

Yet, now that the case law has aligned squarely against Defendant, it belatedly invokes a CAFA exception.  And although Defendant has repeatedly asked this Court to adjudicate the merits of Plaintiffs' claims since June 2021, it now states that the Court instead "must decline " to exercise jurisdiction.

A CAFA exception should be raised "at the earliest practicable time."  *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 139 (2d Cir. 2013).   The CAFA home state exception may be raised if both the defendant and more than two-thirds of the class members are citizens of the State in which

the action was commenced.  Two critical factors in determining whether the home state exception is timely raised are (1) when the Defendant had notice of the class and (2) when Defendant had access to information concerning the residence of the class.  *See Gold*, 730 F.3d at 142-143. Here, Defendant had notice that the class consisted of employees who worked in New York since the beginning of this case.  Defendant also has had access to employee address information which it is required to keep by law.  *See* 12 NYCRR 142-2.6(a)(1)(requiring employer to "maintain and preserve for not less than six years, weekly payroll records which…show" each employee's "name and address"; 29 CFR § 516.2(a)(2)(requiring employer to keep records of employee's "address, including zip code.").

Moreover, the Defendant effectively admitted that because the putative class worked in New York, collecting specific data concerning the address of putative class members is unnecessary. More specifically, BBB advised the court on July 18, 2022 that evidence establishing the citizenship of putative class members who worked in New York had never been "necessary" for its motion.[2]

## II.   A MOTION TO DISMISS A WAGE CLAIM MUST BE DENIED UNLESS THE COMPLAINT FAILS TO STATE A POSSIBILITY OF A CLAIM

### A.   Reasonable Inferences of Injury from Pleaded Facts Are Adequate Bases to Deny a Motion under FRCP 12(b)(1)

On a Rule 12(b)(1) motion, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general

---

[2] *See* ECF No. 93, at 1.  See also *Weider v. Verizon N.Y., Inc.*, No. 14-CV-7378, 2015 WL 3474102 (E.D.N.Y. June 2, 2015)(where court inferred citizenship of class members who performed work for New York accounts); *Commisso v. PricewaterhouseCoopers LLP*, No. 11 Civ. 5713, 2012 WL 3070217 (S.D.N.Y. July 27, 2012) (Courts may "make reasonable assumptions about the makeup of the putative class" when determining citizenship); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (remanding case under a CAFA exception based upon the assumption that the majority of people desiring to be buried in a Queens cemetery were New York State residents); *Mattera*, 239 F.R.D. at 80 (finding evidence establishing citizenship of class members unnecessary because it is "reasonably likely that more than two-thirds of the putative class members of the proposed class — all of whom work in New York — are citizens of New York.").

allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 561 (1992)). The court must draw all "reasonable inferences in favor of the plaintiff." *Torretto v. Donnelly Fin. Solutions, Inc*., 523 F. Supp. 3d 464, 475 (S.D.N.Y. 2021) (quoting *Lujan*, 504 U.S. at 471), and "construe the complaint in favor of the complaining party." *Lowell v. Lyft, Inc.,* 352 F Supp. 3d 248, 255-56 (S.D.N.Y, 2018).

When "a plaintiff is himself an object of the action (or foregone action) at issue ... there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Grand River Enters. Six Nations v. Boughton*, 988 F.3d 114, 121 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 61-62). The Rule 12(b)(1) burden on a plaintiff is therefore "relatively modest." *Torretto,* 523 F. Supp. 3d at 472 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 92 (2d Cir. 2013)); *John v. Whole Foods Mkt. Grp., Inc.,* 858 F.3d 732, 736 (2d Cir. 2017) (describing the standard as a "low threshold").

As the Second Circuit has explained, whether a plaintiff may be unable to establish the elements of a claim or the validity of his or her damages model on summary judgment or at trial is not the question on a Rule 12(b)(1) motion. *See John*, 858 F.3d at 737-38 (requiring the complaint allege only that he or she bought the products sometimes and they were often mispriced, not prove in the complaint that a specific product was mispriced on the occasion purchased); *In re MTBE Products Liability Litig.*, 725 F. 3d 65, 80, 106, 108, (2d Cir. 2013) (triable issue of fact whether the plaintiff was injured as a result of exposure to pollutant).

For these reasons, contrary to Defendant's assertion that they must plead actual damages, but did not (Def.'s Mem. at 2, 7-89), Plaintiffs did not need to plead specific sums or special damages.

4

### B.  Notice Pleadings Are Sufficient

Rule 12(b)(6) requires that a plaintiff alleging a New York statutory claim "need only meet the bare-bones notice-pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir. 2005); *Barker v. Rokosz*, No. 19-CV-0514(KAM), 2021 U.S. Dist. LEXIS 51702 (E.D.N.Y. Mar. 18, 2021). In deciding Rule 12(b)(6) motions, courts should regard the factual allegations in the complaint as being true and "draw[] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.,* 634 F.3d 706, 715 (2d Cir. 2011). Moreover, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Scott*, 2019 U.S. Dist. LEXIS 61726, at *4. Thus, allegations may still be plausible even if they are not deemed to be probably true, and even if they will fail "at summary judgment or trial." *City of Oakland v. Wells Fargo & Co.,* 972 F. 3d 1112, 1130 (9th Cir. 2020).

Here, Plaintiffs' allegations clearly state a plausible wage claim under NYLL § 191(1)(a) and NYLL § 198.  Defendant is on notice that Plaintiffs' allege that they were deprived of the time value of money due to untimely payment of wages. (Def.'s Mem. at 7 (quoting Third Amended Complaint ECF No. 89-1 ¶ 77; *id.* at 3 (quoting TAC, ECF No. 89-1 ¶ 24); *id.* at 1.)  [Cite complaint paragraphs; add a few facts]. A reasonable inference is that Plaintiffs and all workers use their wages.

