UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD HESS, ELIZABETH PADILLA, JUDITH HOLLAND, TIKA JONES, HARRY LICHTMAN, DAWN MESA, ALEXANDRIA SMITH and EMILY VAHUE, individually and on behalf of all others similarly situated,

                 Plaintiffs,

-against-

BED BATH & BEYOND INC.,

                 Defendant.

1:21-cv-04099 (JLR) (RWL)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

    Plaintiffs, on behalf of themselves and all others similarly situated, commenced this action on May 7, 2021. *See* ECF No. 1. On August 26, 2022, Plaintiffs filed the Third Amended Complaint, seeking damages for violations of the New York Labor Law ("NYLL"). *See* ECF No. 105. Plaintiffs allege that Defendant Bed Bath & Beyond, Inc. improperly paid wages biweekly instead of weekly under NYLL § 191 and did not provide hiring notices that fully comply with the statutory requirements of NYLL § 195. *See generally id*.

    Currently pending before the Court is Defendant's motion to dismiss the Third Amended Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). *See* ECF No. 100. Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation on January 9, 2023 (the "Report"), recommending that Defendant's motion to dismiss under Rule 12(b)(1) be granted and the action be dismissed without prejudice. *See* ECF No. 124. The Report warned, in bold letters, that failure to timely object would result in waiver of the right to object and preclude appellate review. *See id.* at 18. Neither party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, neither party has objected to the Report. In a joint letter dated January 24, 2023, the parties further confirm that the deadline to file any objection was January 23, 2023 and no objection has been filed. *See* ECF No. 125. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety. The Court GRANTS Defendant's motion to dismiss and DISMISSES the case without prejudice to Plaintiffs filing in state court.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision.  See *Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to CLOSE this case.

Dated: January 25, 2023
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

3