### III.  THERE ARE BOTH EXPRESS AND IMPLIED PRIVATE RIGHTS OF ACTION FOR VIOLATION OF NYLL § 191(1)(A) FOR WHICH NYLL § 198 PROVIDES A REMEDY

BBB argues that there is no private right of action for violation of NYLL § 191(1)(a). As discussed below, the highest New York State Court to consider the exact issue at hand, the Appellate Division First Department, unequivocally held that there is a private right of action for violation of NYLL § 191(1)(a), the remedies for which are provided by NYLL § 198. *Vega v. CM*

*& Assoc. Constr. Mgt., L.L.C., 10*7 N.Y.S.3d 286, 175 A.D.3d 1144 (1st Dep't 2019). Moreover, every Second Circuit case post *Vega* has agreed[3] and the Appellate Term, Second Department, has reversed the two lower court decisions cited by Defendant. Thus, the only cases that come remotely close post-*Vega* to supporting BBB's position are *Kruty v. Max Finkelstein, Inc.*, 2019 N.Y. Slip Op. 52021(U), 119 N.Y.S.3d 831 (2019) (Sup. Ct. Suffolk Cty., Dec. 12, 2019) and *Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 866 (Sup. Ct. Suffolk Cty., Dec. 12, 2019), which were overturned and as such are no longer good law. *See Phillips v. Max Finkelstein, Inc.,* 153 N.Y.S.3d 750 (Appellate Term, 2d Dep't, 2021) ("As this court is bound by principles of stare decisis to follow precedent set by the Appellate Division of another department …. The decision of the Appellate Division, First Department in [*Vega*] is controlling on the issue of whether plaintiff stated a cause of action for damages, pursuant to NYLL §§ 191(1)(a) and 198(1-a)."); *Kruty v. Max Finkelstein, Inc.*, 151 N.Y.S.3d 799 (Appellate Term, 2d Dep't 2021) (same). This would no doubt have occurred in *Hunter v. Planned Bldg. Servs., Inc.*, Index No. 715053/2017, 2018 WL 3392476, at *2–3 (Sup. Ct. Queens Cty., June 11, 2018), had it not been rendered in 2018. *See*

---

[3] These cases include, for example, *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF), 2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Duverny v. Hercules Med. P.C.*, No. 18-cv-7652(DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316, 2021 WL 3914297, at *2-3 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 130723, 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-CV-00591, 2021 U.S. Dist. LEXIS 50954, 2021 WL 1062566, at *5-*6 (N.D.N.Y. Mar. 18, 2021); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 U.S. Dist. LEXIS 184652, 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021); *Rodrigue v. Lowe's Home Ctrs.*, No. 20-cv-1127(RPK), 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021), *R. & R. adopted*, 2021 WL 6298654 (Dec. 7, 2021); *Carrera v. DT Hosp. Grp.*, No. 19-cv-4235(RA), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021); *Marvin Williams v. Miracle Mile Properties 2 LLC*, No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826, 2022 WL 1003854, at *9 (E.D.N.Y. Feb. 1, 2022); *Liu v. Chen*, No. 18-cv-5044(KAM)(SJB), 2022 U.S. Dist. LEXIS 130553, at *14-15 (E.D.N.Y. July 22, 2022); *see infra* Section II(B).

Def.'s Mem. at 14. Therefore, Defendant cites to zero post-*Vega* decisions that withstand scrutiny. (*See* Def.'s Mem. at 14-19.)

> **A.   The Highest Court to Consider the Precise Issues has Expressly Held That Plaintiffs' Claims are Valid.**

Courts in this circuit are generally required to follow the New York intermediate appellate courts, the Appellate Division. *See Copeland v. Vance,* 893 F. 3d 101, 117 (2d Cir. 2018). BBB argues that this Court should discard this rule and overturn a lawful statute adopted by the New York legislature and approved by its governor. *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1738 (2020); *see* Def.'s Mem. at 9, 13. There is no basis for overruling the New York appellate courts, especially one endorsed by the Appellate Term and numerous district courts in this Circuit. *See Kruty*, 153 N.Y.S.3d at 750; *Liu v. Chan*, 2022 U.S. Dist. LEXIS 130553 (E.D.N.Y. July 22, 2022) ("At least seven courts in this Circuit [as of Jan.] 19, 2022 … have recognized that a private right of action exists for NYLL 191 claims…"). *See also* Rialto Pockets, Inc. v. Limited, No. 21-55196, 2022 U.S. App. LEXIS 10699, at *3 (9th Cir. Apr. 20, 2022) (where intermediate appellate courts have rejected an argument as a matter of law, and their "reasoning is fully applicable," their decisions "foreclose[]" success of that argument).

Thus, appellate courts of the State of New York have held that § 198 specifically authorizes untimely wage claims and remedies. *See Vega*, 107 N.Y.S.3d 286; *Phillips*, 153 N.Y.S.3d 750; *Kruty*, 153 N.Y.S.3d at 750. In both cases, employees doing manual work were not paid on a weekly basis, in violation of NYLL § 191(1)(a) and afforded remedies under § 198. *Vega*, 175 A.D.3d at 1144; *Phillips*, 73 Misc. 3d 1. Also, as here, the plaintiffs sought liquidated damages, interest, and attorneys' fees pursuant to NYLL § 198(1-a). *Vega*, 175 A.D.3d at 1144-45; *Phillips*, 73 Misc. 3d 1. These defendants moved to dismiss, arguing that NYLL § 198(1-a) does not provide a remedy for "late payment", but only for "non-payment." *Vega*, 175 A.D.3d at 1145. *Phillips* also

mentioned "partial payment." 73 Misc. 3d 1. The courts disagreed and held that failure to pay a manual worker in a timely way is a violation of NYLL § 191(1)(a) which entitles said manual worker to liquidated damages, attorneys' fees and interest pursuant to NYLL § 198(1-a). BBB fails at a critical juncture in its argument even to acknowledge that NYLL § 198 provided "remedies" including a private right of action for employees to recover liquidated damages and attorney's fees. Def.'s Mem. at 17.

Contrary to BBB's skewed interpretation, both courts found that the plain language of the statute covered all wage claims:

> The purpose of section 198(1-a) is 'enhancing enforcement of the Labor Law's substantive wage enforcement provisions' (*id*. at 463; *see generally Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 615, 891 N.E.2d 279, 861 N.Y.S.2d 246 [2008]), and <u>contrary to defendant's argument that § 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of the statute indicates that individuals may bring suit for any "wage claim" against an employer. The remedies provided by section 198(1-a) apply to "violations of article 6"</u> (*Gottlieb*, 82 NY2d at 463), <u>and section 191(1)(a) is a part of article 6</u>.

*Vega*, 175 A.D.3d at 1145 (underline added). The *Phillips* court relied upon *Vega* and upon the structure of the NYLL:

> Although section 218 authorizes the Commissioner to impose civil penalties for violations of article six of the Labor Law, it does not preclude private causes of action. Moreover, Labor Law § 198, which authorizes the Commissioner to bring "any legal action necessary" on behalf of "any employee paid less than the wage to which he or she is entitled" (Labor Law § 198 [1-a]), also specifically authorizes wage claims by employees, and states that the <u>remedies provided by article 6 of the Labor Law "may be enforced simultaneously or consecutively so far as not inconsistent with each other"</u> (Labor Law § 198 [2]).

*Phillips,* 73 Misc. 3d 1.

The *Vega* Court relied on, *inter alia*, *Gottlieb v. Kenneth D. Laub & Co., 82* N.Y.2d 457,

8

605 N.Y.S.2d 213 (1993), where the Court of Appeals affirmed that remedies provided by NYLL § 198(1-a) apply to violations of the preceding sections of Article 6, which includes the timely pay provisions of NYLL § 191(1)(a). *Gottlieb*, 82 N.Y.2d at 463. *Vega* specifically addressed and rejected the argument that failing to pay weekly wages when they are due is not an "underpayment," or that the employer can pay after being served, holding that when an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Vega*, 175 A.D.3d at 1145 (emphasis added).

Although many statutes contain a "cure" provision, Labor Law §§ 191 and 198(1-a) do not, *Vega* concluded:

> We reject defendant's implicit attempt to read into section 198(1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action. The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198[1-a]). However, payment does not eviscerate the employee's statutory remedies.

*Vega*, 175 A.D.3d at 1145. The same rule applies under the FLSA:

> In interpreting the liquidated damages provisions of the Fair Labor Standards Act of 1938 (FLSA), the Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the "failure to pay the statutory minimum on time," in order to provide "compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages" (*Brooklyn Sav. Bank v O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296 [1945]). Labor Law § 198(1-a), although not identical to the FLSA liquidated damages provision (29 USC § 216[b]), has "no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed" (*Rana v Islam*, 887 F3d 118, 123 [2d Cir 2018] [internal quotation marks omitted]). Accordingly, liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages.

*Vega*, 175 A.D.3d at 1145-46 (emphasis added).

In support of its determination that liquidated damages are available under NYLL § 198(1-a) for untimely payment of wages as well as nonpayment or partial payment of wages, the Appellate Division pointed out that the very purpose of § 198 is to compensate the employee for the loss of use of wages owed:

> The legislative history of the 1967 amendment to section 198 reflects that in addition to imposing "stronger sanctions" to compel employer compliance, "[t]he imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled" (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 NY Legis Ann at 271). The employee loses the use of money whether he or she is never paid, partially paid, or paid late.

*Vega*, 175 A.D.3d at 1146 n.2 (emphasis added). The legislative history, which BBB invokes, therefore squarely supports Plaintiffs' position, not that of the delinquent-paying employers.[4] *See* Def.'s Mem. at 16.

*Vega* also recognized the implicit private rights of action for violation of NYLL § 191(1)(a). As BBB concedes, implicit rights of action advance legislative goals and help the class of persons for whose benefit legislation is adopted. *See* Def.'s Mem. at 15. An implied private right of action for liquidated damages deters the tempting tactic of bolstering employer cash holdings and reportable cash flow by delaying wage payments to the prejudice of manual workers, and compensates workers for the loss of the time value of money. *See Vega*, 175 A.D.3d at 1146-47. The Commissioner of Labor may not sufficiently deter violations because he or she is not obligated to pursue violators. *See* NYLL § 196 (2) ("[n]othing in this section shall be construed as

---

[4] Although going to the length of attaching excerpts of the 1897 NYLL and the 1890 NYLL, BBB does not mention this critical discussion of the controlling 1966-1967 amendments from *Vega*. *See* Def.'s Mem. at 19-21.

requiring the commissioner in every instance . . . to take assignments of wage claims."); *Scott*, 2019 U.S. Dist. LEXIS 61726. The private right of action in section 198(1-a) deters violations. *See Hua v. Eight Star, Inc.,* No. 15 Civ. 0275 (BMC), 2015 U.S. Dist. LEXIS 64062, at *7 (E.D.N.Y. May 14, 2015) (Cogan, J.) ("The state rationale for liquidated damages is … a deterrent to strongly encourage employers from cutting corners on wages owed to their employees.").[5]

In *Vega,* the court pointed out that wages which are not paid when they are due are essentially "unpaid" (and the employee is therefore "underpaid") as of that date:

> The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required' (Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required.

*Vega*, 175 A.D.3d at 1145.

As discussed below, the reasoning and holdings of *Vega* have now been repeatedly upheld by state trial, state appellate, and district courts across New York.

**B.  Courts Within the Second Circuit and State Courts are in Accord With *Vega***

Since *Vega*, Courts sitting in this Circuit have regularly found that a private cause of action does exist under NYLL § 198 (1-a). *See Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) ("Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law … and defendants present no persuasive reason to do otherwise." ).[6]

---

[5] *Cf. Manning v. Util. Mut. Ins. Co.,* 254 F.3d 387, 387, 391-92 (2d Cir. 2001) (some health care laws "encourage compliance" by extending "a private cause of action and double damages against entities" in violation thereof); *Young v. Toia*, 66 AD 2d 377, 379 (4th Dep't 1979) (remedial amendments like those to civil rights laws shifting attorney's fees "encourage the private citizen to take action, as a 'private attorney general', to enforce civil rights laws … and the law should be construed to effectuate its purpose.") (citation omitted); *Weinberg v. Hertz Corp.*, 116 AD 2d 1, 5 (1st Dep't 1986).
[6] *Quintanilla v. Kabco Pharm., Inc., et al.*, Case No. 2:19-cv-06752-PKC, ECF No. 18 (E.D.N.Y., June 30, 2020)

Courts within New York State have agreed, including the Second Department, Appellate Term. *See Phillips*, 73 Misc. 3d 1, 3 (agreeing with *Vega* "that a private right of action exists to enforce the rights established under section 198"); *Kruty*, 151 N.Y.S.3d at 799; *see also Rojas v. Hi-tech Metals, Inc.*, 2019 WL 4570161, at *4 (Sup. Ct. Queens Cty., Sept. 11, 2019) ("In light of the sentiments set forth in *Gottlieb* by the Court of Appeals and the holding in *Vega*[,] Defendant's motion to dismiss Plaintiff's NYLL §§ 191(1)(a) and 198 (1-a) claims is denied."); *Weber v PX, Inc.*, 2021 NY Slip Op 32175[U], *6-7 (Sup Ct Kings Cty. 2021); *Marinelli v RPZL, LLC*, 2020 NY Slip Op 33185[U], *4 (Sup Ct NY Cty. 2020).

Therefore, *Vega* is settled law.

## C. *Chevron* or *Skidmore* Deference Would Be Improper

Defendants argue that if the Court follows *Vega* and its progeny that § 191 is a private right of action, then the Court should reject § 198 as the proper statute for interpreting damages. *See* Def's Memo, pg. 17-22 (arguing that the Commission of Labor and the Industrial Board of Appeals

---

(rejecting argument that plaintiff did not have private right of action to pursue Section 191 claim "in light of the *Vega* decision"); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 U.S. Dist. LEXIS 184652 at *3 (E.D.N.Y. Sept. 27, 2021) ("Section 191 permits a manual worker to bring a civil action for delayed payment of wages—even if the wages have subsequently been paid."); *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("The New York Appellate Division First Department has held that the New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due[.]"); *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) ("[a] plaintiff's entitlement to statutory damages pursuant to § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action"); *Mabe v. Wal-Mart Assocs.*, No. 1:20-cv-00591 (TJM), 2021 WL 1062566, at *4 (N.D.N.Y. Mar. 18, 2021) (holding that plaintiff had a private right of action because "the First Department's decision in *Vega* is directly on point"), *subsequent proceedings at*, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) ("[T]he Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*. … the Court finds that under *Vega*, Plaintiff presents a legally plausible claim in the First Cause of Action."); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316, at *2-3 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 130723 (W.D.N.Y. June 23, 2021); *Williams v. Miracle Mile Properties 2 LLC*, No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826 at *9 (E.D.N.Y. Feb. 1, 2022); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF), 2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856 (E.D.N.Y. Dec. 28, 2020); *see also Katz v Equinox Holdings, Inc.*, No. 20-CV-9856 (VEC), 2022 US Dist. LEXIS 78299, at *12 (S.D.N.Y. Apr. 29, 2022), (acknowledging federal courts have consistently held that there is a private right of action under § 191(1)(a) pursuant to *Vega*); *Gillett v. Zara USA, Inc.*, 2022 U.S. Dist. LEXIS 143434 (S.D.N.Y. Aug. 10, 2022)

routinely interpret § 218, rather than § 198(1-a), as a remedy for violations of § 191's frequency of pay requirements). First, this does not align with the dozens of cases directly on point discussed above. Second, *Chevron* deference to an agency is inappropriate on statutory questions, however appropriate it may be for reviewing agency rulemakings. *See Pottinger v. Reno*, 51 F. Supp. 2d 349, 358 (E.D.N.Y. 1999). Although it seeks *Chevron* deference, BBB merely cites case law indicating that courts should defer to an agency's interpretation of its "own *regulations*," not a statute. *See* Def.'s Mem. at 18 (quoting *Bldg. Trades Emps. Educ. Ass'n v. McGowan,* 311 F.3d 501, 507 (2d Cir. 2002); *Matter of Tommy and Tina, Inc., v. Dep't of Consumer Affairs*, 95 A.D.2d 724, 724 (1st Dep't 1983), *aff'd*, 62 N.Y.2d 671 (N.Y. 1984)). To the extent it seeks a lesser sort of deference, known as *Skidmore* deference, this would be inappropriate here because the Commissioner of Labor and the BIA have not adopted a consistent position that § 191 may only be enforced by § 218 files, as BBB claims. Specifically, in *Matter of Ikea U.S.*, the Commissioner imposed a penalty in a civil action for a violation of NYLL, which like § 191 is enforceable by either the commissioner or an employee by institution of a civil action, but it did not conclude that this made § 198(1-a) inapplicable. *See Phillips*, 153 N.Y.S.3d 750.  Even if the Commissioner had ruled that section 198(1-a) did not provide a cause of action, its decision would not be binding, unlike those of New York's courts.  *See Muhammad v. New York City Transit Auth.,* 450 F. Supp. 2d 198, 206-8 (E.D.N.Y. 2006 (where both federal and state courts have recognized that certain plaintiffs have a private right of action under a New York law, a federal court should not dismiss such an action in order to defer to contrary authority by a state administrative agency, because court should rather <u>refuse to "defer to the [agency] in its interpretation of a State statute."</u>).

Additionally*, Skidmore* deference is unwarranted because the position imputed to the Commissioner/BIA by BBB was "adopted in the course of litigation" rather than pursuant to

13

statutory rule-making authority that gives thorough, "rigorous …,[,] and public scrutiny" to the "interpretive question." *De La Mota v. US Dept. of Educ.*, 412 F.3d 71, 80 (2d Cir. 2005). Deference to an agency's statutory reasoning is also rejected by the New York courts because such analysis does not call for agency factfinding or enforcement expertise. *See Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation,* 18 N.Y.3d 289, 296, 938 N.Y.S.2d 266 (2011); *Kreitzer v. N.Y. City Dep't of Buildings*, 806 N.Y.S.2d 532, 533 (1st Dep't 2005); *Riverkeeper, Inc. v. Seggos,* 60 Misc. 3d 462, 478-79 (N.Y. Sup. Ct., Albany Cty. 2018). If a New York court would not defer to a New York commissioner or board (as *Vega* did not), there is less reason why this court should do so.

## IV.   PLAINTIFFS HAVE ARTICLE III STANDING UNDER *TRANSUNION LLC* AND *ATLANTIC MUTUAL INSURANCE CO.*

As the Supreme Court explained in *Transunion LLC v. Ramirez*, a legislature "may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." 141 S. Ct. 2190, 2204-5 (2021) (citations and internal quotation marks omitted). Thus, the 1,800 or more class members whose credit files that had been disclosed were not required to allege the specific ways they were harmed beyond the disclosure of inaccurate credit information. *Id.* at 2208. While the Court was referring to Congress in this passage, the statute at issue was federal, and the question it addressed also arises under other statutes. *Cf. id.* at 2218. Previously, the Court took judicial notice in *Atlantic Mutual Ins. v. Commissioner* of the basic accounting principle of the "time value" of money. 523 U.S. 382, 383 (1998). Courts in this circuit have read the Supreme Court's decisions in *Transunion LLC* and *Atlantic Mutual Insurance* as extending standing to intangible statutory harms, as well as harms relating to the time value of money. *See, e.g., Caul v. Petco Animal Supplies, Inc.,* No. 20-CV-3534 (RPK), 2021 U.S. Dist. LEXIS 184652, at *4 (E.D.N.Y. Sept. 27, 2021) (holding that the worker "loses the time value of

14

the money"); *Porsch*, 380 F. Supp. 3d at 424-25 (citing *Atl. Mut. Ins.* on the time value of money); *Scott,* 2019 U.S. Dist. LEXIS 61726 at *12 (similar).

In arguing that Plaintiffs lack standing, BBB essentially urges this Court to hold that *all* of the federal district courts (both pre- and post- *Vega*) which have decided either *in favor of or against* a private right of action lacked the authority to decide the issue in the first instance. "Standing is a federal jurisdictional question." *Carver v. City of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010). Because jurisdiction is a "threshold issue" a court "may examine subject matter jurisdiction, sua sponte, at any stage of the proceeding." *MS v. Rye Neck Union Free Sch. Dist.*, No. 18-cv-8283 (NSR), 2019 U.S. Dist. LEXIS 79377, at *4 (S.D.N.Y. May 10, 2019). Therefore, *all* of the federal courts (both pre- and post- *Vega*) which have decided either in favor of or against a private right of action implicitly recognized that the plaintiff had standing to assert a claim for statutory damages arising out of a violation of the NYLL.

Both Named Plaintiffs here have standing because their injuries already occurred, it is connected to BBB's conduct and policies, and this court by applying the NYLL can redress it. *See Amadei v. Nielsen*, 348 F. Supp. 3d 145, 157 (E.D.N.Y. 2018). As discussed above, where, as here, a Rule 12(b)(1) motion to dismiss is based on the pleadings and reasonable inferences therefrom, and pleading a general allegation is construed to embrace the specific factual allegations needed to support it after discovery. Named Plaintiffs meet their burden with general factual allegations of injury resulting from Defendant's conduct and the court is required to accept all material allegations of the complaint as true and draw all reasonable inferences in Plaintiffs' favor. *See id.; Carter v. HealthPort Techs., L.L.C.*, 822 F.3d 47, 56-57 (2d Cir. 2016).

As to the first element, "[t]here is a 'low threshold' for establishing an injury in fact." *Amadei*, 348 F. Supp. 3d at 157. Here, Plaintiffs easily meet the low threshold. More particularly,

Plaintiffs allege that they suffered an injury in fact in that they were deprived of the timely receipt

and ability to use their money. Such injury is precisely the kind contemplated by the Courts when

discussing Article III standing. Indeed, in *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424-25

(S.D.N.Y. 2019) the court expressly held

> [T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing. As the Honorable Richard Posner has observed, albeit in another context, "[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money." *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010). It is a basic principle of economics and accounting that "a dollar today is worth more than a dollar tomorrow." *Atl. Mut. Ins. Co. v. Comm'r*, 523 U.S. 382, 383, 118 S. Ct. 1413, 140 L. Ed. 2d 542 (1998) (citing D. Herwitz & M. Barrett, *Accounting for Lawyers 221* (2d ed. 1997)). Whether described in terms of "interest" or "time value of money," this is a sufficient "injury in fact" to support Article III standing.

(emphasis added); *see also TransUnion L.L.C.*, 141 S. Ct. at 2200 (listing traditional harms).

In addition to pleading a violation of a NYLL § 191(1)(a), Plaintiffs have alleged that they

were injured by being deprived of the timely receipt of and ability to use their pay. *See Van v. LLR,*

*Inc.,* 962 F.3d 1160, 1164 (9th Cir. 2020) (holding that "the temporary deprivation of money gives

rise to" standing and the loss of use of "money to which a party is entitled is a concrete injury").

A plaintiff who suffers a temporary deprivation of money is a victim, whether or not it is eventually

paid. *See Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018) (finding standing

"even when banks later restore the principal") (emphasis added); *Polanco v. NCO Portfolio Mgmt.*,

132 F. Supp. 3d 567, 589-90 (S.D.N.Y. 2015) (withholding of money due to another is conversion;

fact it was ultimately paid "does not render the withholding not conversion.").  "A claim for

conversion will exist even when the deprivation is partial or temporary." *Slue v. New York Univ.*

*Med. Ctr.*, 409 F. Supp. 2d 349, 364 (S.D.N.Y. 2006).

This is a statutory injury as recognized in *TransUnion*, 141 S. Ct. at 2204-5. The temporary withholding of wages has a "close relationship" to the common law tort of conversion and is therefore "concrete harm." *Id*. at 2204.  *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (liquidated damages provisions of NYLL are "designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed."); *Caul*, 2021 U.S. Dist. LEXIS 184652. Plaintiffs' injury is concrete as opposed to merely hypothetical, like the emotional distress from a failure to file a mortgage satisfaction. *Cf. Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 61 (2d Cir. 2021). "Plaintiffs' injury comes from not receiving their earned pay weekly … and thus it is the very delay that causes damage to that worker." *Scott*, 2019 U.S. Dist. LEXIS 61726 at *12. That "injury is especially acute for those workers 'who are generally dependent upon their wages for sustenance.'" *Caul*, 2021 U.S. Dist. LEXIS 184652, at *10

### A. Plaintiffs Were Not Required to Plead Specific Facts as to Their Spending, Bills, Obligations, Late Fees, Overdrafts, or Investments.

BBB's insistence that Plaintiffs had to plead "specific facts" (Def.'s Mem. at 7) is at odds with controlling case law on the nature of a motion to dismiss. *Boykin v. KeyCorp*, 521 F. 3d 202, 213-14 (2d Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam)). Under "the liberal pleading standards" of Rule 8(a), a complaint "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (quoting *Erickson*, 127 S. Ct. 2200; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see TransUnion LLC*, 141 S. Ct. 2190 (2021) (not requiring specific harm allegations beyond the mere disclosure).  As mentioned above, Defendant is on such notice.

The cases BBB cites are distinguishable and concerned persons who were not in the zone of interests covered by the statute. For example, in *Harty v. West Point Realty, Inc*., the plaintiff had not actually used the public accommodation which he alleged violated the Americans with

Disabilities Act (ADA). 28 F.4th 435, 443 (2d Cir. 2022). Similarly, in *Amidax Trading Group v. SWIFT SCRL*, the plaintiff could not allege that its own financial information had been illegally wiretapped, which falls within the rule of *Lujan* that ignorance as to whether a law had been violated in the plaintiff's case defeats standing, because a conjectural violation of a statutorily protected interest does not suffice. 671 F.3d 140, 146 (2d Cir. 2011). In *Maddox v. Bank of NY Mellon Trust,* the plaintiff made the "wholly incommensurate" and "perfunctory" allegation that a failure to record a discharge and satisfaction of mortgage caused her "great" anguish and anxiety. 19 F.4th 58, 65 (2d Cir. 2021). These cases could not be further removed from one where, as here, the plaintiffs have <u>already</u> suffered from a statutory violation impacting the possession of funds, which the state has the power to sanction with a remedy. *See Scott*, 2019 U.S. Dis. LEXIS 61726 (citing *Epifani v. Johnson*, 882 N.Y.S.2d 234 (2009)).

There is no rule comparable to Rule 9(b) concerning pleading the time value of money with particularity. *See Barnes & Noble*, 887 F.3d at 828 ("The fact that the federal rules do not require plaintiffs to identify items of loss (except for special damages) means that this complaint cannot be faulted as insufficient."). Rather, the bare-bones notice pleading standard for New York statutory claims applies. Litigants regularly allege that they lost the use of funds without having to specifically plead what they would have spent them on, let alone where and when. As discussed above, a judge in this Circuit held that "Whether described in terms of 'interest' or 'time value of money,' [the temporary deprivation of money] is a sufficient 'injury in fact' to support Article III standing." *Porsch,* 380 F. Supp. 3d at 425.

### B.  <u>The Court May Take Judicial Notice That Being Paid a Week Late Causes Monetary and Intangible Injuries in the Ordinary Course.</u>

"Money later is not the same as money now," *Stephens v. U.S. Airway Group,* 644 F.3d 437, 442 (D.C. Cir. 2011) (J. Kavanaugh) (noting that "Money has time value."). Judicial notice

that a lack of timely payment inflicts monetary harm on a worker is appropriate. The Supreme Court took judicial notice of the time value of money in *Atlantic Mutual Ins. v. Commissioner*. Courts in this circuit have done the same. *See Caul,* 2021 U.S. Dist. LEXIS 184652 at *4; *Scott,* 2019 U.S. Dist. LEXIS 61726 at *12; *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424-25 (S.D.N.Y. 2019) (quoting *Atl. Mut. Ins. Co. v. Comm'r*, 523 U.S. 382, 383 (1998)). The matter appears to be common knowledge, like the fact that a person with insufficient funds due to living paycheck to paycheck will be injured by incurring costs such as late fees, overdraft charges, and reduced access to sustenance and investment opportunities. *See U.S. v. Bari*, 599 F.3d 176, 180 (2d Cir. 2010)[7].

Defendant does not seem to dispute that the premise of the NYLL is that wages make their way into the economy and generate income and sales taxes. These economic activities, incomes, and taxes are temporally defined and temporally sensitive. *See, e.g., Hart v Hart*, 227 AD 2d 698, 699 n. 3, 641 N.Y.S.2d 459 (3d Dep't 1996); *Husband v. Wife*, 2007 NY Slip Op 31785 (N.Y. Sup. Ct., Broome Cty. Apr. 11, 2007 (child support obligation based on hourly pay "at the time" of the awards, and is payable each week); N.Y. Tax Law § 639 (2021) (state income tax accrues based on "period of residence" in New York).

Various laws provide late fees, overdraft charges, and pre-judgment interest based upon failing to pay obligations due to inadequate funds. *See In re HSBC Bank, USA, NA, Debit Card Overdraft Fee Litig.,* 1 F. Supp. 3d 34, 44-45 (E.D.N.Y. 2014); *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455-56 (2d Cir. 2008). For these reasons, the fact that plaintiffs

---

[7] See also *Otoe-Missouria Tribe v. N.Y. State Dep't of Fin. Servs.*, 974 F. Supp. 2d 353, 356 (S.D.N.Y. 2013), (noting that "payday" loans exploit "vulnerable" workers because "the crush of financial burdens causes people to agree to almost any conditions of the lender and to consent to even the most improvident loans.") (quoting *Schneider v. Phelps*, 41 N.Y.2d 238, 391 N.Y.S.2d 568, 572, 359 N.E.2d 1361 (1977)), *aff'd*, 769 F.3d 105, 108 (2d Cir. 2014) (noting that New York workers pay up to 912% for payday loans to carry them over to "traditional 'payday' for most workers," leaving workers in "a hole" and "faltering").

who were not paid in a timely manner when their wages were due were injured by exposure to late and overdraft/over-limit fees is common knowledge.  Fed. R. Evid. 201(b) (judicial notice of "generally known" facts is proper);

### C. Mootness Case Law Squarely Rejects BBB's Claim That an Employee Who Is Paid Late Does Not Suffer an Article III Injury

Moreover, BBB's assertion that a person who is only temporarily denied the use of money is not injured would have breathtaking implications for the impunity of statutory violators who come into compliance after a delay. (Def.'s Mem. at 7-8.) If BBB was right about money not having a general value in terms of its timely receipt, a plaintiff suffering a wrongful withholding of wages would lack standing to pursue a claim for them if her employer attempted to moot her case by merely paying the lost wages – not including statutory damages or attorney's fees – on the eve of its motion to dismiss. This, of course, is not the law. *See, e.g., Leyse v. Lifetime Entmt. Servs., LLC,* 171 F. Supp. 3d 153, 154-55 (S.D.N.Y. 2016), *aff'd,* 679 Fed. App'x 44, 48 (2d Cir. 2017) (holding that an "offer for complete relief <u>does not moot a case</u>—that is, it does not strip the district court of jurisdiction over the case—such an offer, if rejected, may nonetheless permit a court to enter a judgment in the plaintiff's favor.") (emphasis added); *Perez-White v. Advanced Dermatology of New York, Inc.,* No. 15 Civ. 4858 (PGG), 2016 WL 4681221 (S.D.N.Y. Sept. 6, 2016) (holding failure to pay timely wages under NYLL not mooted by tendering "full relief").

A case is not rendered moot simply by offering partial relief such as actual but not statutory damages, or lost wages but not costs or fees. The plaintiff still has suffered a monetary injury, however small; no large injury is required to amount to an Article III case or controversy. *See Leyse,* 679 Fed. App'x 44. (citing, inter alia, *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.,* 725 F.3d 65, 105 (2d Cir. 2013)); *see also Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015).

## V.    IMPOSING LIQUIDATED DAMAGES FOR FAILING TO PAY TIMELY WAGES DOES NOT VIOLATE DUE PROCESS

### A.    Statutory and Liquidated Damages Do Not Violate Due Process

States have the power to compensate or punish conduct without metering the remedy to precisely match the economic harm done.  On this issue, BBB points to controlling case law in its brief, but does not discuss its significance.[8]  (*See* Def.'s Mem. at 22.) Specifically, the Supreme Court in *St. Louis, I.M. & S.R. Co. v. Williams,* 2*5*1 U.S. 63 (1919), held that an Arkansas statute that imposed penalties in civil actions for overcharging passengers (in the case at hand, $75.00 in penalties for an overcharge of 66 cents) did not violate due process. Subsequent decisions by the Second Circuit and other federal courts have confirmed that a statutory damages award of the type sought from BBB does not violate due process, whether it is compensatory or punitive in nature.[9]

---

[8] This omission is similar to how BBB pointed to *Sw. Tel. & Tel. Co. v. Danaher*, concerning excessive penalties, which involved a very small sum, without disclosing how little was at stake in that case.  *See* Def.'s Mot. at 24; *compare Danaher*, 238 U.S. at 496 (involving less than $6 worth of disconnected telephone service and overcharge for service).  At least BBB did point out that only $3.02 was at issue in *Missouri Pacific Railway Co. v. Tucker*.  *See* Def.'s Mot. at 23 (citing 230 U.S. 340, 346 (1913)).  In any event, *Tucker* was a *Lochner*-era decision that is less influential than *Williams,* described above, which emphasized not whether the ratio between the statutory remedy and the economic damage done fit within some neat ratio like 2:1 or 3:1, but whether there were many "opportunities for committing the offense" or any public interest in "securing uniform adherence to" the law, as the New York courts have found there is, here. *Williams*, 251 U.S. at 67; *see also Gessele v. Jack in the Box, Inc*., 427 F. Supp. 3d 1276, 1307-8 (D. Or 2019) (rejecting motion to dismiss under *Tucker,* advanced on the grounds that Oregon law's penalty in wage and hour case could amount to 93 to 249 times the economic harm done by the employer, under *Williams*, and because it was "hypothetical" prior to discovery). *See also* David E. Bernstein*, Lochner Era Revisionism, Revised: Lochner and the Origins of Fundamental Rights Constitutionalism,* 92 Geo. LJ 1, 2 (2003) (*Lochner* era of substantive due process decisions began in 1905 and is "'discredited'") (quoting *Coll. Savs. Bank v. Florida Postsecondary Educ. Expense Bd*., 527 U.S. 666, 690 (1999)).

[9] *See Brown & Williamson Tobacco Corp. v. Engman, 5*27 F.2d 1115, 1119-20 (2d Cir. 1975) (penalty of $10,000 per violation under 15 U.S.C. § 45(l) did not violate due process despite being criticized by litigant as "debilitating or confiscatory," because Supreme Court recognized state power to impose "substantial" penalties for violation); *John Wiley & Sons, Inc. v. Book Dog Books, L.L.C.*, 327 F. Supp. 3d 606, 635-36 (S.D.N.Y. 2018) (statutory damage award of $34 million for infringing rights to books did not violate due process because factors relevant to due process analysis of jury punitive damages awards under in *BMW of North America Inc. v. Gore*, 517 U.S. 559, 570 (1995), do not apply to statutory damage awards); *Zomba Enters. v. Panorama Records, Inc.*, 491 F.3d 574, 588 (6th Cir. 2007)); *see also Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115-17 (2d Cir. 1986) (value

*Missouri P.R. Co. v. Tucker*, 230 U.S. 340, 346, 33 S. Ct. 961, 962 (1913), even if still good law, does not support the defendant's position.  In *Tucker,* the Missouri Pacific Railroad Company was sued for charging $3.08 in excess of the transportation charges set by the state. Tucker sued for the overcharge, and for a statutory penalty in the amount of $500 as permitted by the Kansas statute.  The Supreme Court disapproved of the law because the statutory penalty had no relationship to the overcharge.  The Court noted, "It is not as if double or treble damages were allowed, as often is done, and as we think properly could have been done here*." Id.* at 348, 33 S. Ct. at 963 (emphasis added).  In other words, had the statute given Tucker the right to sue for the overcharge, and even double or triple that amount, due process would not be violated.  Here, the statute provides for liquidated damages equal to the delayed wages, and therefore, contrary to the defendant's position, there is an express relationship between the wages and the penalties.

Moreover, many of the concerns motivating due process review of juries' punitive damages awards under *BMW* and its progeny do not apply to NYLL § 198(1-a).  *BMW* was concerned with the lack of "fair notice" of the penalty to be imposed when juries arrived at "arbitrary" awards. *State Farm v. Campbell*, 538 U.S. 408, 416-17 (2003) (quoting *BMW*, 517 U.S. at 562; *BMW*, 517 U.S. at 587 (Breyer, J., concurring).  Notice is not an issue however, where the penalty is imposed by statute, whether the penalty be a fixed amount, or double or treble damages.  *See St. Louis, I.M. & S. Ry. Co.*, 251 U.S. 63 (fifty dollars in 1919, which is approximately $1,800 in 2022); *Brown & Williamson Tobacco Corp.*, 527 F.2d at 1119-20 ($10,000); *see also State Farm,* 538 U.S. at 425 (*BMW* acknowledged and did not attempt to disrupt "a long legislative history, dating back

---

of copyright and revenue lost to plaintiff are highly relevant to amount of federal copyright statutory damages, but so are specific and general deterrence); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002); *see also Erie R. Co. v. Williams*, 233 U.S. 685, 685-86, 700 (1914) (rejecting due process challenge to New York's biweekly payments law, as being "regulation of the time and manner of payment by a railroad of its employes [that] is within the competency of the State to require").

over 700 years and going forward to today, providing for sanctions of double, treble, or quadruple

damages to deter and punish").   Even a statutory award, fixed in advance, of $30,000 for

unlawfully downloading a copyrighted song available for $0.99, or $150,000 for selling an

infringing university textbook worth less than $300, does not violate due process. *Sony BMG*

*Music Entm't v. Tenenbaum*, 719 F.3d 67, 70-71 (1st Cir. 2013); *Zomba Enters.*, 491 F.3d at 588;

*Book Dog Books,* 327 F. Supp. 3d at 633-36.[10]

### B.   New York May Authorize Liquidated Damages in the Amount of Wages Delayed

While the wording of the FLSA and NYLL liquidated damages provisions are not identical,

there are no meaningful differences, and both are designed "to deter wage-and-hour violations in

a manner calculated to compensate the party harmed." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir.

2018). The Supreme Court has held that "the exaction" of liquidated damages is not "violative of

due process." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 584 (1942).  Under both the

NYLL and the FLSA, employees may be entitled to liquidated damages for "a short delay in the

payment of their wage." *Martin v. United States*, 117 Fed. Cl. 611, 616 (2014). However, under

BBB's argument, a case for liquidated damages under the FLSA where all wages have been paid

would also violate due process, as liquidated damages are untethered in that instance to the actual

amount owed at filing.

But even assuming that liquidated damages under the New York Labor Law would be

---

[10] BBB also points to an Eighth Circuit case applying due process to a statutory damages award, but it does not support BBB's position.  The case upheld an award of $32 million or $10 per phone call in violation of the Telephone Consumer Protection Act, even though the vast majority of the calls were extremely brief or left on answering machines, causing no real damage.  *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 950-51, 957, 962-63 (8th Cir. 2019) (quoting *St. Louis, I.M. & S.R. Co. v. Williams*, 251 U.S. 63, 67 (1919)).  The court reaffirmed its prior decision that a litigant was not entitled to reduce a statutory damages award to some proportionate range in relation to "evidence of harm caused by her specific infringement." *Capitol Records*, 692 F.2d at 909.

treated as punitive for purposes of the Due Process Clause, *cf. Rana*, 887 F.3d at 123 (describing "an award of liquidated damages" under the NYLL as having "dual punitive and compensatory effects"), they are nevertheless constitutional. Whether a plaintiff may recover a statutory penalty arising under New York Law was addressed squarely by the Supreme Court in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431 (2010).  In *Shady Grove,* the plaintiffs commenced a class action to recover amounts that were purely statutory penalties.  The Court held that recovery of a pure statutory penalty was proper in a class action brought in federal court even in the absence of actual damages. *Id.*[11]

Congress left room for the states to, as is the case here, enact more protective labor laws. *See* 29 U.S.C. § 218. "The intent of § 218(a) is to require employers to abide by state law[.]" *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 308 n.3 (S.D.N.Y. 1998); see *Monahan v. Smyth Auto., Inc.*, No. 1:10-CV-00048, 2011 U.S. Dist. LEXIS 9877, at *12 (S.D. Ohio Feb. 2, 2011) ("The FLSA's savings clause expressly allows states to craft wage and hour statutes and regulations apart from the FLSA. This savings clause reflects Congress' intention that the FLSA should be seen to supplement, not supplant, state statutes.").   In this case the state has enacted a more protective statute, as *explicitly authorized by Congress*, requiring the payment of wages on a weekly basis, and (similarly to the FLSA) permitting the recovery of liquidated damages equal to the delayed wages.

### C.  BBB's Argument Regarding Penalties to be Imposed are Premature

BBB concedes that New York's weekly pay requirement has existed for more than 130 years, and offers no explanation for non-compliance. However, BBB may assert, as a complete

---

[11] While the dissent expressed concern that "combining class actions and statutory penalties could result in annihilating punishment of the defendant", not a single member of the Court raised due process concerns.

defense to liquidated damages, that it had a "good faith basis for believing that…[it] was in compliance with the law." NYLL 198(1-a).[12] Therefore, Defendant's challenge is merely anticipatory and premature.

> At this stage of the case, there has been no liquidated damages award, and there is no record on which to assess whether an award would be excessive in light of "the degree of reprehensibility of the defendant's misconduct," "the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award," and the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases.'" *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010) (describing the Supreme Court's three "'guideposts' for courts reviewing [punitive damages] awards").

*Rodrigue v. Lowe's Home Ctrs., LLC*, No. 20-CV-1127 (RPK) (RLM), 2021 U.S. Dist. LEXIS 162849, at *15-16 (E.D.N.Y. Aug. 27, 2021). *Accord Gessele*, 427 F. Supp. 3d at 1307-8.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Defendant's motion to dismiss be denied. However, to the extent that the Court takes issue with the complaint and adopts a new standard, then any dismissal should be without prejudice and leave to amend should be granted to permit Plaintiffs to conform it to the new standard.

Dated: Oct. 7, 2022
       Carle Place, NY

                        __/s/_____
                        Jeffrey K. Brown, Esq.
                        LEEDS BROWN LAW, P.C.
                        jbrown@leedsbrownlaw.com
                              &
                        Steven John Moser, Esq.
                        MOSER LAW FIRM, P.C.
                        Steve.moser@moserlawfirm.com

                        *Attorneys for Plaintiffs and Putative Class*

---

[12] "Statutes prescribing significant penalties for violators are not *per se* unconstitutional[.] Rather, if a party challenging a penalty in 'good faith' may not be penalized, then the statute may be constitutional[.]" *GE v. Jackson*, 595 F. Supp. 2d 8, 17 (D.D.C. 2009) (citing *Reisman v. Caplin*, 375 U.S. 440, 446-47 (1964)).